Michael B. Gallub
E-mail: *mgallub@herzfeld-rubin.com*
Jeffrey L. Chase
E-mail: *jchase@herzfeld-rubin.com*
**HERZFELD & RUBIN, P.C.**
125 Broad Street
New York, N.Y. 10004
Telephone: (212) 471-8500; Facsimile: (212) 344-3333
(Admitted Pro Hac Vice)

Craig L. Winterman (Bar No. 75220)
E-mail: *cwinterman@hrllp-law.com*
**HERZFELD & RUBIN LLP**
10866 Wilshire Blvd., Suite 800
Los Angeles CA 90024
Telephone: (310) 553-0451; Facsimile: (310) 553-0648
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MADANI, ERIC WALLEY, RICHARD DEVICO, and ROMSIN OUSHANA on behalf themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>    vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN AG, and AUDI AG,<br><br>              Defendants. | Case No. 4:17-cv-07287-HSG<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  August 16, 2018<br>Time:  2:00 p.m.<br>Courtroom: 2<br>Judge: Haywood S. Gilliam, Jr. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### NOTICE OF MOTION AND MOTION TO DISMISS:

**PLEASE TAKE NOTICE** that on August 16, 2018 at 2:00 p.m., or as soon thereafter as this matter may be heard, before the Honorable Haywood S. Gilliam, Jr. in Courtroom 2 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland,  California 94162, Defendants Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen AG ("VWAG"), and Audi AG will, and hereby do, respectfully move the Court for an order dismissing the First Amended Complaint ("FAC"), pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), for failure to state a claim upon which relief can be granted.

This Motion to Dismiss is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support thereof, the FAC and matters incorporated or referenced therein, the Declaration of George Blake with exhibits, matters that may be judicially noticed, other documents filed in this case, and upon such other matters as may be presented to the Court at the time of the hearing.

The hearing date is pursuant to the Court's Order Granting Briefing Schedule, Dkt. No. 55.


Dated:  May 24, 2018


Respectfully submitted,

HERZFELD & RUBIN, P.C.

By: */s/ Michael B. Gallub (Pro Hac Vice)*

*Attorneys for Defendants Volkswagen Group of America, Inc., Volkswagen AG and Audi AG*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................ii

STATEMENT OF RELEVANT FACTS AND PRELIMINARY STATEMENT .........................1

ARGUMENT ...........................................................................................................4

    I.      PLAINTIFFS' EXPRESS WARRANTY CLAIM MUST BE DISMISSED (COUNT I) .............................................................................4

    II.     PLAINTIFFS' IMPLIED WARRANTY CLAIM MUST BE DISMISSED (COUNT II).........................................................................8

    III.    PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT CLAIM MUST BE DISMISSED (COUNT III) .................................................10

    IV.    PLAINTIFFS' SONG-BEVERLY CONSUMER WARRANTY ACT CLAIM MUST BE DISMISSED (COUNT IV) ...................................10

    V.     PLAINTIFFS' CLRA AND UCL CLAIMS MUST BE DISMISSED (COUNTS V AND VI).........................................................12

         A.    Plaintiffs Walley and DeVico Did Not Purchase Their Vehicles In California and Cannot Assert Claims Under the CLRA or UCL .........................................................................12

         B.    The CLRA and UCL Claims, Which Seek Only Equitable Relief, Must be Dismissed Because Plaintiffs Have An Adequate Remedy at Law ...............................................13

         C.    The Impermissible "Lumping" Together of Separate Defendants in the Fraud-Based Claims Violates Rule 9(b) .....................14

         D.    Plaintiffs Fail to Identify Any Actionable Misrepresentation that Could Form the Basis of a CLRA or UCL Claim. In addition, Both the Misrepresentation and Omissions-Based Claims Must be Dismissed for Failure to Establish "Reliance" on the part of Plaintiff ..............................................15

         E.    Plaintiffs' Omission-Based Claims Under the CLRA and UCL Fail Because Plaintiffs Have Not Adequately Pled Facts Establishing that Defendants Knew of the Alleged Defect at the Time of Sale .............................................16

    VI.    PLAINTIFFS' UNJUST ENRICHMENT CLAIM MUST BE DISMISSED (COUNT VIII)...........................................................19

    VII.   DISMISSAL OF CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF (COUNTS VII & IX) ............................................20

CONCLUSION .....................................................................................................21

i

1

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abraham v. Volkswagen of Am. Inc.*,
   795 F.2d 238 (2d Cir. 1986) ..................................................................................................5

*Annunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005) .................................................................................7

*Arriane Henryhand v. Dorel Juvenile Grp., Inc.*,
   2017 WL 7806622 (C.D. Cal. Aug. 9, 2017) ......................................................................16

*Atkins v. Union Pac. R. Co.*,
   753 F.2d 776 (9th Cir. 1985) ................................................................................................8

*Azoulai v. BMW of N. Am. LLC*,
   2017 WL 1354781 (N.D. Cal. Apr. 13, 2017) ....................................................................15

*Baba v. Hewlett Packard Co.*,
   2011 U.S. Dist. LEXIS 8527 (N.D. Cal. Jan. 28, 2011) .....................................................18

*Bekins v. Astrazeneca Pharms. LP*,
   239 F. Supp. 3d 1220 (S.D. Cal. 2017) .................................................................................9

*Belle v. Chrysler Grp. LLC*,
   2013 WL 949484 (C.D. Cal. Jan. 29, 2013) .......................................................................12

*Berenblat v. Apple, Inc.*,
   2010 U.S. Dist. LEXIS 46052 (N.D. Cal. Apr. 7, 2010) ....................................................18

*Callaghan v. BMW of N. Am., Inc.*,
   2014 WL 6629254 (N.D. Cal. Nov. 21, 2014) ....................................................................17

*Cattie v. Wal-Mart Stores, Inc.*,
   504 F. Supp. 2d 939 (S.D. Cal. 2007) .................................................................................15

*Clark v. LG Elecs. U.S.A., Inc.*,
   2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) ......................................................................6

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ..........................................................................................6, 8

*Comley v. Giant Inland Empire RV Ctr., Inc.*,
   2014 WL 12470016 (C.D. Cal. May 13, 2014) ....................................................................5

*Daugherty v. American Honda Motor Co., Inc.*,
   144 Cal. App. 4th 824 (2006) ............................................................................................5, 6

*Dickey v. Advanced Micro Devices, Inc.*,
   2016 WL 1375571 (N.D. Cal. Apr. 7, 2016) ......................................................................20

*Durell v. Sharp Healthcare*,
   183 Cal. App. 4th 1350 (2010) .....................................................................................15, 20

HERZFELD &
RUBIN, P.C.
ATTORNEYS AT LAW

ii

*Durkee v. Ford Motor Co,*
　2014 WL 4352184 (N.D. Cal. Sept. 2, 2014)..................................................13

*Durkee v. Ford Motor Co.,*
　2014 WL 7336672 (N.D. Cal. Dec. 24, 2014) ..................................................8

*Duttweiler v. Triumph Motorcycles (Am.) Ltd.,*
　2015 WL 4941780 (N.D. Cal. Aug. 19, 2015) ................................................13

*Ebeid v. Lungwitz,*
　616 F.3d 993 (9th Cir. 2010) ...........................................................................4

*Ehrlich v. BMW of N. Am., LLC,*
　801 F. Supp. 2d 908 (C.D. Cal. Aug. 11, 2010) .............................................16

*Elias v. Hewlett-Packard Co.,*
　903 F. Supp. 2d 843 (N.D. Cal. 2012) .......................................................6, 10

*Fierro v. Volkswagen Grp. of Am.,*
　2016 WL 7165729 (C.D. Cal. Sep. 23, 2016) ................................................11

*Fonseca v. Goya Foods, Inc.,*
　2016 WL 4698942 (N.D. Cal. Sep. 8, 2016) ..................................................20

*Gentges v. Trend Micro Inc.,*
　2012 WL 2792442 (N.D. Cal. July 9, 2012) ..................................................12

*Gerstle v. Am. Honda Motor Co.,*
　2017 WL 1477141 (N.D. Cal. Apr. 25, 2017) ................................................20

*Gerstle v. Am. Honda Motor Co.,*
　2017 WL 2797810 (N.D. Cal. June 28, 2017) ...........................................8, 19

*Gertz v. Toyota Motor Corp.,*
　2011 WL 3681647 (C.D. Cal. Aug. 22, 2011) .................................................7

*Gibbs v. Wood,*
　2017 WL 1407727 (N.D. Cal. Apr. 20, 2017) .................................................9

