Deborah R. Rosenthal (# 184241)
**SIMMONS HANLY CONROY LLC**
100 N. Sepulveda Blvd., Suite 1350
Los Angeles, CA 90245
Telephone: (415) 536-3986
drosenthal@simmonsfirm.com
Gregory F. Coleman (*pro hac vice*)
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
greg@gregcolemanlaw.com

Daniel K. Bryson (*pro hac vice*)
**WHITFIELD BRYSON & MASON LLP**
900 W. Morgan St.
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
dan@wbmllp.com
hunter@wbmllp.com

***Attorneys for Plaintiffs***
*Additional Attorneys on Signature Page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MADANI, ERIC WALLEY, RICHARD DEVICO, and ROMSIN OUSHANA, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>   v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN AG, and AUDI AG,<br><br>         Defendants. | Case No.: 4:17-cv-07287-HSG<br><br>**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date: August 16, 2018, 2:00 p.m.<br>Courtroom: 2<br>Judge: Haywood S. Gilliam, Jr. |

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES TO BE DECIDED ...................................................................................1

INTRODUCTION ...........................................................................................................................2

LEGAL STANDARD.......................................................................................................................2

ARGUMENT ...................................................................................................................................3

I.   Plaintiffs Have Valid Express Warranty Claims (Count 1). ...........................................3
    A.   Plaintiffs' claims against Defendants are not impermissibly "lumped" together. .................3
    B.   Plaintiffs' claims remain within the warranty periods. ...........................................4
    C.   Plaintiffs allege a defect covered under the express warranties. ..............................4
    D.   Plaintiffs have sufficiently alleged all necessary elements for their express
        warranty claims. ...................................................................................5

II.   Plaintiffs' Implied Warranty Claims Are Sufficiently Alleged (Count II) .....................6
    A.   Plaintiffs are in privity with Defendants. ...................................................6

III.   Plaintiffs' Magnusum-Moss Warranty Claim is sufficient (Count III). .........................7

IV.   Plaintiffs Concede That Their Song Beverly Consumer Warranty Act Claims are Barred as to
Currently Named Plaintiffs and Seek Leave to Amend (Count IV). ................................8

V.   Plaintiffs' CLRA and UCL Claims Are Sufficient (Counts V and VI). ..........................8
    A.   Plaintiffs may maintain their CLRA and UCL claims seeking equitable relief. ...................8
    B.   Plaintiffs' claims against Defendant do not violate Rule 9(b) ................................9
    C.   Plaintiffs allege misrepresentations that support their CLRA and UCL claims.....................11
    D.   Defendants induced reliance under the CLRA and UCL. ......................................11
    E.   Plaintiffs' omission-based CLRA and UCL claims survive because Defendants had
        exclusive knowledge of the Defect. .........................................................14
    F.   Plaintiffs' CLRA and UCL claims survive because Defendants actively concealed the
        Defect ...........................................................................................14

VI.   Plaintiffs' Unjust Enrichment Claim Is Sufficient (Count VIII). ..................................15

VII.   Plaintiffs' Claims for Injunctive and Declaratory Relief Are Sufficient (Counts VII and IX)......16

VIII.   Plaintiffs Should Be Granted Leave to Amend If Any Claim Is Dismissed.................................16

CONCLUSION................................................................................................................................16

# **TABLE OF AUTHORITIES**

## **Cases**

*Aberin v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2018 U.S. Dist. LEXIS 49731,
2018 WL 1473085 (N.D. Cal. Mar. 26, 2018) ...............................................................................6, 9

*Adkins v. Comcast Corp.*, No. 16-CV-05969-VC, 2017 U.S. Dist. LEXIS 137881,
2017 WL 3491973 (N.D. Cal. Aug. 1, 2017) .......................................................................................9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................3

*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753 (9th Cir. 2015) .................................................15

*Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950 (N.D. Cal. 2018) ............................................ 6-7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................... 2-3

*Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538 (Cal. Ct. App. 2014) .................................6

*Brown v. Dynamic Pet Prods.*, No. 17-cv-0659-WQH-DHB, 2017 U.S. Dist. LEXIS 172722
(S.D. Cal. Oct. 18, 2017) .....................................................................................................................10

*Cartwright v. Viking Indus., Inc.*, 249 F.R.D. 351 (E.D. Cal. 2008) ................................................6

*Cirulli v. Hyundai Motor Co.*, No. SACV 08-0854 AG (MLGx), 2009 WL 5788762
(C.D. Cal. June 12, 2009) ....................................................................................................................11

*Clark v. LG Electronics U.S.A., Inc.*, No. 13-cv-485 JM (JMA), 2013 U.S. Dist. LEXIS 155179
(S.D. Cal. Oct. 29, 2013) .....................................................................................................................13

*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008) ................................................7

*Collazo v. Wen by Chaz Dean, Inc.*, No. 2:15-CV-01974-ODW-AGR,
2015 U.S. Dist. LEXIS 93474 (C.D. Cal. July 17, 2015) .................................................................10

*Cousins v. Lockyer* 568 F.3d 1063 (9th Cir. 2009) ...........................................................................2

*Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824 (Cal. Ct. App. 2006) ..................11

*Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088 (N.D. Cal. 2007) ......................................... 11, 14-15

*Hahn v. Massage Envy Franchising, LLC*, No. 12-CV-153, 2014 WL 5100220
(S.D. Cal. Sept. 25, 2014) .....................................................................................................................8

*In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090 (C.D. Cal. 2012) ..............................................16

*In re FCA US LLC Monostable Elec. Gearshift Litig.*, 280 F. Supp. 3d 975
(E.D. Mich. 2017) ......................................................................................................... 4, 14-15

*In re Ford Tailgate Litig.,* No. 11-CV-2953-RS, 2014 U.S. Dist. LEXIS 32287
(N.D. Cal. Mar. 11, 2014) ...................................................................................................7