*Gonzales v. Mazda Motor Corp.,*
　2017 WL 345878 (N.D. Cal. Jan. 5, 2017) .....................................................8

*Gotthelf v. Toyota Motor Sales, U.S.A., Inc.,*
　525 Fed. App'x 94 (3d Cir. 2013 ..................................................................18

*Granillo v. FCA US LLC,*
　2016 WL 9405772 (D.N.J. Aug. 29, 2016) ...................................................19

*Gross v. Symantec,*
　2012 WL 3116158 (N.D. Cal. July 31, 2012) ...............................................12

*Hale v. Sharp Healthcare,*
　183 Cal. App. 4th 1373 (2010)......................................................................15

*Hall v. Sea World Entm't, Inc.,*
　2015 WL 9659911 (S.D. Cal. Dec. 23, 2015) ...............................................16

iii

*In re MyFord Touch Consumer Litig.*,
    2018 WL 887534 (N.D. Cal. Feb. 14, 2018)...................................................................11

*In re Seagate Tech. LLC Litig.*,
    233 F. Supp. 3d 776 (N.D. Cal. 2017) .................................................................8, 15

*In re Sony PS3 Other OS Litig.*,
    551 F. Appx. 916 (9th Cir. 2014) .......................................................................10

*In re Tobacco II Cases*,
    46 Cal. 4th 298, 93 Cal. Rptr. 3d 559 (Cal. 2009) ...........................................15

*In re Toyota Motor Corp.*,
    785 F. Supp. 2d 883 (C.D. Cal. 2011)...............................................................13

*In re Velti PLC Sec. Litig.*,
    2015 WL 5736589 (N.D. Cal. Oct. 1, 2015) ...................................................4, 5

*Inman v. Anderson*,
    2018 WL 1071158 (N.D. Cal. Feb. 27, 2018)...................................................5

*Jager v. Howmedica Osteonics Corp.*,
    2016 WL 520985 (N.D. Cal. Feb. 10, 2016)......................................................9

*Johnson v. Nissan N.A.*,
    272 F. Supp. 3d 1168 (N.D. Cal. Aug. 29, 2017).............................................11

*Kay v. Wells Fargo & Co. N.A.*,
    2007 WL 2141292 (N.D. Cal. July 24, 2007) ...................................................9

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ..........................................................................15

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ....................................................................................13

*Kwikset Corp. v. Super. Ct.*,
    51 Cal. 4th 310 (2011) ......................................................................................15

*Lee v. Toyota Motor Sales, U.S.A., Inc.*,
    992 F. Supp. 2d 962 (C.D. Cal. 2014)................................................................7

*Long v. Walt Disney Co.*,
    116 Cal. App. 4th 868 (2004).............................................................................9

*Madrid v. Perot Sys. Corp.*,
    130 Cal. App. 4th 440 (2005).............................................................................13

*Magney v. Cty. of Humboldt*,
    2018 WL 1156817 (N.D. Cal. Mar. 5, 2018) ...............................................5, 14

*Martinez v. Wells Fargo Home Mortg., Inc.*,
    598 F.3d 549 (9th Cir. 2010)..............................................................................16

*McCabe v. Am. Honda Motor Co.*,
    100 Cal. App. 4th 1111 (2002)...........................................................................7

iv

HERZFELD &
RUBIN P.C.
ATTORNEYS AT LAW

*McDonald v. Antelope Valley Cmty. Coll. Dist.,*
　45 Cal. 4th 88 (2008).....................................................................................................10

*McMillan v. Bank of Am., N.A.,*
　2015 WL 1942743 (S.D. Cal. Apr. 15, 2015) ...............................................................10

*Mullins v. Premier Nutrition Corp.,*
　2018 WL 510139 (N.D. Cal. Jan. 23, 2018) ...........................................................13, 14

*Myers v. BMW of N. Am., LLC,*
　2016 WL 5897740 (N.D. Cal. Oct. 11, 2016) ................................................................16

*Newcal Indus., Inc. v. Ikon Office Solution,*
　513 F.3d 1038 (9th Cir. 2008)........................................................................................15

*O'Connor v. Wells Fargo, N.A.,*
　2014 WL 4802994 (N.D. Cal. Sep. 26, 2014)................................................................20

*Resnick v. Hyundai Motor Am., Inc.,*
　2016 WL 9455016 (C.D. Cal. Nov. 14, 2016) .........................................................14, 15, 16, 19

*Resnick v. Hyundai Motor Am., Inc.,*
　2017 U.S. Dist. LEXIS 139179 (C.D. Cal. Aug. 21, 2017) ..........................................17

*Rosenfeld v. JP Morgan Chase Bank, N.A.,*
　732 F. Supp. 2d 952 (N.D. Cal. Aug. 9, 2010)..............................................................20

*Safir v. BBG Commc'ns, Inc.,*
　2012 WL 398991 (S.D. Cal. Jan. 10, 2012) ..................................................................12

*Sandhu v. Volvo Cars of N. Am., LLC,*
　2017 WL 403495 (N.D. Cal. Jan. 31, 2017) .................................................................11

*Sloan v. GM LLC,*
　2017 WL 3283998 (N.D. Cal. Aug. 1, 2017).............................................................6, 10

*Smith v. LG Elecs. U.S.A., Inc.,*
　2014 WL 989742 (N.D. Cal. Mar. 11, 2014) ..................................................................7

*Somers v. Apple, Inc.,*
　729 F.3d 953 (9th Cir. 2013)............................................................................................4

*Sullivan v. Oracle Corp.,*
　51 Cal. 4th 1191 (2011)..................................................................................................12

*Summit Estate, Inc. v. Cigna Healthcare of Cal., Inc.,*
　2017 WL 4517111 (N.D. Cal. Oct. 10, 2017)................................................................13

*Thompson v. Nationstar Mortg. LLC,*
　2017 WL 3232549 (N.D. Cal. July 31, 2017)................................................................20

*Tietsworth v. Sears, Roebuck and Co.,*
　720 F. Supp. 2d 1123 (N.D. Cal. 2010) .......................................................................4, 7

*Troup v. Toyota Motor Corp.,*
　545 Fed. Appx. 668 (9th Cir. 2013) ...........................................................................6, 10

v

*Tsai v. Wang*,
    2017 WL 2587929, *at 8 (N.D. Cal. June 14, 2017) .................................................20

*Tuscany Invs. LLC v. Daimler Trucks N. Am., LLC*,
    2015 WL 4941699 (N.D. Cal. Aug. 18, 2015) .......................................................10

*Victorino v. FCA US LLC*,
    2018 WL 1083395 (S.D. Cal. Feb. 27, 2018) .......................................................18

*Vigdor v. Super Lucky Casino, Inc.*,
    2017 WL 2720218 (N.D. Cal. June 23, 2017) ...............................................20, 21

*Wakefield v. Wells Fargo & Co.*,
    2014 WL 5077134 (N.D. Cal. Oct. 9, 2014) ...........................................................9

*Wicks v. Chrysler Grp., LLC*,
    2011 WL 3876179 (E.D. Cal. Sep. 1, 2011) ...........................................................5

*Williams v. Yamaha Motor Corp., U.S.A.*,
    106 F. Supp. 3d 1101 (C.D. Cal. 2015), *aff'd on other grounds*, 851 F.3d 1015
    (9th Cir. 2017) ...............................................................................................14, 18

*Wilson v. Hewlett–Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ...............................................................................17

*Yumul v. Smart Balance, Inc.*,
    733 F. Supp. 2d 1117 (C.D. Cal. May 24, 2010) .....................................................9

**Statutes**

Cal. Civ. Code § 1792 ...............................................................................................10, 11

Cal. Civ. Code § 1795.5 ....................................................................................................11

Cal. Comm. Code § 2725 ...............................................................................................8, 11

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...........................................................................................1, 3, 21

Rule 8 ............................................................................................................................1, 3, 12

Rule 8(a)(2) .........................................................................................................................5

Rule 9(b)............................................................................................................. *passim*

## STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4(A)(3)

1.  Whether Plaintiffs' first, second, third and fourth causes of action for alleged breach of express warranty, and breach of implied warranty of merchantability under the California Commercial Code, the Magnuson-Moss Warranty Act and Song-Beverly Consumer Warranty Act, should be dismissed (a) for failure to state a claim upon which relief can be granted, (b) because Plaintiff Madani's claims are time barred, and (c) because Plaintiffs DeVico and Walley did not purchase their subject vehicles in the State of California.