*In re iPhone Application Litig.,* No. 11-MD-02250-LHK, 2011 U.S. Dist. LEXIS 106865
(N.D. Cal. Sep. 20, 2011).....................................................................................................3

*In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936 (N.D. Cal. 2014) ....................... 6-7

*In re MyFord Touch Consumer Litig.*, Case No. 13-cv-03072-EMC,
2016 U.S. Dist. LEXIS 179487 (N.D. Cal. Sept. 14, 2016) ..............................................4

*In re Toyota Motor Corp. Unintended Acceleration Mktg.,*
*Sales Practices & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145 (C.D. Cal. 2010) .................5

*In re Toyota Motor Corp.*, 754 F. Supp. 2d 1145 (C.D. Cal. 2010) ....................................11

*In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152 (C.D. Cal. 2011) ...................................12

*Inman v. Anderson*, 294 F. Supp. 3d 907 (N.D. Cal. 2018)................................................3

*Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168 (N.D. Cal. 2017) ..........................5, 8

*Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929 (C.D. Cal. 2012) ...................11

*Knappenberger v. City of Phoenix*, 566 F.3d 936 (9th Cir. 2009)........................................16

*LiMandri v. Judkins*, 52 Cal. App. 4th 326 (Cal. Ct. App. 1997)....................................11, 15

*Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151 (Cal Ct. App. 2004) .....................................15

*Luong v. Subaru of Am., Inc.*, No. 17-cv-03160-YGR, 2018 U.S. Dist. LEXIS 74611
(N.D. Cal. May 2, 2018) ....................................................................................................9

*Magney v. Cty. of Humboldt*, No. 17-cv-02389-HSG, 2018 U.S. Dist. LEXIS 35743
(N.D. Cal. Mar. 5, 2018)....................................................................................................3

*Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402 (Cal. Ct. App. 2003) ............................6

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989) .............................10

*Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191 (N.D. Cal. 2016) .........................................9

*Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2018 U.S. Dist. LEXIS 10810
(N.D. Cal. Jan. 23, 2018) ...................................................................................................8

*Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195 (N.D. Cal. 2017) ..........................................9

*Munning v. Gap, Inc.*, No. 16-cv-03804-TEH, 2016 U.S. Dist. LEXIS 149886
(N.D. Cal. Oct. 28, 2016) .................................................................................................10

*Nguyen v. Nissan N. Am., Inc.*, No. 16-CV-05591-LHK, 2017 U.S. Dist. LEXIS 55501, 2017 WL
1330602 (N.D. Cal. Apr. 11, 2017) ..................................................................................9

*People ex rel. Harris v. Sarpas*, 225 Cal. App. 4th 1539 (Cal. Ct. App. 2014) ...................8

*Resnick v. Hyundai Motor Am., Inc.*, No. CV 16-00593-BRO (PJWg),
2017 U.S. Dist. LEXIS 67525 (C.D. Cal. Apr. 13, 2017) .....................................10, 12, 14

*Salas v. Toyota Motor Sales, U.S.A., Inc.*, No. 15-cv-8629 FMO (ex),
2016 U.S. Dist. LEXIS 90794 (C.D. Cal. Sept. 27, 2016) ...................................................8

*Scott v. Metabolife Int'l, Inc.*, 115 Cal. App. 4th 404 (Cal. Ct. App. 2004) .......................5

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ........................................................................3

*Sussex Fin. Enters. v. Bayerische Hypo-Und Vereinsbank AG,* No. 08-4791 SC,
2010 U.S. Dist. LEXIS 671(N.D. Cal. Jan. 6, 2010) .........................................................10

*United States v. United Healthcare Ins. Co.*, 848 F.3d 1161 (9th Cir. 2016)......................10

*Volin v. Gen. Elec. Co.*, 189 F. Supp. 3d 411 (D.N.J. 2016) ................................................5

*Welsh v. Am. Home Mortg. Assets, LLC*, No. 4:13-CV-04750 CW,
2014 U.S. Dist. LEXIS 139337 (N.D. Cal. 2014) ............................................................16

*Williams v. Yamaha Motor Corp., U.S.A.*, 106 F. Supp. 3d 1101 (C.D. Cal. 2015)............14

*Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015 (9th Cir. 2017) ..................................14

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012)...........................................13

Rules

Fed. R. Civ. P. Rule 8 ..........................................................................................................9

Fed. R. Civ. P. Rule 9 ..........................................................................................................9

Fed. R. Civ. P. Rule 12 ........................................................................................................2

<u>Statutes</u>

15 U.S.C. § 2301 ...........................................................................................................1, 7

28 U.S.C. § 2201 .............................................................................................................1

42 U.S.C. § 1983 .............................................................................................................3

Cal. Bus & Prof Code § 17200 ......................................................................................1

Cal. Civ. Code § 1750 .....................................................................................................1

Cal. Civ. Code § 1791 .................................................................................................1, 8

Cal. Com. Code § 2314 ...................................................................................................6

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiffs' claims for breach of express warranty (Count I), for breach of the implied warranty of merchantability (Count II), for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* (Count III), and for breach of implied warranty pursuant to the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791, *et seq.* (Count IV), should be dismissed.

2. Whether Plaintiffs' claims for violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (Count V), and for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (Count VI), should be dismissed.

3. Whether Plaintiffs' claim for unjust enrichment (Count VIII) should be dismissed.

4. Whether Plaintiffs' claims for declaratory relief, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* (Count VII), and for injunctive and equitable relief should be dismissed.