2.  Whether Plaintiffs' fifth and sixth causes of action under the Consumers Legal Remedies Act (CLRA) and Unfair Competition Law (UCL) should be dismissed for failure to plead said claims with the particularity required by Rule 9(b), and for failure to allege facts plausibly stating a claim upon which relief can be granted under Rule 8. In addition, whether Plaintiffs Walley and DeVico can apply California's UCL and CLRA to their extraterritorial purchases.

3.  Whether Plaintiffs' eighth cause of action for unjust enrichment should be dismissed for failure to state a claim upon which relief can be granted.

4.  Whether Plaintiffs' seventh and ninth causes of action for declaratory, injunctive and equitable relief should be dismissed because they are mere remedies and not independent causes of action.

1

**STATEMENT OF RELEVANT FACTS AND PRELIMINARY STATEMENT**

2      Defendants Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen AG

3   ("VWAG") and Audi AG respectfully move this Court for an order dismissing Plaintiffs' First

4   Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

5      Defendants' original motions to dismiss set forth the reasons why Plaintiffs failed to state

6   a claim upon which relief can be granted. Dkt. Nos. 45, 47. Rather than oppose Defendants'

7   motions, Plaintiffs filed a First Amended Complaint ("FAC"). Dkt. No. 53. However, other than

8   substituting a named Plaintiff (Bakalian), whom Defendants demonstrated did not own a vehicle

9   with the subject transmission,[1] the FAC does nothing to cure the fatal deficiencies of the original

10  complaint. The FAC is conclusory in nature, and fails to plead facts sufficient to state a claim

11  under Fed. R. Civ. P. 8, much less the heightened particularity standards of Fed. R. Civ. P. 9(b)

12  that govern their statutory consumer fraud claims.

13      In the FAC, four named Plaintiffs purport to assert individual and representative class

14  claims alleging that certain Audi vehicles are equipped with direct-shift gearbox ("DSG")

15  transmissions that are defective and do not perform properly. FAC ¶ 1. The performance of any

16  vehicle's transmission is, in large part, a function of the particular manner in which the vehicle is

17  driven, the road and environmental conditions under which it is driven, and vehicle maintenance.

18  In this regard, three of the four Plaintiffs, Madani, Walley and DeVico, admittedly did not

19  experience any alleged problem with their vehicles' transmissions within the 4 year/50,000 mile

20  period of the written express warranties applicable to their vehicles. Plaintiff DeVico did not

21  even purchase his vehicle until after the warranty period had expired. *Id.*, ¶ 67. Walley

22  purchased a used 2013 Audi S7 vehicle from a third-party in Texas on November 1, 2016, after it

23  had been driven approximately 46,000 miles. *Id.*, ¶ 62. DeVico purchased a used 2010 Audi S4

24  vehicle from a third-party in New York on October 10, 2016, after it had been driven

25  approximately 44,000 miles. *Id.*, ¶ 67. Madani purchased a new 2013 Audi S7 vehicle, and

26  ───────────────

[1] Shant Bakalian voluntarily dismissed his claims on April 23, 2018. Dkt. No. 49. Brian Gillard,
27  who was a named plaintiff in the original complaint, voluntarily dismissed his claims on January
    24, 2018. Dkt. No. 12.

28

1

HERZFELD &
RUBIN, P.C.
ATTORNEYS AT LAW

1    admittedly did not experience any problem with its transmission until October 2017, after the

2    vehicle had been driven approximately 53,000 miles. *Id.,* ¶ 55.

3        Plaintiffs Walley and DeVico admittedly did not purchase their vehicles in the State of

4    California (FAC ¶¶ 62, 67).  Yet, as discussed *infra,* they purport to assert claims under

5    California statutes that only apply to purchases taking place in California.

6        Plaintiffs do not allege any personal injury claims, nor do they allege that the

7    transmissions in their vehicles caused any accidents.  Instead, Plaintiffs allege claims for pure

8    economic loss and equitable relief under theories of breach of express warranty (Count I), breach

9    of implied warranty (Count II), violation of the Magnuson-Moss Warranty Act (Count III),

10   violation of the Song-Beverly Consumer Warranty Act (Count IV), statutory consumer fraud

11   under the California Consumers Legal Remedies Act (CLRA) and Unfair Competition Law

12   (UCL) (Counts V and VI), unjust enrichment (Count VIII), and independent causes of action for

13   "injunctive" and "declaratory" relief (Counts VII and IX).

14       As shown below, the FAC fails to state a claim as to each of the Counts asserted.

15   Plaintiffs' breach of express warranty claim must be dismissed for several reasons.  First, no

16   express warranty claim lies against VWAG or Audi, which did not issue the express warranty

17   alleged by Plaintiffs.  Second, the express warranty claims of Madani, Walley and DeVico fail

18   because these Plaintiffs did not experience a failure of their transmission within the express

19   warranty period.  Third, all of the Plaintiffs' express warranty claims fail because the warranty

20   applies only to correct a "defect in manufacturer's material and workmanship," and not to the

21   design defect alleged in the FAC.  Finally, to the extent Plaintiffs try to create an express

22   warranty based upon alleged generic pronouncements of the vehicles being "safe" and "reliable,"

23   such statements constitute non-actionable puffery and not an express warranty.

24       Plaintiffs' implied warranty claim fails for lack of privity between Plaintiffs and any of

25   the Defendants.  In addition, Plaintiff Madani's claim is untimely under the implied warranty

26   statute of limitations.

27       The failure of Plaintiffs' state law warranty claims dooms their claims under the

28   Magnuson-Moss Warranty Act, which are entirely derivative of state warranty law.

The Song-Beverly Consumer Warranty Act applies only to sales of new consumer goods within the State of California.  Plaintiffs Walley, DeVico and Oushana purchased their vehicles used, and Walley and DeVico did not purchase their vehicles in California.  Thus, the Song-Beverly statute does not apply.  In addition, Plaintiff Madani's claim is untimely under the Song-Beverly statute of limitations.

In several material respects, Plaintiffs fail to state a claim under the CLRA and UCL.  First, these California statutes apply only to transactions occurring in California, and therefore do not apply to the Texas and New York purchases of Plaintiffs Walley and DeVico.  Second, Plaintiffs' CLRA and UCL claims seek only equitable relief, which cannot be maintained where, as here, there is an adequate remedy at law.  Third, the FAC fails, under both Rule 8 and the applicable heightened particularity standard of Rule 9(b), to plead the essential elements of a CLRA and UCL claim.  The FAC does not plead the essential facts establishing (1) any actionable misrepresentation on the part of any Defendant, (2) any reliance by any Plaintiff thereon, and (3) that any Defendant, much less all of them, had knowledge of the specific transmission defect alleged in the FAC, prior to any Plaintiff's purchase of his/her vehicle.  There is no duty to disclose that which a party does not know.

No claim for unjust enrichment lies where there exists an applicable contract—here, the written express warranties applicable to Plaintiffs' vehicles.  The existence of an adequate remedy at law also precludes Plaintiffs' unjust enrichment claim.  Finally, as Plaintiffs DeVico and Walley bought their vehicles *used* in second-hand transactions from third-parties, they failed to confer a benefit upon any of the Defendants, which is an essential element of a claim for unjust enrichment.

Lastly, the stand-alone claims for "Injunctive" and "Declaratory" Relief (Counts VII and IX) are mere remedies and do not constitute independent causes of action.

Accordingly, the FAC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).  The fact that Plaintiffs purport to plead their claims as representative "class claims" has no bearing on this motion.  In the absence of valid claims of their own, no Plaintiff can represent a

class.  *See e.g.*, *Tietsworth v. Sears, Roebuck and Co*., 720 F. Supp. 2d 1123, 1147 n.12 (N.D. Cal. 2010)

## ARGUMENT

The standards governing this motion are well-settled:

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face…***Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of action,*** and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. ***Factual allegations must be enough to raise a right to relief above the speculative level***.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.  Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

*Somers v. Apple, Inc*., 729 F.3d 953 (9th Cir. 2013) (internal citations and quotations omitted) (emphasis added).

Fraud-based claims, such as CLRA and UCL Counts V and VI, require factual particularity under Fed. R. Civ. P. 9(b).  Under Rule 9(b), a plaintiff must plead facts particularizing the "who, what, when, where and how" of each alleged underlying act and omission.  *Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).  Further, Rule 9(b) requires a plaintiff to specify "why the statement or omission complained of was false or misleading."  *In re Velti PLC Sec. Litig.,* 2015 WL 5736589, at *11 (N.D. Cal. Oct. 1, 2015).  As discussed below, the FAC's allegations fall far short of these governing standards.