**INTRODUCTION**

Defendants Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen AG ("VWAG") and Audi AG ("AAG") (collectively "Defendants" or "Audi") failed to resolve a dangerous transmission defect in Audi vehicles. Specifically, direct-shift gearbox ("DSG") transmissions are installed in the following vehicle models and model years: 2010-2015 Audi S4; 2010-2015 Audi S5; 2010-2015 Audi S6; 2010-2015 Audi S7; 2010-2015 Audi RS5 ("Class Vehicles"). The DSG transmissions have a common defect that causes sudden, rough, unexpected shaking and violent jerking (commonly referred to as "juddering" or "shuddering") when drivers attempt to accelerate Class Vehicles and shift into second, third, or fourth gear and also when drivers attempt to decelerate ("the Defect"). The Defect creates unreasonably dangerous situations while driving and increases the risk of a crash, as the driver is unable to accelerate the vehicle when needed or as expected. Audi repeatedly attempted—and failed—to remediate this Defect, issuing numerous Technical Service Bulletins ("TSBs") about these issues with the DSG transmission. Despite knowing that the Defect was widespread and serious enough to issue numerous TSBs, Audi never informed consumers of its existence, nor recalled the defective Class Vehicles.

Plaintiffs experienced the Defect firsthand when their Class Vehicles unexpectedly shook, violently jerked, "juddered," and failed to accelerate normally. Plaintiffs seek damages and equitable relief, including an injunction ordering Audi to cease from concealing the Defect and repair all defective Class Vehicles.

Audi has moved to dismiss all of Plaintiffs' claims, but none of its arguments provides a sufficient basis for dismissal. Plaintiffs therefore respectfully request that this Court deny Audi's motion.

**LEGAL STANDARD**

When deciding a Rule 12(b)(6) motion to dismiss, a court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer* 568 F.3d 1063, 1067 (9th Cir. 2009). A motion to dismiss should be denied if the Court finds that the plaintiff pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not the same as a "probability requirement," since it asks only whether the complaint "'raises a reasonable expectation that discovery will reveal evidence' to support the allegations." *Starr v. Baca*, 652 F.3d 1202, 1217 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

## ARGUMENT

### I. Plaintiffs Have Valid Express Warranty Claims (Count I).

#### A. Plaintiffs' claims against Defendants are not impermissibly "lumped" together.

In its argument alleging that Plaintiffs' breach of express warranty claim fails, Defendants first assert that there is an outright prohibition of "lumping" together the Defendants in allegations, arguing that doing so fails to satisfy the notice requirement. Def.'s Br. 5. However, the authorities cited do not support this contention. Both cases involve civil rights claims under 42 U.S.C. § 1983 in which the defendants were individuals and employees of *separate agencies*. *Magney v. Cty. of Humboldt*, No. 17-cv-02389-HSG, 2018 U.S. Dist. LEXIS 35743, at *10 n.7 (N.D. Cal. Mar. 5, 2018); *Inman v. Anderson*, 294 F. Supp. 3d 907, 919 (N.D. Cal. 2018). These cases are facially distinguishable because separate governmental departments differ fundamentally from related corporate entities. *Cf., In re iPhone Application Litig.,* No. 11-MD-02250-LHK, 2011 U.S. Dist. LEXIS 106865, at *26 (N.D. Cal. Sep. 20, 2011) (disallowing "lumping" of non-related corporate entities). Here, however, the three entities all collaborate in designing, manufacturing, marketing, selling, and warranting the Class Vehicles. Corrected First Amended Complaint ("CFAC") ¶¶ 18-20. These entities are "lumped" together because their corporate structure requires it. Each entity is interrelated to the others, and each was involved in the conduct at issue. Whether discovery might ultimately reveal that less than all of the Defendants are ultimately liable for a breach of the express warranty is a mixed question of law and fact that does not foreclose pursuit of Plaintiffs' express warranty claim at the pleading stage.

**B.    Plaintiffs' claims remain within the warranty periods.**

Defendants next argue that Plaintiffs' express warranty claims should be dismissed because the express warranty period expired before Plaintiffs sought repairs. Def.'s Br. 5. This argument, however, entirely ignores allegations raised in the CFAC. All Class Vehicles were covered by the 48-month/50,000-mile New Vehicle Basic Limited Warranty ("Limited Warranty"). CFAC ¶¶ 2, 95. All Class Vehicles that were purchased certified pre-owned were additionally covered under the 72-month/100,000-mile Certified Pre-Owned Vehicle Warranty ("Certified Pre-Owned Warranty"). *Id.* ¶ 95. Plaintiff Oushana purchased his certified pre-owned 2015 Class Vehicle on April 1, 2016. *Id.* ¶ 72. His vehicle was covered by both the Limited Warranty, which covered all Class Vehicles, and the Certified Pre-Owned Warranty. *Id.* In June 2017, Plaintiff Oushana began experiencing the consequences of the Defect and contacted the Audi dealership. *Id.* ¶¶ 74-75. Plaintiff Oushana informed Audi of the Defect and the need for maintenance within both the Limited Warranty and Certified Pre-Owned Warranty periods, before the applicable time and mileage periods had elapsed under either warranty. Because Plaintiff Oushana may represent the proposed nationwide class and California subclass, *see* Fed. R. Civ. P. 23(a) ("*One* or more members of a class may sue . . . as representative parties on behalf of all members . . . .") (emphasis added), Plaintiffs' express warranty claims should not be dismissed.

**C.    Plaintiffs allege a defect covered under the express warranties.**

Defendants also argue that because the Limited Warranty covers repairs "to correct a defect in manufacturer's material and workmanship," the express warranties cannot cover a design defect. Def.'s Br. 6-7. This argument, however, is premature and is not amenable to disposition at the motion to dismiss stage. *See In re MyFord Touch Consumer Litig.*, Case No. 13-cv-03072-EMC, 2016 U.S. Dist. LEXIS 179487, at *74 (N.D. Cal. Sept. 14, 2016) (granting class certification—rather than a motion to dismiss—as to express warranty claims for "design defects, not manufacturing defects" where the warranty at issue specifically allows for repair of manufacturing defect). "At this early stage of the case, without the benefit of any factual development as to the cause and origin of the alleged defect, dismissal of the express warranty claims is not justified by a premature and uninformed classification of the alleged defect as being categorically in the realm of "design" or "manufacturing." *In re FCA US LLC Monostable Elec.*

*Gearshift Litig.*, 280 F. Supp. 3d 975, 1011 (E.D. Mich. 2017); *accord Volin v. Gen. Elec. Co.*, 189 F. Supp. 3d 411, 421 (D.N.J. 2016).