## I. PLAINTIFFS' EXPRESS WARRANTY CLAIM MUST BE DISMISSED (COUNT I)

Plaintiffs' breach of express warranty claim is premised upon the 4 year/50,000 mile (whichever occurs first) New Vehicle Limited Warranties ("NVLWs") applicable to their

4

HERZFELD & RUBIN.P.C.
ATTORNEYS AT LAW

1   vehicles.  FAC ¶ 95-96.  The FAC purports to "lump" together all Defendants under the title

2   "Audi," and alleges that "Audi provided all purchasers and lessees of the Class Vehicles with a

3   New Vehicle Limited Warranty."  *Id*.  This violates basic pleading rules.  *Magney v. Cty. of*

4   *Humboldt*, 2018 WL 1156817, at *4 n.7 (N.D. Cal. Mar. 5, 2018) (Gilliam, J.) (a "complaint must

5   not lump 'the Defendants' together"; rather, a "complaint must allege what each Defendant did

6   with enough specificity to enable the Court to determine whether a claim has been stated against

7   each Defendant individually"); *Inman v. Anderson*, 2018 WL 1071158, at *7 (N.D. Cal. Feb. 27,

8   2018) ("a complaint that 'lump[s] together…multiple defendants in one broad allegation fails to

9   satisfy [the] notice requirement of Rule 8(a)(2)'").

10          VWGoA issued the NVLWs applicable to Plaintiffs' vehicles.  *See* NVLWs, annexed to

11  Blake Decl. in support of Defendants' MTD as Exhs. A-C, p. 9.  VWAG and Audi AG did not

12  issue the NVLWs.  Accordingly, no claim lies against VWAG and Audi AG for breach of express

13  warranty.  *See Wicks v. Chrysler Grp., LLC*, 2011 WL 3876179, *2 (E.D. Cal. Sep. 1, 2011)

14  (dismissing express warranty claim because "warranty was provided by Chrysler LLC…not

15  defendant"); *Comley v. Giant Inland Empire RV Ctr., Inc*., 2014 WL 12470016, *4 (C.D. Cal.

16  May 13, 2014) (holding that plaintiffs cannot state an express warranty claim against defendant

17  Giant RV because "[a]s Giant RV points out, it did not provide Plaintiffs with an express

18  warranty").

19          Plaintiffs' claim for breach of express warranty also fails because, under California law,

20  "an express warranty 'does not cover repairs made after the applicable time or mileage periods

21  have elapsed."' *Daugherty v. American Honda Motor Co., Inc.,* 144 Cal. App. 4th 824, 830

22  (2006), quoting *Abraham v. Volkswagen of Am. Inc.,* 795 F.2d 238, 251 (2d Cir. 1986).   The

23  FAC alleges that the vehicles of Plaintiffs Madani, Walley and DeVico did not experience any

24  transmission failure or problem until after the expiration of the 4-year/50,000 mile period of the

25  NVLWs applicable to their vehicles.  FAC ¶¶ 55, 63, 67.  Plaintiff DeVico did not even purchase

26  his vehicle until after the expiration of the NVLW.  *Id.* ¶ 67.[2]  As such, the express warranty

27  ──────────────
    [2] The NVLW duration is "4 years or 50,000 miles . . . whichever occurs first"; thus, the NVLW
28  applicable to Plaintiff DeVico's 2010 vehicle expired before Plaintiff purchased it used in 2016.
    FAC  ¶¶ 67, 96.

HERZFELD &
RUBIN P.C.
ATTORNEYS AT LAW

1    claims of Plaintiffs Madani, Walley and DeVico must be dismissed.  *Clemens v. DaimlerChrysler*

2    *Corp.,* 534 F.3d 1017, 1023 (9th Cir. 2008) ("The repairs in this case were made after the

3    warranty period expired.  Therefore, we affirm the dismissal of the express warranty claims.");

4    *Elias v. Hewlett-Packard Co.,* 903 F. Supp. 2d 843, 850 (N.D. Cal. 2012).

5            The express warranty claims do not survive simply because Plaintiffs claim that

6    Defendants were aware of the claimed defect prior to sale (FAC ¶¶ 98, 101).  In *Daugherty*,

7    *supra,* the court addressed this issue directly, and held that the time and mileage limitations of

8    express warranties cannot be avoided by claims that a known latent defect existed at the time of

9    sale:

10           "[V]irtually all product failures discovered in automobiles after expiration of the warranty

11           can be attributed to a 'latent' defect that existed at the time of sale or during the term of

12           the warranty. All parts will wear out sooner or later and thus have a limited effective life.

13           Manufacturers always have knowledge regarding the effective life of particular parts and

14           the likelihood of their failing within a particular period of time . . . . [M]anufacturers . . .

15           can always be said to 'know' that many parts will fail after the warranty period has

16           expired. A rule that would make failure of a part actionable based on such 'knowledge'

17           would render meaningless time/mileage limitations in warranty coverage.

18   144 Cal. App. 4th at 830.  *See also Clemens, supra,*  534 F.3d at 1022 (affirming dismissal of

19   breach of express warranty claim even though plaintiff alleged that the defect "existed before the

20   warranty expired, and that DaimlerChrysler had knowledge of the defect at the time of sale").

21           The express warranty claims of all Plaintiffs fail because the NVLWs for Plaintiffs'

22   vehicles cover only repairs "to correct a defect in manufacturer's material and workmanship."

23   FAC ¶¶ 95-96; NVLWs, Exhs. A-C to Blake Decl., at p.7.  It is well settled that such "material

24   and workmanship" warranties do not cover design defects.  *Troup v. Toyota Motor Corp.,* 545

25   Fed. Appx. 668, 668 (9th Cir. 2013); *Sloan v. GM LLC,* 2017 WL 3283998, *8 (N.D. Cal. Aug. 1,

26   2017); *Clark v. LG Elecs. U.S.A., Inc.,* 2013 WL 5816410, *7 (S.D. Cal. Oct. 29, 2013) (citing

27   multiple cases).

28

6

HERZFELD &
RUBIN P.C.
ATTORNEYS AT LAW

1        Plaintiffs allege that a single common transmission defect existed in every putative class

2  vehicle. FAC ¶ 4.  This is a classic claim of design defect, as distinguished from a manufacturing

3  defect, which, by definition, is a manufacturing flaw, unique to a particular vehicle, which

4  differentiates that vehicle from all other vehicles of the same model/design.  *Gertz v. Toyota*

5  *Motor Corp.,* 2011 WL 3681647, *3 (C.D. Cal. Aug. 22, 2011) (dismissing, in a putative class

6  action, express warranty claim where applicable written warranty covered only "repairs or

7  adjustments for defects in materials or workmanship," *i.e*., a manufacturing defect, because

8  plaintiffs' allegations that the same common defect existed in all of the putative class vehicles

9  was essentially a design defect which the warranty did not cover); *McCabe v. Am. Honda Motor*

10  *Co.,* 100 Cal. App. 4th 1111, 1120-21 (2002) (manufacturing defects are generally "demonstrated

11  by showing the product performed differently from other ostensibly identical units of the same

12  product line").

13        Finally, the FAC also purports to allege a breach of express warranty premised upon

14  alleged marketing of the vehicles as "safe" and "reliable."  FAC ¶ 100.  Such generic statements

15  constitute, at most, non-actionable puffery, and do not create an express warranty.  *Smith v. LG*

16  *Elecs. U.S.A., Inc.,* 2014 WL 989742, *6 (N.D. Cal. Mar. 11, 2014) (words regarding "safety"

17  and "fitness for use" are vague and thus nonactionable); *Tietsworth v. Sears, Roebuck and Co*.,

18  720 F. Supp. 2d 1123, 1136 (N.D. Cal. 2010);  *Annunziato v. eMachines, Inc.,* 402 F. Supp. 2d

19  1133, 1139-40 (C.D. Cal. 2005) (holding "high quality," "reliable," and employed the "latest

20  technology" amount to non-actionable puffery). Furthermore, the FAC does not allege where

21  these puffery slogans appeared, let alone that Plaintiffs saw or relied upon them.  *Lee v. Toyota*

22  *Motor Sales, U.S.A., Inc.,* 992 F. Supp. 2d 962, 979 (C.D. Cal. 2014) (dismissing express

23  warranty claim premised on language in a marketing brochure "because plaintiffs do not allege

24  that they read or relied on the 'marketing brochure' before making their purchases").