Regardless, Plaintiffs have alleged that the Defect here is not limited only to design. Plaintiffs allege that the Defect is one of design and/or manufacture, based upon the fact that Defendants "designed, manufactured, and sold Class vehicles with [the] defects in the transmission system." CFAC ¶ 48; *see also* ¶ 31. So long as Plaintiffs allege a manufacturing defect, their claim for breach of express warranty is sufficient at the pleading stage. *See Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1177 (N.D. Cal. Aug. 29, 2017) ("Plaintiffs' claim may nonetheless survive if they plead a separate defect in manufacturing."); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1181 (C.D. Cal. 2010) (refusing to dismiss express warranty claims based on design defect where plaintiffs alleged "failure to design, *assemble and manufacture*") (emphasis in original). Here, Plaintiffs have alleged more than a design defect, and therefore their express warranty claims should survive the motion to dismiss.

### D.   Plaintiffs have sufficiently alleged all necessary elements for their express warranty claims.

The essential elements of Plaintiffs' express warranty claim are: (1) that there was a sale of goods; (2) that Defendants expressly or impliedly warranted the goods sold; (3) that there was a breach of warranty; (4) that the breach of warranty caused Plaintiffs to suffer injury, damage, loss, or harm; and (5) that Plaintiffs gave Defendants timely notice of the breach of warranty. *Scott v. Metabolife Int'l, Inc.*, 115 Cal. App. 4th 404, 405 (Cal. Ct. App. 2004). Plaintiffs sufficiently allege these elements.

Plaintiffs allege that: (1) Defendants marketed and sold Class Vehicles and that each Plaintiff purchased a Class Vehicle, CFAC ¶¶ 18, 19, 20, 54, 62, 67, 72; (2) Defendants expressly warranted and advertised that the Class Vehicles were safe and reliable, and expressly warranted that it would cover the cost of all parts and labor to repair any item on the vehicle when it left the manufacturing plant that is defective in material or workmanship, *id.* ¶¶ 47, 52, 75, 96, 116, 130, 131, 150; (3) Defendants breached these warranties by designing, manufacturing, marketing, and selling Class Vehicles suffering from the Defect, *id.* ¶¶ 3, 48, 102, 118, 120; (4) Plaintiffs suffered harm as a result of Defendants' breach: while

Plaintiffs experienced bucking, jerking, and failure to accelerate, Defendants have yet to provide a repair that eliminates these issues, *id.* ¶¶ 56-61, 63-66, 70-71, 74-77, and Plaintiffs have not received the benefit of their bargains, because had they been advised of the defect, they would not have purchased their Class Vehicles, or else would have paid significantly less for them, *id.* ¶¶ 61, 66, 71, 77; and (5) Plaintiffs gave adequate and timely notice to Defendants of the breach well within express warranty periods, *id.* ¶ 75. Accordingly, these claims should not be dismissed.

## II.   Plaintiffs' Implied Warranty Claims Are Sufficiently Alleged (Count II).

A breach of the implied warranty of merchantability means "the product did not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (Cal. Ct. App. 2003) (citing Cal. Com. Code § 2314(2)). "Such fitness is shown merely by the product being in safe condition and substantially free of defects." *Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1546 (Cal. Ct. App. 2014) (internal quotation marks and citations omitted). However, "the ordinary purpose of a car is not just to provide transportation but rather safe, reliable transportation." *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 980 (N.D. Cal. 2014); *Brand*, 226 Cal. App. 4th at 1546 ("[A] merchantable vehicle under the statute requires more than the mere capability of just getting from point A to point B.") (internal quotation marks omitted). Plaintiffs allege facts showing that the Class Vehicles did not satisfy the minimal requirements of merchantability. CFAC ¶¶ 24, 35-37, 39, 40-42, 48, 109, 154. "To show a vehicle is unmerchantable does not require showing that it is incapable of transporting; rather, the vehicle must be safe and reliable to be merchantable." *Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950, 976 (N.D. Cal. 2018) (citation omitted). These allegations are sufficient.

### A.   Plaintiffs are in privity with Defendants.

"Under California law, 'a third party beneficiary can enforce a contract made expressly for his benefit. . . . A contract made expressly for a third party's benefit does not need to specifically name the party as the beneficiary; the only requirement is that the party is more than incidentally benefitted by the contract.'" *Aberin v. Am. Honda Motor Co.*, No. 16-cv-04384-JST, 2018 U.S. Dist. LEXIS 49731, at *22 (N.D. Cal. Mar. 26, 2018) (quoting *Cartwright v. Viking Indus., Inc.*, 249 F.R.D. 351, 356 (E.D. Cal.

2008)). Here, Plaintiffs were indisputably the intended beneficiaries of any implied warranty of merchantability. Defendants intended for the dealers to sell Class Vehicles to consumers, including Plaintiffs and other Class Members.

In the alternative, Plaintiffs assert that they purchased their vehicles from authorized agents of Defendants, thereby obtaining privity through that agency relationship.