25        Accordingly, Plaintiffs' express warranty claims must be dismissed.

26

27

28

**II.     PLAINTIFFS' IMPLIED WARRANTY CLAIM MUST BE DISMISSED (COUNT II)**

Plaintiffs' breach of implied warranty claim fails, as to all Defendants, for lack of privity. Vertical privity is an essential prerequisite for an implied warranty claim. *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1023 (9th Cir. 2008); *Gonzales v. Mazda Motor Corp.,* 2017 WL 345878, *3 (N.D. Cal. Jan. 5, 2017).  The FAC does not, and cannot, allege that Plaintiffs purchased their vehicles from any of the Defendants.  Rather, all of the Plaintiffs purchased their vehicles from third-parties.  FAC ¶¶ 54, 62, 67, 72.   The absence of privity requires dismissal of Plaintiffs' breach of implied warranty claim. *Clemens,* 535 F.3d at 1023 ("an end consumer...who buys from a retailer is not in privity with a manufacturer"); *In re Seagate Tech. LLC Litig.,* 233 F. Supp. 3d 776, 786 (N.D. Cal. 2017).

In addition, Plaintiff Madani's implied warranty claim is untimely.  Actions for breach of warranty under the Commercial Code are governed by a four-year statute of limitations that begins to run when tender of delivery is made "regardless of the aggrieved party's lack of knowledge of the breach."  Cal. Comm. Code § 2725.  Madani purchased his vehicle on April 10, 2013.  FAC ¶ 54.  Since this action was commenced on December 22, 2017, Madani's implied warranty claim must be dismissed. *See Gerstle v. Am. Honda Motor Co.,* 2017 WL 2797810, *12 (N.D. Cal. June 28, 2017) (holding that the delayed discovery rule is not applicable to implied warranty claims); *Durkee v. Ford Motor Co.,* 2014 WL 7336672, *5 (N.D. Cal. Dec. 24, 2014) (implied warranty claim time barred, sine implied warranties are not subject to delayed accrual until discovery).

The FAC's conclusory allegations of "active concealment" and "estoppel" do not toll the expired statute of limitations.  In order to plead equitable estoppel, "a plaintiff must show either: (1) an affirmative statement that the statutory period to bring the action was longer than it actually was; (2) promises to make a better settlement of the claim if plaintiff did not bring the threatened suit; or (3) similar representations or conduct" by defendant. *Gerstle v. Am. Honda Motor Co.,* 2017 WL 2797810, at *9 (N.D. Cal. June 28, 2017), quoting *Atkins v. Union Pac. R. Co.,* 753 F.2d 776, 777 (9th Cir. 1985).  The FAC does not plead such facts.  The FAC fails to

8

allege facts showing that any Defendant misled Plaintiff Madani regarding the limitations period or otherwise made any promise inducing him not to file a timely action.  *Id.* (holding that the statute of limitation cannot be tolled based on equitable estoppel because there is no allegation "that Defendant made any affirmative statement or promise to induce Plaintiffs not to sue"); *Wakefield v. Wells Fargo & Co.*, 2014 WL 5077134, *13 (N.D. Cal. Oct. 9, 2014) (estoppel requires a "misrepresentation bearing on the *necessity* of bringing a timely suit; the defendant's mere denial of *legal liability* does not set up an estoppel") (emphasis in original).

The FAC likewise fails to justify an active or fraudulent concealment toll.  Only affirmative and active concealment—not mere omission or nondisclosure—can toll the statute of limitations based on active or fraudulent concealment.  *Bekins v. Astrazeneca Pharms. LP,* 239 F. Supp. 3d 1220, 1227 (S.D. Cal. 2017); *Yumul v. Smart Balance, Inc.,* 733 F. Supp. 2d 1117, 1131 (C.D. Cal. May 24, 2010); *Long v. Walt Disney Co.,* 116 Cal. App. 4th 868, 874 (2004).  The FAC fails to plead facts establishing affirmative and active concealment, let alone the "who, what, when, where, and how" of the alleged active concealment required by Rule 9(b) to establish a toll.  *Kay v. Wells Fargo & Co. N.A.*, 2007 WL 2141292, *5 (N.D. Cal. July 24, 2007) (fraudulent concealment toll must be pled with Rule 9(b) particularity).  The conclusory allegations that "Audi failed to disclose, concealed, and/or omitted" information and that Audi kept Plaintiffs "ignorant of vital information" (FAC ¶¶ 50, 91), at best, amount to mere nondisclosure.  This is insufficient to toll the statute of limitations.  It also, as discussed *supra*, impermissibly lumps together all Defendants with no differentiating facts as to each.

Finally, only active conduct "above and beyond the wrongdoing upon which the plaintiff's claim is filed" can toll the statute of limitations.  *Gibbs v. Wood,* 2017 WL 1407727, *6 (N.D. Cal. Apr. 20, 2017); *see Jager v. Howmedica Osteonics Corp.,* 2016 WL 520985, *11, 15 (N.D. Cal. Feb. 10, 2016); *Bekins v. Astrazeneca Pharms. LP,* 239 F. Supp. 3d 1220, 1226-27 (S.D. Cal. 2017); *Kay,* 2007 WL 2141292, at *5.  Otherwise, the substantive wrong is merged with the tolling doctrine, and the statute of limitations is eliminated "for claims arising out of the overlapping substantive wrong."  *Bekins,* 239 F. Supp. at 1227.  Plaintiff's conclusory allegations of active or fraudulent concealment—themselves deficient under Rule 9(b)—are

9

1   essentially the same allegations underlying Plaintiff's statutory fraud claims, and therefore fail to

2   plead an entitlement to a tolling of the statute of limitations.[3]

3

4   ### III.   PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT CLAIM MUST BE

5   ### DISMISSED (COUNT III)

6       A Magnuson-Moss Warranty Act claim is derived entirely from state warranty law.  *In re*

7   *Sony PS3 Other OS Litig.,* 551 F. Appx. 916, 920 (9th Cir. 2014); *Sloan v. GM LLC*, 2017 WL

8   3283998, *8 (N.D. Cal. Aug. 1, 2017).  Since Plaintiffs fail to state a breach of warranty claim

9   under state law, their derivative Magnuson-Moss Warranty Act claim must be dismissed.  *Troup*

10   *v. Toyota Motor Corp.,* 545 Fed. Appx. 668, 669 (9th Cir. 2013).

11

12   ### IV.   PLAINTIFFS' SONG-BEVERLY CONSUMER WARRANTY ACT CLAIM MUST

13   ### BE DISMISSED (COUNT IV)

14       Plaintiffs' Song-Beverly Consumer Warranty Act ("Song-Beverly") claim is premised

15   upon a breach of the implied warranty of merchantability and must be dismissed.  FAC ¶ 132-

16   134.  Song-Beverly is a California statute that only applies to consumer products purchased in

17   California.  Cal. Civ. Code § 1792; *Tuscany Invs. LLC v. Daimler Trucks N. Am., LLC,* 2015 WL

18   4941699, *3 (N.D. Cal. Aug. 18, 2015); *Elias v. Hewlett –Packard Co.,* 903 F. Supp. 2d 843, 851

19   (N.D. Cal. 2012) ("By its terms, the Song-Beverly Act applies only to goods sold in California.").

20   ---

[3] Nor are Plaintiff's claims subject to tolling under the equitable tolling doctrine.  Under
21   California law, equitable tolling applies where an injured party has several legal avenues of relief
and pursues one of them in a reasonable and timely fashion.  *McDonald v. Antelope Valley Cmty.*
22   *Coll. Dist.,* 45 Cal. 4th 88, 100 (2008).  To benefit from equitable tolling, plaintiff must
demonstrate the following three elements "(1) timely notice to the defendant in filing the first
23   claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second
claim; and (3) good faith and reasonable conduct by the plaintiff in filing a second claim."  *Id.*;
24   *McMillan v. Bank of Am., N.A.,* 2015 WL 1942743, *8 (S.D. Cal. Apr. 15, 2015).  Here, as
Plaintiff Madani brought his first claim after the expiration of the statute of limitations, he cannot
25   avail himself of equitable tolling.  *McMillan,* 2015 WL 1942743, at *9 (holding that allegation
that defendant was notified of claim during limitations period is insufficient to invoke the
26   equitable tolling doctrine "because plaintiffs did not [within the statutory period] file a claim in
court").

27

28

1  Since Plaintiffs Walley and DeVico purchased their vehicles in Texas and New York,

2  respectively, they cannot assert claims under Song-Beverly. FAC ¶¶ 62, 67.