> Plaintiffs generally allege that Ford dealers acted as agents of Ford and thus privity obtains via the agency. Ford claims these pleadings are not supported by factual allegations. The allegations that Ford issued a TSB instructing dealers how to repair the defect, that Ford's warranty directs vehicle owners to present their vehicles to dealers for repairs, and that Ford requires dealers to submit detailed data regarding repairs support a plausible inference that the dealers acted as Ford's agents. The scope of that agency relationship (and hence privity) is a question of fact. *Cf. In re MyFord Touch*, 46 F.Supp.3d at 956 (holding that 'the scope of the agency is a factual one for the jury to resolve, especially as information about Ford's precise relationship with its dealers . . . is largely within Ford's possession, custody or control').

*Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950, 975 (N.D. Cal. 2018). Because Plaintiffs are in privity with Defendants and have sufficiently pleaded their implied warranty claims, the Court should not dismiss those claims.

### III.    Plaintiffs' Magnuson-Moss Warranty Claim Is Sufficient (Count III).

Defendants' argument that Plaintiffs' Magnuson-Moss Warranty Act (MMWA) claim must be dismissed assumes their state law warranty claims fail. Def's Br. 10. "'[C]laims under the Magnuson-Moss Act stand or fall with [plaintiffs'] express and implied warranty claims under state law. Therefore, this court's disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims.'" *In re Ford Tailgate Litig.,* No. 11-CV-2953-RS, 2014 U.S. Dist. LEXIS 32287, at *19 (N.D. Cal. Mar. 11, 2014) (citing *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008)). As discussed above, because Plaintiffs sufficiently allege their express and implied warranty claims, their MMWA claim is also sufficient and should not be dismissed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.    Plaintiffs Concede That Their Song Beverly Consumer Warranty Act Claims Are Barred as to Currently Named Plaintiffs and Seek Leave to Amend (Count IV).**

Plaintiffs concede that their implied warranty claim under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") fails as to Plaintiffs Walley, DeVico, and Oushana, who each purchased Class Vehicles either used or certified pre-owned. Plaintiffs seek leave to amend their Song-Beverly Warranty Act claim. *See Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1179 (N.D. Cal. 2017) (granting leave to amend to identify and add different class representatives).

**V.    Plaintiffs' CLRA and UCL Claims Are Sufficient (Counts V and VI).[1]**

**A.    Plaintiffs may maintain their CLRA and UCL claims seeking equitable relief.**

Defendants argue that Plaintiffs' UCL and CLRA claims fail because Plaintiffs have an adequate remedy at law. Def.'s Br. 13. The UCL allows recovery even where "the defendant is not the direct recipient of plaintiff's funds, but was sufficiently involved in the UCL violation." *Hahn v. Massage Envy Franchising, LLC*, No. 12-CV-153, 2014 WL 5100220, at *15 (S.D. Cal. Sept. 25, 2014). "The trial court has broad discretion to order restitution." *People ex rel. Harris v. Sarpas*, 225 Cal. App. 4th 1539, 1548 (Cal. Ct. App. 2014). Moreover, the "cumulative" nature of remedies under the UCL "does not explicitly eliminate or undermine the requirement that equitable remedies are subject to fundamental equitable principles, including inadequacy of a legal remedy." *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2018 U.S. Dist. LEXIS 10810, at *10 (N.D. Cal. Jan. 23, 2018) (quoting *Salas v. Toyota Motor Sales, U.S.A., Inc.*, No. 15-cv-8629 FMO (ex), 2016 U.S. Dist. LEXIS 90794 (C.D. Cal. Sept. 27, 2016)).

The same arguments advanced here by Defendants were recently rejected:

The Court recognizes that there is a split of authority in the California district courts on the question of whether plaintiffs should be barred from pleading claims for equitable relief

---

[1] Plaintiffs do not dispute that Plaintiffs Walley and DeVico cannot assert claims under the CLRA or UCL since they did not purchase their Class Vehicles in the State of California.

under the UCL and CLRA if they have alleged a claim that would provide an adequate remedy at law. *See Aberin v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2018 U.S. Dist. LEXIS 49731, 2018 WL 1473085, at *9 (N.D. Cal. Mar. 26, 2018) (denying dismissal); *Adkins v. Comcast Corp.*, No. 16-CV-05969-VC, 2017 U.S. Dist. LEXIS 137881, 2017 WL 3491973, at *3 (N.D. Cal. Aug. 1, 2017) ("A few federal courts seem to have decided that claims for equitable relief should be dismissed at the pleading stage if the plaintiff manages to state a claim for relief that carries a remedy at law . . . . But this Court is aware of no basis in California or federal law for prohibiting the plaintiffs from pursuing their equitable claims in the alternative to legal remedies at the pleadings stage."); *Nguyen v. Nissan N. Am., Inc.*, No. 16-CV-05591-LHK, 2017 U.S. Dist. LEXIS 55501, 2017 WL 1330602, at *4 (N.D. Cal. Apr. 11, 2017) (granting dismissal because plaintiff had adequate remedy at law); *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1204 (N.D. Cal. 2017) (same); *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) (same). ***The Court finds those decisions allowing claims for equitable relief to proceed as an alternative remedy, at the pleading stage, to be more persuasive, based upon the broad remedial purposes of the California consumer protection statutes.***

*Luong v. Subaru of Am., Inc.*, No. 17-cv-03160-YGR, 2018 U.S. Dist. LEXIS 74611, at *18 n.6 (N.D. Cal. May 2, 2018) (bold emphasis added). Because the law permits a plaintiff to maintain claims for equitable relief under the CLRA and UCL, this Court—for the same reasons as the *Luong* court—should not dismiss Plaintiffs' CLRA and UCL claims at this stage.