3      Furthermore, Song-Beverly requires manufacturers to provide implied warranties only in

4  connection with the sale of *new* consumer goods.   Cal. Civ. Code § 1792; § 1791(a) (defining

5  "consumer goods" as "any new product…"); *Johnson v. Nissan N.A.,* 272 F. Supp. 3d 1168, 1178

6  (N.D. Cal. Aug. 29, 2017) ("Consumer goods" covered by the Act are defined by the Act "to

7  govern 'new' products").  As Plaintiffs Walley, DeVico and Oushana purchased their vehicles

8  *used* (FAC ¶¶ 62, 67, 72), their Song-Beverly claims must be dismissed.  *See Fierro v.*

9  *Volkswagen Grp. of Am.,* 2016 WL 7165729, *2 (C.D. Cal. Sep. 23, 2016) (holding that because

10  Song-Beverly "defines 'consumer goods' to mean 'any <u>new</u> product'" and since plaintiff bought a

11  used vehicle, "it is unclear how Song-Beverly would apply").

12      Section 1795.5 of Song-Beverly, which provides a limited implied warranty to *used*

13  goods, does not apply here.  That section only creates an implied warranty on the part of a

14  "*distributor or retail seller of used consumer goods.*"  (emphasis added).  It does not apply to

15  manufacturers, such as VWAG or Audi AG, nor does it apply to distributors of new products,

16  such as VWGoA.  None of the Defendants are distributors or retailers of *used* goods, nor did any

17  Defendant sell a *used* vehicle to any Plaintiff.  *See* Cal. Civ. Code § 1795.5 (titled "Obligations of

18  *distributors or sellers* of used goods") (emphasis added); *Johnson*, 272 F. Supp. 3d at 1179

19  (dismissing Song-Beverly implied warranty claim because § 1795.5 does not create any

20  obligations on behalf of Nissan, the original manufacturer or distributor); *In re MyFord Touch*

21  *Consumer Litig.,* 2018 WL 887534, *8-9 (N.D. Cal. Feb. 14, 2018).  Therefore, Plaintiffs Walley,

22  DeVico and Oushana fail to state an implied warranty claim under Song-Beverly.

23      Finally, Plaintiff Madani's Song-Beverly claim is time-barred.  *Sandhu v. Volvo Cars of*

24  *N. Am., LLC*, 2017 WL 403495, *3 (N.D. Cal. Jan. 31, 2017) ("[T]he statute of limitations for an

25  action for breach of warranty under the Song-Beverly Act is four years pursuant to section

26  2725 of the Uniform Commercial Code.").  As Plaintiff purchased his vehicle in April 2013, his

27  claim, commenced more than four years later, must be dismissed.

28

1    **V.   PLAINTIFFS' CLRA AND UCL CLAIMS MUST BE DISMISSED**

2         **(COUNTS V AND VI)**

3         Plaintiffs' CLRA and UCL claims must be dismissed for several reasons.  First, Plaintiffs

4    Walley and DeVico cannot assert claims under the CLRA and UCL, because those California

5    statutes only apply to transactions occurring within the State of California.  Second, all of the

6    Plaintiffs' CLRA and UCL claims seek only equitable relief, which cannot be afforded where, as

7    here, Plaintiffs have an adequate remedy at law.   Finally, the CLRA and UCL counts are

8    conclusory in nature and fail even to state a claim under Rule 8, much less under the heightened

9    particularity standards of Rule 9(b) that govern these fraud-based statutory claims.

10        A.   Plaintiffs Walley and DeVico Did Not Purchase Their Vehicles In California and

11             Cannot Assert Claims Under the CLRA or UCL

12        California courts have long acknowledged a strong presumption against extraterritorial

13   application of California law. *Sullivan v. Oracle Corp.,* 51 Cal. 4th 1191, 1207 (2011); *Gentges v.*

14   *Trend Micro Inc.,* 2012 WL 2792442, at *6 (N.D. Cal. July 9, 2012).  "However far the

15   Legislature's power may theoretically extend, we presume the Legislature did not intend a statute

16   to be operative, with respect to occurrences outside the state...unless such intention is clearly

17   expressed or reasonably to be inferred from the language of the act or from its purpose, subject

18   matter or history." *Sullivan,* 51 Cal. 4th at 1207.

19        In *Sullivan,* the California Supreme Court stated explicitly that "[n]either the language of

20   the UCL nor its legislative history provides any basis for concluding the Legislature intended the

21   UCL to operate extraterritorially," and, therefore the presumption against extraterritoriality

22   "applies to the UCL in full force." *Id.*  Applying this presumption, courts have concluded that

23   neither the UCL, nor the CLRA, can apply to claims arising from conduct or purchases occurring

24   outside of California, including in the automotive context. *See Gross v. Symantec,* 2012 WL

25   3116158, at * 6 (N.D. Cal. July 31, 2012) (dismissing UCL claim); *Belle v. Chrysler Grp. LLC*,

26   2013 WL 949484, at *6 (C.D. Cal. Jan. 29, 2013) (dismissing CLRA and UCL claims); *Safir v.*

27   *BBG Commc'ns, Inc.*, 2012 WL 398991, at *4 (S.D. Cal. Jan. 10, 2012) ("holding that

28

presumption against extraterritoriality bars Plaintiffs' [CLRA and UCL] claims"); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 916-18 (C.D. Cal. 2011) (dismissing CLRA and UCL claims).

Plaintiffs Walley and DeVico purchased their vehicles in Texas and New York, respectively. FAC ¶¶ 62, 67. Further, Plaintiffs fail even to plead that they resided in California at the time they purchased their subject vehicles, or that they were otherwise exposed to any misrepresentation or deceptive conduct emanating from California. *See In re Toyota Motor Corp.,* 785 F. Supp. 2d at 917, n. 26. Accordingly, these Plaintiffs cannot assert claims under the CLRA or the UCL.

B.    The CLRA and UCL Claims, Which Seek Only Equitable Relief, Must be Dismissed Because Plaintiffs Have An Adequate Remedy at Law

"[C]ourts in the Northern District have routinely dismissed equitable claims brought under the UCL and CLRA on the pleadings—including claims for restitution—where the plaintiff fails to establish that there is no adequate remedy at law available." *Mullins v. Premier Nutrition Corp.*, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018) (collecting cases). *See also Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 19, 2015) (Gilliam, J.) ("there is no right to equitable relief or an equitable remedy when there is an adequate remedy at law").

Plaintiffs' CLRA claim seeks only equitable relief, and the UCL provides only equitable remedies. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003); *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 452 (2005). These claims for equitable relief must be dismissed because Plaintiffs have failed to establish the absence of an adequate remedy at law. *See*, *e.g.*, *Summit Estate, Inc. v. Cigna Healthcare of Cal., Inc.*, 2017 WL 4517111, at *13 (N.D. Cal. Oct. 10, 2017) ("[B]ecause Plaintiff does not allege facts indicating that Plaintiff does not have an adequate remedy at law, the Court GRANTS Defendant's motion to dismiss Plaintiff's UCL claim."); *Durkee v. Ford Motor Co*, 2014 WL 4352184, at *2–3 (N.D. Cal. Sept. 2, 2014) ("Ford argues, first, that the UCL and the CLRA causes of action should be dismissed because those claims seek equitable relief, and plaintiff has an adequate remedy at law, under the Song–Beverly Act. The motion is GRANTED").

13

1  "In the Ninth Circuit, the relevant test is whether an adequate damages remedy is
2  available, not whether the plaintiff elects to pursue it, or whether she will be successful in that
3  pursuit." *Mullins*, 2018 WL 510139, at *2 (collecting cases).  Plaintiffs have asserted various
4  legal claims for damages, and therefore an adequate remedy at law is available.  Their CLRA and
5  UCL claims must be dismissed.

6            C.      The Impermissible "Lumping" Together of Separate Defendants in the Fraud-
7                    Based Claims Violates Rule 9(b)

8            As discussed *supra*, the FAC impermissibly lumps all of the Defendants together in
9  omnibus allegations without distinguishing among them.  For this reason alone, the FAC does not
10 allege the elements of fraud with specificity as to any of the Defendants.  *Magney v. Cty. of*
11 *Humboldt*, 2018 WL 1156817, at *4 n.7 (N.D. Cal. Mar. 5, 2018) (Gilliam, J.) (a "complaint must
12 not lump 'the Defendants' together"; rather, a "complaint must allege what each Defendant did
13 with enough specificity to enable the Court to determine whether a claim has been stated against
14 each Defendant individually"); *see also*, *e.g.*, *Williams v. Yamaha Motor Corp., U.S.A.*, 106 F.
15 Supp. 3d 1101, 1113 (C.D. Cal. 2015) ("tests that a manufacturer must perform that may reveal a
16 defect cannot establish presale knowledge on behalf of a distributor…") (original emphasis), *aff'd*
17 *on other grounds*, 851 F.3d 1015 (9th Cir. 2017); *Resnick v. Hyundai Motor Am., Inc.*, 2016 WL
18 9455016, at *12 n.15 (C.D. Cal. Nov. 14, 2016) ("Plaintiffs have addressed only the group
19 conduct of 'Defendants' or 'Hyundai.'  Thus, Plaintiffs' [CLRA and UCL] claims sounding in
20 fraud could be dismissed on this ground alone.").