### B.    Plaintiffs' claims against Defendants do not violate Rule 9(b).

Defendants next argue that Plaintiffs fail to satisfy the pleading requirements of both Rules 8 and 9 of the Federal Rules of Civil Procedure because the Defendants are "lumped" together. Def's Br. 14. Plaintiffs have already addressed the "lumping" argument above, *supra* Section I.A. At this stage of the litigation it is impossible for Plaintiffs to know what role each Defendant played in the overall design, manufacture, marketing, and distribution of Class Vehicles. The claims against Defendants are necessarily "lumped" together by virtue of their interrelated corporate structure, shared conduct, and knowledge. Because Defendants here are related corporate entities, there is no danger or concern that defendant entities would fail to receive notice of the claims against them, and therefore Plaintiffs' claims are not improperly "lumped" together.

In interpreting the Ninth Circuit's instruction, some courts have found allegations regarding the role of multiple defendants to be sufficiently pleaded in cases where it was alleged that the defendants "worked in concert as parent and subsidiary entities in the marketing and selling" of the product in

question. *Brown v. Dynamic Pet Prods.*, No. 17-cv-0659-WQH-DHB, 2017 U.S. Dist. LEXIS 172722, at *3 (S.D. Cal. Oct. 18, 2017); *accord Sussex Fin. Enters. v. Bayerische Hypo-Und Vereinsbank AG*, No. 08-4791 SC, 2010 U.S. Dist. LEXIS 671, at *3 (N.D. Cal. Jan. 6, 2010). Allegations where multiple defendants acted "jointly in the design, manufacture, marketing, sale, and distribution of" goods were also found to be sufficient. *Collazo v. Wen by Chaz Dean, Inc.*, No. 2:15-CV-01974-ODW-AGR, 2015 U.S. Dist. LEXIS 93474, *6 (C.D. Cal. July 17, 2015) (internal quotation marks omitted). Moreover, allegations were sufficient where several defendants acted together to engage in corporate fraud because it was "difficult to attribute particular fraudulent conduct to each defendant as an individual" but the matters pleaded are "within the knowledge of the [defendants]." *Munning v. Gap, Inc.*, No. 16-cv-03804-TEH, 2016 U.S. Dist. LEXIS 149886, at* 3 (N.D. Cal. Oct. 28, 2016) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)).

In *Resnick v. Hyundai Motor Am., Inc*., No. CV 16-00593-BRO (PJWg), 2017 U.S. Dist. LEXIS 67525 (C.D. Cal. Apr. 13, 2017), a case cited by Defendants, the plaintiffs cured the impermissible "lumping" defect in their complaint by simply clarifying that the defendants participated in unanimous conduct.

> As the Court noted in its prior Order, Plaintiffs do not differentiate between the Defendants' conduct. Plaintiffs make no attempt to differentiate between the conduct of [the defendant corporate entities] HMC and HMA in their [Consolidated Class Action Complaint]. In their Opposition, however, Plaintiffs contend that "both HMA and HMC committed the same operative acts" and, therefore, there was no need to differentiate between them. The Ninth Circuit has recently held that "[t]here is no flaw in a pleading . . . where collective allegations are used to describe the actions of multiple defendants who are alleged to have engaged in precisely the same conduct." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). As Plaintiffs now clarify that they allege Defendants participated in unanimous conduct, it appears that they have not inappropriately "lumped" Defendants' conduct together.

*Id.* at *40 n.8 (citations to case documents omitted). Like *Resnick*, Plaintiffs alleged that Defendants acted in concert in "designing, engineering, manufacturing, testing, marketing, supplying, selling, and distributing motor vehicles, including Class Vehicles." CFAC ¶¶ 18-20. Plaintiffs further allege that Defendants collectively concealed the Defect. *Id.* ¶ 40. Because Plaintiffs have identified Defendants'

roles in the fraudulent conduct and have alleged that Defendants acted unanimously, the Court should deny Defendants' motion to dismiss Plaintiffs' fraud-based claims for "lumping" the Defendants together.

### C.   Plaintiffs allege misrepresentations that support their CLRA and UCL claims.

An omission is actionable under the CLRA and the UCL if it is "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (Cal. Ct. App. 2006); *see also Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 939 (C.D. Cal. 2012). A duty to disclose arises where the defendant: "(1) is in a fiduciary relationship with the plaintiff; (2) had exclusive knowledge of material facts not known to the plaintiff; (3) actively conceals a material fact from the plaintiff; or (4) makes partial representations but also suppresses some material fact." *In re Toyota Motor Corp.*, 754 F. Supp. 2d 1145, 1172-73 (C.D. Cal. 2010) (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (Cal. Ct. App. 1997)). Pursuant to the second, third, and fourth *LiMandri* factors, Plaintiffs sufficiently allege that Defendants were—and still remain—under a duty to disclose the Defect to Plaintiffs and Class Members. CFAC ¶¶ 6, 31, 37, 40, 50, 91-92, 140-44, 150-58; *see also LiMandri*, 52 Cal. App. 4th at 336.

Additionally, when "an allegation rests on a claim of fraudulent omission, the Rule 9(b) standard is relaxed because a plaintiff cannot plead either the specific time of [an] omission or the place, as he is not alleging an act, but a failure to act." *Cirulli v. Hyundai Motor Co.*, No. SACV 08-0854 AG (MLGx), 2009 WL 5788762, at *4 (C.D. Cal. June 12, 2009) (internal quotation marks omitted).

### D.   Defendants induced reliance under the CLRA and UCL.

Reliance and causation under the CLRA and UCL may be presumed where the allegations establish the omission was material to the purchase decision. *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007) (noting that reliance is "easily satisfied" where plaintiffs allege that a

reasonable consumer would not have paid the asking price if defect was disclosed). Plaintiffs allege that they would not have purchased their vehicles if Audi had disclosed the Defect at the time of purchase. CFAC ¶¶ 42, 52, 61, 66, 71, 77, 143, 154. Nothing more is required.