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

D.     Plaintiffs Fail to Identify Any Actionable Misrepresentation that Could Form the Basis of a CLRA or UCL Claim.  In addition, Both the Misrepresentation and Omissions-Based Claims Must be Dismissed for Failure to Establish "Reliance" on the part of Plaintiffs

The FAC fails to identify any affirmative misrepresentation other than conclusory generic statements that "Audi advertised the Class vehicles as 'safe' and 'reliable'" and "represent[ed] that its vehicles and transmissions are of a particular standard, quality or grade."  *See* FAC ¶¶ 150, 140.  It is well settled that such generic statements constitute, at most, non-actionable puffery which cannot support a claim of misrepresentation under the CLRA or the UCL.  *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008); *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 793 (N.D. Cal. 2017) (collecting cases); *Azoulai v. BMW of N. Am. LLC*, 2017 WL 1354781, at *8 (N.D. Cal. Apr. 13, 2017).

Further, without identifying an actionable statement by any Defendant, it is impossible for the FAC to sufficiently plead under any standard, much less the required heightened Rule 9(b) particularity standard, that any Plaintiff actually relied upon any such affirmative misstatement and suffered injury as a result.  *See*, *e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (affirming dismissal of CLRA and UCL claims because plaintiff failed to allege "when he was exposed to" the alleged misrepresentations and "which [ones] he relied upon in making his decision to buy a CPO vehicle"); *Resnick v. Hyundai Motor Am., Inc.*, 2016 WL 9455016, at *16 (C.D. Cal. Nov. 14, 2016) ("[The California named plaintiff] has failed to establish she relied on any alleged misrepresentations.   Accordingly, her UCL, FAL, and CLRA claims fail.").[4]

_____

[4] *See also*, *e.g.*, *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007) ("California requires a plaintiff suing under the CLRA for misrepresentations in connection with a sale to plead and prove she relied on a material misrepresentation."); *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 326–27 (2011) ("a plaintiff 'proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance'" (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 326, 93 Cal. Rptr. 3d 559 (Cal. 2009))); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010) (to omit a reliance requirement in an unlawful prong UCL case involving misrepresentations "would blunt Proposition 64's intended reforms"); *Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1385 (2010) (actual reliance requirement applies to the unlawful prong where "the predicate unlawful conduct is misrepresentation").

15

1   Thus, Plaintiffs' CLRA and UCL claims, based on affirmative misrepresentation, must be

2   dismissed.

3        The failure to plead facts establishing "reliance" on the part of Plaintiffs likewise requires

4   dismissal of the fraud by omission claims.  As to the UCL claim, this deficiency applies with

5   equal force regardless of whether the UCL claims are predicated upon "unfairness," "fraud" or

6   "unlawfulness."  *See Myers v. BMW of N. Am., LLC*, 2016 WL 5897740, at *6-7 (N.D. Cal. Oct.

7   11, 2016) (CLRA and UCL claims require "actual reliance"); *Ehrlich v. BMW of N. Am.,*

8   *LLC*, 801 F. Supp. 2d 908, 919 (C.D. Cal. Aug. 11, 2010).

9        Under the CLRA and UCL, in order to prove reliance on an omission, Plaintiffs must

10  show that "had the omitted information been disclosed, one would have been aware of it and

11  behaved differently."  *Myers*, 2016 WL 5897740, at *17; *Hall v. Sea World Entm't, Inc.,* 2015

12  WL 9659911, at *5 (S.D. Cal. Dec. 23, 2015).  Plaintiffs Madani, DeVico and Walley do not

13  allege that they heard, read or saw any advertisements or other representations from any

14  Defendant prior to purchasing their vehicles.  As such, they failed to plausibly plead that they

15  "would have been aware of" the alleged defect if disclosed.  *See Myers,* 2016 WL 5897740, at

16  *6-7 (dismissing CLRA and UCL claims, including "unfair" prong claim, for failure to plead

17  reliance); *Hall*, 2015 WL 9659911, at *6; *Ehrlich*, 801 F. Supp. 2d at 919-20.[5]

18        E.   Plaintiffs' Omission-Based Claims Under the CLRA and UCL Fail Because

19             Plaintiffs Have Not Adequately Pled Facts Establishing that Defendants Knew

20             of the Alleged Defect at the Time of Sale

21        To state a cognizable fraud-by-omission claim under the CLRA and UCL, Plaintiffs must

22  adequately plead that Defendants had pre-sale knowledge of the defect alleged by Plaintiffs.  *See*,

23  *e.g.*, *Arriane Henryhand v. Dorel Juvenile Grp., Inc.*, 2017 WL 7806622, at *7 (C.D. Cal. Aug. 9,

24  2017) ("Plaintiffs' failure to sufficiently allege Defendant's pre-sale knowledge of the alleged

25  defect is…fatal to their [CLRA and UCL] fraudulent omission theory"); *Resnick v. Hyundai*

26  ─────────────
    [5] Plaintiffs' claim under the UCL's "unlawful" prong also fails because, as demonstrated herein,
27  Plaintiffs have failed to sufficiently plead a violation of any statute including the CLRA and
    Song-Beverly.  FAC ¶ 157; *Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 557 (9th
28  Cir. 2010).

*Motor Am., Inc.*, 2016 WL 9455016, at *12 (C.D. Cal. Nov. 14, 2016) ("To succeed on their fraud, UCL, and CLRA claims, Plaintiffs must allege that Defendants had sufficient knowledge of any alleged defect at the time of the product's sale.")(citing *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012)).  There is no duty to disclose that which a defendant did not know at the time.

Plaintiffs' claim of pre-sale knowledge is premised entirely upon 49 hearsay entries anonymously posted on the NHTSA website (FAC ¶ 39), and excerpts of 5 Technical Service Bulletins ("TSBs") purportedly related to the alleged transmission (FAC ¶¶ 26-30).  These allegations do not plead facts sufficient to establish that any of the Defendants, let alone all of them, were aware of the specific defect alleged in the FAC, prior to the time in which each Plaintiff purchased his vehicle.

Of the 49 hearsay NHTSA consumer complaints, many post-date the purchases of the named Plaintiffs, and all are anonymous.  *See* FAC ¶ 39 (pages 14-27).  For example, 47 of the 49 NHTSA complaints post-date the purchase of Plaintiff Madani's vehicle on April 10, 2013, and thus cannot establish pre-sale knowledge of the alleged defect as to this Plaintiff.  *See Callaghan v. BMW of N. Am., Inc.*, 2014 WL 6629254, at *4 (N.D. Cal. Nov. 21, 2014) (holding plaintiffs had not adequately alleged knowledge where "more than half" of the complaints post-dated the plaintiffs' purchases).

The FAC pleads no facts establishing that any of those complaints were made directly to, or were received by, any of the Defendants.  *See Resnick v. Hyundai Motor Am., Inc.*, 2017 U.S. Dist. LEXIS 139179, at *42 (C.D. Cal. Aug. 21, 2017) ("Complaints on third-party websites do not, by themselves, commute knowledge to a manufacturer…But even if the Court inferred that the complainant reported the [problem he or she experienced] to Hyundai, which is not clearly alleged in the [class action complaint], *this only establishes that this particular customer had issues with his or her vehicle, not that there was a widespread defect*.") (internal citations omitted) (emphasis added).

Plaintiffs have also not plausibly alleged facts showing that the alleged complaints identify any "defect," much less the specific defect alleged in the FAC.  *Id.*; *see also Victorino v.*

17

*FCA US LLC*, 2018 WL 1083395, at *8 (S.D. Cal. Feb. 27, 2018) ("When addressing a defendant's pre-sale knowledge, courts have held that the defendant must have knowledge of the specific defect alleged, not a general defect.") (collecting cases).