Additionally, a vehicle's propensity to unexpectedly and dangerously shake, "judder," and violently jerk when a driver attempts to accelerate, to shift gears, or to decelerate is information that would be material to a reasonable person or potential purchaser of the vehicle. *See, e.g*, *In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1169 (C.D. Cal. 2011) (finding that actual reliance presumed because "the propensity of a vehicle to [be affected by the alleged defect] is material to a reasonable person," thereby satisfying the causation requirement under the UCL). Defendants' reliance on *Resnick* is again unavailing. 2016 U.S. Dist. LEXIS 160179, at *3. The paint defect in *Resnick* that gradually caused rust and corrosion, *id.*, is obviously distinguishable from the safety Defect here that prevents drivers from shifting gears and accelerating as expected while Class Vehicles are being driven. *E.g.*, CFAC ¶¶ 4-5, 8, 24. Because the Defect here, like that in *In re Toyota Motor Corp.*, affected the safety of the Class Vehicles, Plaintiffs' reliance here on Defendants' misrepresentations relating to the Defect may be presumed.

Finally, Defendants overstate the connection required between Plaintiffs' purchase decisions and Defendants' "safe" and "reliable" misrepresentations. It is true that Plaintiffs must plead that Defendants' misrepresentations "played a substantial part, and so had been a substantial factor in influencing" their decisions to purchase the vehicles. *In re Toyota Motor Corp.*, 790 F. Supp. 2d at 1168 (citation and internal quotations omitted). But when misrepresentations are "part of an extensive and long-term advertising campaign, Plaintiffs need not demonstrate individualized reliance on specific misrepresentations or false statements." *Id.* (citation and internal quotations omitted). Defendants disseminated its "safe" and "reliable" representations, CFAC ¶ 100, extensively to all consumers

nationwide including, without limitation, through its website and vehicle brochures.[2] Plaintiffs allege they relied on Audi's express and implied warranties that the Class Vehicles were fit and safe for their ordinary purposes. CFAC ¶¶ 52, 108. Nothing more is required of Plaintiffs at this stage.

In *Clark v. LG Electronics U.S.A., Inc.*, No. 13-cv-485 JM (JMA), 2013 U.S. Dist. LEXIS 155179 (S.D. Cal. Oct. 29, 2013), the court rejected the same argument advanced here, explaining that "[defendant]'s reliance argument defies common sense and real-world business practice" because "[n]o [product] manufacturer would ever advertise its product to, in essence, consistently fail" or have problems resulting in "nonoperation." *Id.* at *19.

> Such advertising would be tantamount to an automobile manufacturer advertising its vehicle routinely stalls in freeway traffic, or a wireless telephone provider advertising a high rate of dropped calls. Such disclosures do not exist in the real world because they represent product or service failure. Product advertising is meant to identify and buttress product features and value, not denigrate and diminish those qualities. Under the unusual circumstances pled in this case, reliance may be established by [defendant]'s alleged failure to disclose at the point of purchase the alleged defects which, if true, would seem to negate the inherent purpose of the product.

*Id.* at *19. Thus, in *Clark*, the plaintiff's contentions that she would not have purchased the product had she known of the defect were sufficient allegations of causation to support her CLRA and UCL claims. *Id.* at *19.

Just as in *Clark*, Plaintiffs allege they would not have purchased their Class Vehicles had they been aware of the Defect prior to purchase. CFAC ¶¶ 52, 61, 66, 71, 77. Defendants misrepresented the true quality and character of theClass Vehicles, and because the Defect presents a safety risk, they were

---

[2] *E.g.*, 2013 Audi A7 and S7 brochure, available at https://www.thecollectionaudimiami.com/2013-audi-brochures.htm ("The Audi A7 might not be the car for you if you don't want peace of mind. Innovative safety features lead the way in Audi progressive thinking, so you can concentrate on better things, like the great performance of your A7. With up to ten airbags helping to protect nearly every inch of the cabin, an adaptive restraint system protecting its occupants, and advanced safety technologies that help you maintain control, Audi thinks of safety in a comprehensive way. Surrounding you with it. So you know you're not alone out there.").

required to disclose it. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). As a direct and proximate result of the misrepresentation, concealment, and failure to disclose, Plaintiffs have valid CLRA and UCL claims because they suffered damage which they could have avoided if they had known about the Defect at the time they were considering purchasing the Class Vehicles.

**E.     Plaintiffs' omission-based CLRA and UCL claims survive because Defendants had exclusive knowledge of the Defect.**

Defendants argue Plaintiffs omission claims fail because they do not show the Defendants' knowledge of the Defect at the time of each Plaintiff's purchase. Def.'s Br. 16. Knowledge of a defect can be established by showing the defendant "was in a superior position to know" of it, such that customers only become aware of the defect "if they actually experience it first-hand." *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1096 (N.D. Cal. 2007). Plaintiffs allege that Defendants had exclusive access to dealership data and pre-market testing data prior to selling Class Vehicles. CFAC ¶ 8. Plaintiffs further allege that the Defect is one that, absent pre-sale disclosure, consumers only could discover through first-hand experience when it manifests. *Id.* ¶¶ 90-91.

Plaintiffs also allege Defendants knew of the Defect through pre-sale design and testing and related post-sale Technical Service Bulletins. *Id.* ¶¶ 8, 25-32. The *FCA Gearshift* court found similar allegations sufficient to establish Chrysler's exclusive knowledge of its "dangerously unreliable design of the shifter." 280 F. Supp. 3d at 1001-02 (finding that Chrysler's knowledge was established by allegations of pre-market design and testing and complaints after recall was issued). Even if Defendants were unaware of consumer complaints through NHTSA or internet forums prior to Plaintiffs' purchases, the TSBs that were issued as early as 2011 are sufficient to establish Defendants' knowledge.