At best, the anonymous hearsay complaints on the NHTSA website might generally indicate certain consumers' individual transmission-related repairs or issues, but they do not constitute notice to Defendants of any defect, much less the specific defect alleged by Plaintiffs in this action.  *See*, *e.g.*, *Baba v. Hewlett Packard Co.,* 2011 U.S. Dist. LEXIS 8527, at *9-10 (N.D. Cal. Jan. 28, 2011) ("Awareness of a few customer complaints…does not establish knowledge of an alleged defect."); *Berenblat v. Apple, Inc.*, 2010 U.S. Dist. LEXIS 46052, *24-27 (N.D. Cal. Apr. 7, 2010) (holding that even 350 complaints posted on defendant's website, rather than a third-party cite as alleged here, do not sufficiently plead knowledge of defect; they "merely establish that some consumers were complaining"); *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 525 Fed. App'x 94, 104 (3d Cir. 2013) ("The Complaint includes several customer complaints filed with the NHTSA, the earliest of which dates to July 1, 2007.  However, these complaints were filed with the NHTSA, not with Toyota…Gotthelf has provided no facts to support his assertion that Toyota should have known about the defect based on these complaints.").

In addition, Plaintiffs allege there are "tens of thousands" of vehicles in the putative class. FAC ¶ 82.  The 49 anonymous hearsay complaints relied upon by Plaintiffs fall far short of what the Ninth Circuit recently held to be required in order to properly plead prior notice of an alleged defect.  In *Williams v. Yamaha Motor Co.,* 851 F.3d 1015 (9th Cir. 2017), the Ninth Circuit made clear that pleading knowledge by consumer complaints requires an "unusually high level[]" of complaints along with other plausible facts to show that the company "*itself* saw this number [of complaints] as significant and beyond the norm."  851 F.3d at 1027 & n.8 (emphasis in original). The unusually high level was found to be met by pleaded facts showing that Yamaha's individual supervisors allegedly dealt with "'40 or 50' consumer complaints" soon after the motors went on the market, and that Yamaha created a "separate consumer response system dedicated to handling [the] unusually high volume of complaints specific to" the defect alleged by plaintiff.  *Id.* at 1027 & n.8, 1028.   Plaintiffs have pled no such facts in the case at bar.

18

1    The TSBs alleged by Plaintiffs also fail to plausibly establish that any Defendant, let

2 alone all of them, had knowledge of the specific defect alleged in this action, prior to the time in

3 which each Plaintiff purchased his vehicle.  The February 2017 TSB (FAC ¶ 30) post-dates each

4 Plaintiff's purchase, so it cannot establish pre-sale knowledge on the part of any Defendant.  *See*

5 *Granillo v. FCA US LLC*, 2016 WL 9405772, at *9 (D.N.J. Aug. 29, 2016) ("[F]or the same

6 reasons that consumer complaints posted after the date of sale cannot support an inference of pre-

7 sale knowledge, those TSBs issued after Plaintiffs purchased their vehicles do not indicate that

8 Defendant had pre-sale knowledge of the content of those TSBs.") (applying California law and

9 dismissing CLRA claim).

10    Plaintiffs do not allege facts establishing that the TSBs relate to the particular defect

11 alleged in the FAC.  *See id.* at *9-10 ("Plaintiffs have alleged no facts tying the Transmission

12 Defect and its alleged symptoms to the software defects identified in the four pre-sale TSBs.

13 Accordingly, these TSBs do not support an inference that Defendant had knowledge of the

14 Transmission Defect and its resulting symptoms, prior to Plaintiffs' purchase of their vehicles. . .

15 . Consequently, Plaintiffs' CLRA claim is dismissed without prejudice.").

16    Because Plaintiffs' allegations do not establish that any Defendant had pre-sale

17 knowledge of the defect alleged in the FAC, the omission-based CLRA and UCL claims must be

18 dismissed.  *See Resnick*, 2017 WL 1531192, at *19 ("[A]s Plaintiffs have not sufficiently

19 established that Defendants were aware of the alleged paint defect at the time Plaintiffs purchased

20 their vehicles, Plaintiffs have failed to state a viable CLRA [or UCL] claim.").

21

22 **VI.**  **PLAINTIFFS' UNJUST ENRICHMENT CLAIM MUST BE DISMISSED**

23    **(COUNT VIII)**

24    Plaintiffs' claim for unjust enrichment fails for three reasons.  First, under California law,

25 a claim for unjust enrichment is not available where the parties are bound to a valid express

26 contract – in this case, the written 4-year/50,000 mile NVLW applicable to Plaintiffs' vehicles.

27 *Gerstle v. Am. Honda Motor Co.,* 2017 WL 2797810, *14 (N.D. Cal. June 28, 2017) (rejecting

28 claim that unjust enrichment can be pled in the alternative because "the case law Defendant cites

Herzfeld &
Rubin P.C.
Attorneys at Law

1   is clear: 'a quasi-contract action for unjust enrichment does not lie where express binding

2   agreement exist and define the parties' rights'"); *Tsai v. Wang,* 2017 WL 2587929, *at 8 (N.D.

3   Cal. June 14, 2017); *Durell v. Sharp Healthcare,* 183 Cal. App. 4th 1350, 1370 (Cal. Ct. App.

4   2010) ("As a matter of law, an unjust enrichment claim does not lie where the parties have an

5   enforceable express contract.").

6       Second, as discussed *supra,* where, as here, an adequate remedy at law exists, equitable

7   remedies such as restitution for unjust enrichment are not permitted.  *See Fonseca v. Goya Foods,*

8   *Inc.,* 2016 WL 4698942, *7 (N.D. Cal. Sep. 8, 2016); *Dickey v. Advanced Micro Devices, Inc.,*

9   2016 WL 1375571, at *8 (N.D. Cal. Apr. 7, 2016).  Since Plaintiffs do not, and cannot, plead that

10  they have no adequate remedy at law, their claim for unjust enrichment must be dismissed.

11      Finally, as Plaintiffs DeVico and Walley bought their vehicles *used* in second-hand

12  transactions from third-parties, they failed to confer a benefit upon VWGoA, or the foreign

13  Defendants VWAG and Audi AG, which is an essential element of a claim for unjust enrichment.

14  *Gerstle v. Am. Honda Motor Co.,* 2017 WL 1477141, *14 (N.D. Cal. Apr. 25, 2017) (holding that

15  the purchase of a used car does not benefit the manufacturer).

16

17  **VII.**   **DISMISSAL OF CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF**

18          **(COUNTS VII & IX)**

19      Equitable, injunctive and declaratory relief are not independent causes of action.  They are

20  merely remedies, which Plaintiffs already included in their Prayer for Relief.  Accordingly,

21  Counts VII and IX must be dismissed.  *Thompson v. Nationstar Mortg. LLC,* 2017 WL 3232549,

22  *7 (N.D. Cal. July 31, 2017) (dismissing claims because "declaratory and injunctive relief are not

23  causes of action"); *O'Connor v. Wells Fargo, N.A.,* 2014 WL 4802994, *8 (N.D. Cal. Sep. 26,

24  2014); *Rosenfeld v. JP Morgan Chase Bank, N.A.,* 732 F. Supp. 2d 952, 975 (N.D. Cal. Aug. 9,

25  2010).

26      Furthermore, "[a] claim for declaratory relief is unnecessary where an adequate remedy

27  exists under some other cause of action."  *Vigdor v. Super Lucky Casino, Inc.,* 2017 WL

28  2720218, *8 (N.D. Cal. June 23, 2017) (Gilliam, J.).  As Plaintiffs seek declaratory and equitable

HERZFELD & RUBIN P.C. ATTORNEYS AT LAW

1   relief through their other substantive causes of action, Counts VII and IX fail as "duplicative and

2   unnecessary." *Id.*

3

4                                    **<u>CONCLUSION</u>**

5           For the foregoing reasons, Defendants VWGoA, VWAG and Audi AG respectfully

6   request that the FAC be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), together with

7   such other and further relief as the Court deems just and proper.  Furthermore, Plaintiffs have

8   already availed themselves of the opportunity to amend their complaint after reviewing many of

9   the same deficiencies that were articulated in Defendants' original motion to dismiss.  Dkt. Nos.

10  45, 47.  Since Plaintiffs chose not to remedy those deficiencies, it is respectfully requested that

11  the claims in the FAC be dismissed with prejudice.

12

13  Dated:  May 24, 2018

14                                      Respectfully submitted,

15                                      HERZFELD & RUBIN, P.C.

16                                       By: */s/ Michael B. Gallub (Pro Hac Vice)*

17                                       *Attorneys for Defendants Volkswagen AG, Audi AG, and*
18                                       *Volkswagen Group of America, Inc.*

19

20

21

22

23

24

25

26

27

28