Defendants' legal authorities offer no contradictory conclusion. In *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015 (9th Cir. 2017), the Ninth Circuit disagreed with the district court, *Williams v. Yamaha Motor Corp., U.S.A.*, 106 F. Supp. 3d 1101 (C.D. Cal. 2015), and held that the plaintiffs adequately alleged Yamaha's presale knowledge of the defect. *Williams*, 851 F.3d at 1026-28. As discussed above, *Resnick* is distinguishable from the Class Vehicles' sudden lack of ability to accelerate, juddering, and inability to change gears, all of which present a safety hazard.

**F.      Plaintiffs' CLRA and UCL claims survive because Defendants actively concealed the Defect.**

Defendants' argument that Plaintiffs fail to allege that they knew of the Defect at the time of sale is unavailing. To state a claim for active concealment, a plaintiff must plead that the defendant intentionally concealed a material fact to defraud the plaintiff, of which it had a duty to disclose and the plaintiff was unaware, and which caused the plaintiff damage. *Falk*, 496 F. Supp. 2d at 1097 (citing *Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151, 157 (Cal Ct. App. 2004)).

Plaintiffs allege that Defendants were aware of the Defect given the descriptions of problems in its own Technical Service Bulletins, CFAC ¶¶ 25-32, through consumer complaints to NHTSA, *id.* ¶¶ 38-39, and through its own internal testing, *id.* ¶ 8. Further, Plaintiffs allege that Defendants continued selling affected Class Vehicles after unsuccessful attempts to fix the Defect described in its Technical Service Bulletins. *Id.* ¶ 31. These allegations suffice to state an active concealment claim. *Falk*, 496 F. Supp. 2d at 1097 (noting that active concealment claim survives motion to dismiss where plaintiffs adequately pleaded speedometer defect claim combined with factual allegations that defendant "tried to gloss over" the defect); *see also FCA Gearshift*, 280 F. Supp. 3d. at 1003 (finding active concealment where Chrysler failed to disclose "risks posed by the dangerous and unreliable shifter design; that it knew about the problems with that design as a result of its own testing and design analysis, and customer complaints received from early in the market life of the product; and that it should have disclosed the defect at or before the respective dates on which [plaintiffs] bought their cars"). Plaintiffs sufficiently plead the second, third, and fourth *LiMandri* factors to allege Defendants' failure to disclose the Defect in violation of the CLRA and UCL.

**VI.     Plaintiffs' Unjust Enrichment Claim Is Sufficient (Count VIII).**

Under California law, unjust enrichment refers to the "theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal quotation marks and citations omitted). As discussed above, Plaintiffs have sufficiently alleged fraud-based claims pursuant to the CLRA and

UCL.[3] Because they have sufficiently alleged actionable claims based upon fraud and misrepresentation, Plaintiffs' claim for unjust enrichment is sufficient. *See In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1114 (C.D. Cal. 2012) ("[U]njust enrichment is a theory that permits recovery on other recognized causes of action, including plaintiffs' UCL and CLRA claims."). Accordingly, the Court should not dismiss Plaintiffs' claim of unjust enrichment, which is a viable theory of recovery based upon Plaintiffs' CLRA and UCL claims.

**VII.  Plaintiffs' Claims for Injunctive and Declaratory Relief Are Sufficient (Counts VII and IX).**

Because Plaintiffs' claims are sufficiently alleged, their requests for declaratory relief and injunctive relief should not be dismissed. As discussed above, Plaintiffs have stated various valid claims. Therefore, the Court should not dismiss Plaintiffs' claims for declaratory judgment, including Claim IX under the Declaratory Judgment Act, 8 U.S.C. § 2201(a). CFAC ¶¶ 162-167; *Welsh v. Am. Home Mortg. Assets, LLC*, No. 4:13-CV-04750 CW, 2014 U.S. Dist. LEXIS 139337, at *25 (N.D. Cal. 2014).

**VIII.  Plaintiffs Should Be Granted Leave to Amend If Any Claim Is Dismissed.**

The Court should grant Plaintiffs' leave to amend if any claim is dismissed to cure any defects with additional factual allegations. *See, e.g., Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (noting that leave to amend should be granted unless "the district court determines that the pleading could not possibly be cured by the allegation of other facts.") (internal quotation marks and citation omitted).

**CONCLUSION**

Plaintiffs respectfully request that the Court deny Defendants' motion to dismiss in its entirety, because Plaintiffs' have sufficiently pleaded all claims set forth in their Corrected First Amended Complaint.

Date: June 25, 2018                         s/Gregory F. Coleman
                                            Gregory F. Coleman (*pro hac vice*)
                                            Adam A. Edwards (*pro hac vice*)
                                            Mark E. Silvey (*pro hac vice*)

---

[3] Plaintiffs Walley and DeVico concede they cannot assert an unjust enrichment claims.

Lisa A. White (*pro hac vice*)
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
greg@gregcolemanlaw.com
adam@gregcolemanlaw.com
mark@gregcolemanlaw.com
lisa@gregcolemanlaw.com

Daniel K. Bryson (*pro hac vice*)
J. Hunter Bryson (*pro hac vice*)
**WHITFIELD BRYSON & MASON LLP**
900 W. Morgan St.
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
dan@wbmllp.com
hunter@wbmllp.com

Deborah R. Rosenthal (# 184241)
**SIMMONS HANLY CONROY LLC**
100 N. Sepulveda Blvd., Suite 1350
Los Angeles, CA 90245
Telephone: (415) 536-3986
drosenthal@simmonsfirm.com

Mitchell M. Breit (*pro hac vice*)
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
mbreit@simmonsfirm.com

***Attorneys for the Plaintiffs***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing pleading, PLAINTIFFS'

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED

COMPLAINT was filed electronically with the Clerk of Court using the ECF system, which sent

notification of such filing to all counsel of record on this 25th day of June, 2018.


s/Gregory F. Coleman
Gregory F. Coleman (*pro hac vice*)
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929