**HERZFELD & RUBIN, P.C.**
Michael B. Gallub (Admitted *Pro Hac Vice*)
E-mail: mgallub@herzfeld-rubin.com
Homer B. Ramsey (Admitted *Pro Hac Vice*)
E-mail: hramsey@herzfeld-rubin.com
125 Broad Street
New York, NY 10004
Tel.: (212) 471-8500 – Fax: (212) 344-3333

**HERZFELD & RUBIN LLP**
Craig L. Winterman (SBN 75220)
E-mail: cwinterman@hrllp-law.com
10866 Wilshire Blvd., Suite 800
Los Angeles, CA 90024
Tel.: (310) 553-0451 – Fax: (310) 553-0648

Attorneys for Defendant,
VOLKSWAGEN GROUP OF AMERICA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MADANI, ERIC WALLEY, RICHARD DEVICO, ROMSIN OUSHANA, JOHN CHESS, and MICHAEL WARCHUT, on behalf themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>Defendant. | Case No. 4:17-cv-07287-HSG<br><br>**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: August 1, 2019<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Judge: Hon. Haywood S. Gilliam, Jr. |

**TABLE OF CONTENTS**

STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4 ........................................... 1

I.   STATEMENT OF RELEVANT FACTS AND PRELIMINARY STATEMENT ............ 2

II.  ARGUMENT ................................................................................................................. 4

III. THE EXPRESS WARRANTY CLAIMS OF PLAINTIFFS MADANI, WALLEY, DEVICO, AND WARCHUT MUST BE DISMISSED (COUNT I) ................................ 5

IV.  PLAINTIFFS' IMPLIED WARRANTY CLAIM MUST BE DISMISSED (COUNT II) .................................................................................................................. 7

    A.   Plaintiffs Madani, Oushana, Chess, and Warchut (California) ............................ 10

    B.   Plaintiffs Walley (Texas) and DeVico (New York) .............................................. 13

V.   PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT CLAIM MUST BE DISMISSED (COUNT III) ......................................................................................... 14

VI.  PLAINTIFFS' SONG-BEVERLY CONSUMER WARRANTY ACT CLAIM MUST BE DISMISSED (COUNT IV) ......................................................................... 14

VII. PLAINTIFFS' CLRA AND UCL CLAIMS MUST BE DISMISSED (COUNTS V AND VI) ............................................................................................... 16

    A.   Plaintiffs Walley, DeVico and Oushana's Claims Have Already Been Dismissed with Prejudice ..................................................................................... 16

    B.   The CLRA and UCL Claims, Which Seek Only Equitable Relief, Must be Dismissed Because All of the Plaintiffs Have An Adequate Remedy at Law .................................................................................................................... 16

    C.   Plaintiff Warchut's CLRA and UCL Claims are Time Barred ............................ 17

    D.   Plaintiffs Fail to Identify Any Actionable Misrepresentation That Could Form the Basis of a CLRA or UCL Claim.  In Addition, Both the Misrepresentation and Omissions-Based Claims Must Be Dismissed For Failure to Establish "Reliance" on the Part of Plaintiffs ...................................... 18

    E.   The CLRA and UCL Claims Fail Because Plaintiffs Have Not Adequately Pled Facts Establishing that Defendant Knew of the Alleged Defect at the Time of Sale ................................................................................. 20

VIII. PLAINTIFFS' UNJUST ENRICHMENT CLAIM MUST BE DISMISSED (COUNT VIII) ........................................................................................................... 22

IX.  DISMISSAL OF THE CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF PLEADED AS SEPARATE COUNTS (COUNTS VII & IX) ...................... 23

X.   CONCLUSION ........................................................................................................... 24

i

HERZFELD&
RUBIN PC
ATTORNEYS AT LAW
HR
&R

# TABLE OF AUTHORITIES

**Federal Cases**

*Atkins v. Union Pac. R. Co.*,
  753 F.2d 776 (9th Cir. 1985) ................................................................. 11

*Azoulai v. BMW of N. Am. LLC*,
  2017 WL 1354781 (N.D. Cal. Apr. 13, 2017) ......................................... 18

*Beasley v. Conagra Brands, Inc.*,
  2019 WL 1245144 (N.D. Cal. Mar. 18, 2019); ....................................... 17

*Bekins v. Astrazeneca Pharms. LP*,
  239 F. Supp. 3d 1220  (S.D. Cal. 2017) ................................................. 12

*Cali v. Chrysler Group LLC*,
  2011 WL 383952 (S.D.N.Y. Jan. 18, 2011) ........................................... 13

*Clemens v. DaimlerChrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008) .......................................................... 5, 10

*Coleman-Anacleto v. Samsung Elecs. Am., Inc.*,
  2017 WL 86033 (N.D. Cal. Jan. 10, 2017) ............................................. 21

*Czuchaj v. Conair Corp.*,
  2016 WL 1240391 (S.D. Cal. Mar. 30, 2016) ....................................... 9, 10

*Daniel v.  Ford Motor Co.*,
  806 F.3d 1217 (9th Cir. 2015) .............................................................. 9

*Deburro v. Apple, Inc.*,
  2013 WL 5917665  (W.D. Tex. Oct. 31, 2013) ..................................... 8, 13

*Dickey v. Advanced Micro Devices, Inc.*,
  2016 WL 1375571 (N.D. Cal. Apr. 7, 2016) ........................................... 23

*Dixon v. Ford Motor Co.*,
  2015 WL 6437612 (E.D.N.Y. Sep. 30, 2015) ......................................... 13

*Durkee v. Ford Motor Co.*,
  2014 WL 7336672 (N.D. Cal. Dc. 24, 2014) ....................................... 6, 11

*Duttweiler v. Triumph Motorcycles (Am.) Ltd.*,
  2015 WL 4941780 (N.D. Cal. Aug. 19, 2015) ......................................... 16

*Ebeid v. Lungwitz*,
  616 F.3d 993 (9th Cir. 2010) ................................................................ 4

*Ehrlich v. BMW of N. Am., LLC*,
  801 F. Supp. 2d 908 (C.D. Cal. Aug. 11, 2010) ..................................... 19



*Elias v. Hewlett-Packard Co.*,
   903 F. Supp. 2d 843 (N.D. Cal. 2012) ................................................................ 5, 14

*Felix v. Anderson*,
   2016 WL 3540980 (N.D. Cal. June 29, 2016) ................................................... 6, 18

*Ferris v. Ford Motor Co.*,
   2019 WL 1100376 (N.D. Cal. Mar. 8, 2019) ........................................................ 17

*Fierro v. Volkswagen Grp. of Am.*,
   2016 WL 7165729 (C.D. Cal. Sep. 23, 2016) ...................................................... 15

*Fonseca v. Goya Foods, Inc.*,
   2016 WL 4698942 (N.D. Cal. Sep. 8, 2016) ........................................................ 23

*Ford v. Ford Motor Co.*,
   2014 WL 12570925 (C.D. Cal. Jan. 17, 2014) ...................................................... 9

*Galvez v. Ford Motor Co.*,
   2018 WL 4700001 (E.D. Cal. Sep. 30, 2018) ........................................................ 7

*Gerstle v. Am. Honda Motor Co.*,
   2017 WL 2797810, (N.D. Cal. June 28, 2017) .......................................... 11, 22, 23

*Gibbs v. Wood*,
   2017 WL 1407727 (N.D. Cal. Apr. 20, 2017) ...................................................... 12

*Gonzales v. Mazda Motor Corp.*,
   2017 WL 345878 (N.D. Cal. Jan. 5, 2017). ........................................................ 10

*Haines v. Brand*,
   2012 WL 2237366 (N.D. Cal. June 14, 2012) .................................................... 16

*Hall v. Sea World Entm't, Inc.*,
   2015 WL 9659911 (S.D. Cal. Dec. 23, 2015) ...................................................... 19

*Hamilton v. TBC Corp.*,
   2018 WL 4521127 (C.D. Cal. Aug. 24, 2018) .................................................... 10

*Horvath v. LG Elecs. MobileComm U.S.A., Inc.*,
   2012 WL 2861160 (S.D. Cal. Feb. 13, 2012) ...................................................... 10

*In re MyFord Touch Consumer Litig.*,
   2018 WL 887534 (N.D. Cal. Feb. 14, 2018) ........................................................ 15

*In re Seagate Tech. LLC Litig.*,
   233 F. Supp. 3d 776 (N.D. Cal. 2017) ...................................................... 10, 11, 18

*In re Sony PS3 Other OS Litig.*,
   551 F. Appx. 916 (9th Cir. 2014) ........................................................................ 14

*In re Velti PLC Sec. Litig.*,
  2015 WL 5736589 (N.D. Cal. Oct. 1, 2015) ................................................................. 4

*Jager v. Howmedica Osteonics Corp.*,
  2016 WL 520985 (N.D. Cal. Feb. 10, 2016) ............................................................... 12

*Johnson v. Nissan N.A.*,
  272 F. Supp. 3d 1168 (N.D. Cal. Aug. 29, 2017) ....................................................... 15

*Kay v. Wells Fargo & Co. N.A.*,
  2007 WL 2141292 (N.D. Cal. July 24, 2007) ............................................................. 12

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ................................................................................... 18

*Keilholtz v. Lennox Hearth Prods.*,
  2009 WL 2905960  (N.D. Cal. Sep. 8, 2009) ............................................................. 17

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
  313 U.S. 487 (1941). ..................................................................................................... 8

*Lee v. Toyota Motor Sales, U.S.A., Inc.*,
  992 F. Supp. 2d 962, 979 (C.D. Cal. 2014) ................................................................. 7

*Long v. Walt Disney Co.*,
  116 Cal. App. 4th 868 (2004) .................................................................................... 12

*Martinez v. Wells Fargo Home Mortg., Inc.*,
  598 F.3d 549 (9th Cir. 2010) ..................................................................................... 19

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 589 (9th Cir. 2012) ................................................................................... 8, 9

*McMillan v. Bank of Am., N.A.*,
  2015 WL 1942743 (S.D. Cal. Apr. 15, 2015). ..................................................... 12, 13

*Meserole v. Sony Corp. of Am., Inc.*,
  2009 WL 1403933 (S.D.N.Y. May 19, 2009) ....................................................... 8, 13

*Moss v. Infinity Ins. Co.*,
  197 F. Supp. 3d 1191 (N.D. Cal. July 14, 2016) ....................................................... 17

*Mullins v. Premier Nutrition Corp.*,
  2018 WL 510139  (N.D. Cal. Jan. 23, 2018) ....................................................... 16, 17

*Myers v. BMW of N. Am., LLC*,
  2016 WL 5897740 (N.D. Cal. Oct. 11, 2016) ............................................................ 19

*Newcal Indus., Inc. v. IKON Office Solution*,
  513 F.3d 1038 (9th Cir. 2008) ................................................................................... 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





*O'Connor v. Wells Fargo, N.A.,*
2014 WL 4802994 (N.D. Cal. Sep. 26, 2014)..................................................................23

*Parenteau v. GM, LLC,*
2015 WL 1020499 (C.D. Cal. Mar. 5, 2015) ..................................................................19

*Philips v. Ford Motor Co.,*
2016 WL 1745948 (N.D. Cal. May 3, 2016) .....................................................................9

*Resnick v. Hyundai Motor Am., Inc.,*
2016 WL 9455016 (C.D. Cal. Nov. 14, 2016) .........................................................19, 21

*Rhynes v. Stryker Corp.,*
2011 WL 2149095 (N.D. Cal. May 31, 2011) .................................................................17

*Rosenfeld v. JP Morgan Chase Bank, N.A.,*
732 F. Supp. 2d 952 (N.D. Cal. Aug. 9, 2010) ...............................................................24

*Sandhu v. Volvo Cars of N. Am., LLC,*
2017 WL 403495 (N.D. Cal. Jan. 31, 2017) ...................................................................15

*Sloan v. GM LLC,*
2017 WL 3283998 (N.D. Cal. Aug. 1, 2017)...........................................................14, 21

*Smith v. LG Elecs. U.S.A., Inc.,*
2014 WL 989742 (N.D. Cal. Mar. 11, 2014) ....................................................................7

*Somers v. Apple, Inc.,*
729 F.3d 953 (9th Cir. 2013).............................................................................................4

*Thompson v. Nationstar Mortg. LLC,*
2017 WL 3232549 (N.D. Cal. July 31, 2017) .................................................................23

*Tietsworth v. Sears, Roebuck and Co.,*
720 F. Supp. 2d 1123 (N.D. Cal. 2010) ............................................................................7

*Tomek v. Apple Inc.,*
636 Fed. App'x 712 (9th Cir. 2015).................................................................................20

*Troup v. Toyota Motor Corp.,*
545 Fed. Appx. 668 (9th Cir. 2013) .................................................................................14

*Tsai v. Wang,*
2017 WL 2587929 (N.D. Cal. June 14, 2017). ...............................................................23

*Tuscany Invs. LLC v. Daimler Trucks N. Am., LLC,*
2015 WL 4941699 (N.D. Cal. Aug. 18, 2015).................................................................14

*Victorino v. FCA US LLC,*
2018 WL 1083395 (S.D. Cal. Feb. 27, 2018) .................................................................22



*Vinci v. Hyundai Motor Am.,*
   2018 U.S. Dist. LEXIS 139979 (C.D. Cal. Apr. 10, 2018) ......................................................... 8

*Wakefield v. Wells Fargo & Co.,*
   2014 WL 5077134 (N.D. Cal. Oct. 9, 2014) ........................................................................... 11

*Williams v. Yamaha Motor Co.,*
   851 F.3d 1015 (9th Cir. 2017) ............................................................................................ 21

*Wilson v. Hewlett-Packard Co.,*
   668 F.3d 1136 (9th Cir. 2012) ............................................................................................ 20

*Yi v. BMW of N. Am., LLC,*
   2018 WL 3359016 (C.D. Cal. May 24, 2018) ........................................................................ 7

*Yumul v. Smart Balance, Inc.,*
   733 F. Supp. 2d 1117 (C.D. Cal. May 24, 2010) .................................................................. 12

**State Court Cases**

*Jolly v. Eli Lilly & Co.,*
   44 Cal. 3d 1103 (1988) ..................................................................................................... 18

*Kearney v. Solomon Smith Barney, Inc.,*
   39 Cal. 4th 95 (2006) ......................................................................................................... 8

*Korea Supply Co. v. Lockheed Martin Corp.,*
   29 Cal. 4th 1134 (2003) .................................................................................................... 16

*Madrid v. Perot Sys. Corp.,*
   130 Cal. App. 4th 440 (2005) ........................................................................................... 16

*McCann v. Foster Wheeler LLC,*
   48 Cal. 4th 68 (2010) ..................................................................................................... 8, 9

*McDonald v. Antelope Valley Cmty. Coll. Dist.,*
   45 Cal. 4th 88 (2008) ....................................................................................................... 12

**Statutes**

Cal. Civ. Code § 1791(a) ...................................................................................................... 15

Cal. Civ. Code § 1792 .................................................................................................... 14, 15

Cal. Civ. Code § 1795.5 ....................................................................................................... 15

Cal. Com. Code § 2725 ................................................................................................. 5, 6, 11

N.Y. UCC § 2-314 .................................................................................................................. 9

N.Y. UCC § 2-316 ................................................................................................................ 13

vi

Tex. Bus. & Com. Code § 2.314 ................................................................. 10

Tex. Bus. & Com. Code § 2.316 ................................................................. 13

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................... 1, 2, 24

Fed. R. Civ.P. Rule 9(b) ................................................................. 1, 4, 12, 18

**Acts**

Consumers Legal Remedies Act .......................................................... passim

Song-Beverly Act ....................................................................... 3, 14, 15

Unfair Competition Law .................................................................. passim

TABLE OF AUTHORITIES –

CASE NO. 4:17-CV-07287-HSG

**NOTICE OF MOTION AND MOTION TO DISMISS:**

**PLEASE TAKE NOTICE** that on August 1, 2019 at 2:00 p.m., or as soon thereafter as this matter may be heard, before the Honorable Haywood S. Gilliam, Jr. in Courtroom 2 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland,  California 94162, Defendant Volkswagen Group of America, Inc. ("VWGoA") will, and hereby does, respectfully move the Court for an order dismissing the Second Amended Complaint ("SAC"), pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), for failure to state a claim upon which relief can be granted.

This Motion to Dismiss is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support thereof, the SAC and matters incorporated or referenced therein, the Declaration of George Blake with exhibits, matters that may be judicially noticed, other documents filed in this case, and upon such other matters as may be presented to the Court at the time of the hearing.

.

Dated:  March 29, 2019                             Respectfully submitted,

HERZFELD & RUBIN, P.C.


By:     */s/ Michael B. Gallub*
Michael B. Gallub *(Pro Hac Vice)*
Attorneys for Defendant,
VOLKSWAGEN GROUP OF AMERICA, INC.

## STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4

1. Whether Plaintiffs' first, second, third and fourth causes of action for alleged breach of express warranty, and breach of implied warranty of merchantability under the California Commercial Code, the Magnuson-Moss Warranty Act and Song-Berry Consumer Warranty Act, should be dismissed (a) for failure to state a claim upon which relief can be granted, and (b) because the implied warranty claims of Plaintiffs Madani and Chess, and all of Plaintiff Warchut's claims, are time barred under the applicable statutes of limitation.

2. Whether Plaintiffs' fifth and sixth causes of action under the Consumers Legal Remedies Act (CLRA) and Unfair Competition Law (UCL) should be dismissed for failure to plead said claims with the particularity required by Rule 9(b), for failure to allege facts plausibly stating a claim upon which relief can be granted under Rule 8, and for Plaintiff Warchut's claims being time barred.

3. Whether Plaintiffs' eighth cause of action for unjust enrichment should be dismissed for failure to state a claim upon which relief can be granted.

4. Whether Plaintiffs' seventh and ninth causes of action for declaratory, injunctive and equitable relief should be dismissed because they are mere remedies and not independent causes of action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

I.        **STATEMENT OF RELEVANT FACTS AND PRELIMINARY STATEMENT**

Defendant Volkswagen Group of America, Inc. ("VWGoA")[1] respectfully submits this Motion to Dismiss and Memorandum of Law in support of its motion to dismiss Plaintiffs' Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). For the reasons demonstrated below, most of the causes of action asserted against Defendant fail to state claims upon which relief can be granted, and should be dismissed.[2]

This is Plaintiffs' third shot at pleading.  Yet, the SAC, in material respects, completely ignores this Court's February 15, 2019 Order (Dkt. No. 69) dismissing most of Plaintiffs' claims in the First Amended Complaint ("FAC") (the "Dismissal Order").  In the Dismissal Order, the Court dismissed the following claims with prejudice:

- The CLRA and UCL claims of Plaintiffs Walley, DeVico and Oushana, and
- The Unjust enrichment claims of Plaintiffs Walley and DeVico.

Despite the Court's dismissal of these claims with prejudice, Plaintiffs' SAC improperly continues to assert them.

In addition, the Dismissal Order dismissed the following claims without prejudice for substantial pleading deficiencies that failed to state claims upon which relief can be granted:

- The Court dismissed the express warranty claims of Plaintiffs Madani, Walley and DeVico's, premised on the New Vehicle Limited Warranty ("NVLW"), because these Plaintiffs did not experience transmission problems within the warranty period.
- The Court dismissed the express warranty claims of all Plaintiffs based on advertising/marketing because the generalized promotional statements constituted non-actionable puffery.
- The Court dismissed Plaintiffs Oushana and Madani's implied warranty claims under California law for lack of privity.

---

[1]   Plaintiffs' Second Amended Complaint dropped Volkswagen AG and Audi AG as Defendants. The only Defendant in this action is VWGoA.

[2]   Defendant moves to dismiss all claims in the SAC except the express warranty claims of Plaintiffs Oushana and Chess.

- The Court dismissed the implied warranty claims of Plaintiffs Walley and DeVico because, regardless of which state's law applies (California, or the laws of the Texas and New York, where Plaintiffs purchased their vehicles), their claims fail under California law for lack of privity, and under Texas and New York law because they do not claim to have experienced a failure or malfunction in their vehicles (i.e., a manifestation of their claimed defect) during the limited implied warranty period.

- The Court dismissed all Plaintiffs' California Song-Beverly Act claims based on their concession that the claims were not adequately pled.

- The Court dismissed all Plaintiffs' unjust enrichment claims because an express contract, the NVLW, governs the subject matter in question.

- The Court dismissed the CLRA and UCL claims of Plaintiff Madani because he failed to allege that Defendant had the requisite pre-sale knowledge of the subject defect.

Plaintiffs' SAC improperly continues to assert the claims that this Court dismissed with prejudice, and fails in almost all respects to cure the fatal deficiencies regarding the claims that were dismissed without prejudice. Indeed, aside from adding some additional allegations on the limited issue of "pre-sale knowledge," Plaintiffs' allegations in the SAC are nearly identical to the ones that were found deficient in the FAC and should, therefore, be dismissed for the same reasons, this time with prejudice.

The SAC compounds the improprieties by adding two new Plaintiffs, John Chess and Michael Warchut, whose claims suffer from the same fatal deficiencies. In addition, as discussed below, Plaintiffs Warchut and Chess's implied warranty claims fail for lack of privity as they purchased their vehicles from third-party dealers, not VWGoA, and their claims for unjust enrichment fail because their vehicles were also sold with the same type of applicable contract – a New Vehicle Limited Warranty – as the other Plaintiffs whose identical unjust enrichment claims were dismissed.

All of Plaintiff Warchut's claims, which are governed by between two and four-year statutes of limitations, are time barred, as Warchut admittedly purchased his vehicle in July 2011.

Moreover, based on the pleaded allegations, Plaintiff Warchut was on inquiry notice of the alleged defect no later than April 2012, and accordingly, cannot avail himself of the delayed discovery rule to delay accrual of his claims.  Similarly, the implied warranty and Song-Beverly claims of Plaintiff Chess are barred by the applicable four-year statute of limitations.

For the reasons discussed below, all of Plaintiffs' claims, with the exception of the express warranty claims of Plaintiffs Chess and Oushana should be dismissed with prejudice.

## II.   ARGUMENT

The standards governing this motion are well-settled:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face…***Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of action,*** and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief.  ***Factual allegations must be enough to raise a right to relief above the speculative level***.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.  Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

*Somers v. Apple, Inc*., 729 F.3d 953 (9th Cir. 2013) (internal citations and quotations omitted) (emphasis added).

Fraud-based claims, such as CLRA and UCL, require additional factual particularity pursuant to Fed. R. Civ. P. 9(b).  Under Rule 9(b), a plaintiff must plead facts particularizing the "who, what, when, where and how" of each alleged underlying act and omission.  *Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).  Further, Rule 9(b) requires a plaintiff to specify "why the statement or omission complained of was false or misleading."  *In re Velti PLC Sec. Litig.,* 2015 WL 5736589, at *11 (N.D. Cal. Oct. 1, 2015).

As discussed below, the SAC's allegations fall far short of these governing standards.

/ / /

/ / /

III.   **THE EXPRESS WARRANTY CLAIMS OF PLAINTIFFS MADANI, WALLEY, DEVICO, AND WARCHUT MUST BE DISMISSED (COUNT I)**

This Court dismissed the express warranty claims of Plaintiffs Madani, Walley and DeVico, premised upon the New Vehicle Limited Warranty ("NVLW") applicable to their vehicles, based upon the well-settled rule "that an express warranty does not cover repairs made after the applicable time or mileage periods have elapsed." Dismissal Order at 6, quoting *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017-1022-23 (9th Cir. 2008); *see also Daugherty v. American Honda Motor Co., Inc.,* 144 Cal. App. 4th 824, 830 (2006). Thus, because Plaintiffs Madani, Walley and DeVico conceded that they "never experienced transmission problems within their express warranty periods," their claims for breach of express warranty could not survive the pleading stage. Dismissal Order, at 5-6.

Nothing pled in the SAC changes the pleaded facts upon which this Court dismissed their express warranty claims. As in the FAC, the SAC alleges that the vehicles of Plaintiffs Madani, Walley and DeVico did not experience any transmission failure or problem until after the expiration of the 4-year/50,000 mile period of the NVLWs applicable to their vehicles. SAC ¶¶ 98, 106, 110. In fact, Plaintiff DeVico did not even purchase his vehicle until after the expiration of the NVLW. *Id.* ¶ 110.[3] As such, the express warranty claims of Plaintiffs Madani, Walley and DeVico must be dismissed, this time with prejudice, for the same reasons set forth in the Dismissal Order (p.6); *see also Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1023 (9th Cir. 2008) ("The repairs in this case were made after the warranty period expired. Therefore, we affirm the dismissal of the express warranty claims."); *Elias v. Hewlett-Packard Co*., 903 F. Supp. 2d 843, 850 (N.D. Cal. 2012).

Plaintiff Warchut's express warranty claim must be dismissed as time barred. Under California law, an action for breach of warranty is governed by a four-year statute of limitations that begins when tender of delivery is made "regardless of the aggrieved party's lack of knowledge of the breach." Cal. Com. Code § 2725. Plaintiff Warchut purchased his vehicle on July 14, 2011. SAC ¶127. Since this action was commenced more than six years later, his claim is time barred.

---

[3]   The NVLW duration is "4 years or 50,000 miles . . . whichever occurs first"; thus, the NVLW applicable to Plaintiff DeVico's 2010 vehicle expired before Plaintiff purchased it used in 2016. SAC ¶¶ 110, 155.

Plaintiff cannot avoid the expiration of the statute of limitations by conclusorily alleging that his vehicle's NVLW is a warranty that explicitly extends to future performance.  Cal. Com. Code § 2725.  The NVLW does not "explicitly extend[] to future performance," but that does not matter because Warchut fails to plead the required facts establishing when he discovered the alleged defect, much less that he discovered the alleged defect less than four years before commencing his action.  *Durkee v. Ford Motor Co.,* 2014 WL 7336672, *6 (N.D. Cal. Dc. 24, 2014) (holding that to rely on discovery toll, plaintiff "must specifically plead facts showing the time and manner of discovery and the inability to have made earlier discovery despite reasonable diligence").

Moreover, Warchut's allegations demonstrate that he discovered, or at the very least should have discovered, his alleged claim by December 2011, or at the latest in April 2012.  He pleads that within a month of purchasing his vehicle in July 2011, the transmission would "surge at low speeds," "'buck' and 'lurch' forward when parked," and would "judder" when shifting between gears." SAC ¶129.  Plaintiff further alleges that on October 14, 2011, he took his vehicle to Audi Concord, an authorized Audi dealership, and "conveyed all of the aforementioned issues he had with the transmission of his" vehicle.  *Id.* at ¶ 130.  Plaintiff claims he was told that the issues he was experiencing were "an artifact of the design of the vehicle," and admits that he "was mystified and confused by this response given the experiences he had driving the" vehicle.  *Id.*  On December, 16, 2011, Warchut alleges that he again informed an Audi dealership that his vehicle "would surge at low speeds and 'buck' and lurch' forward" and that the "transmission would 'judder' when shifting between" gears.  *Id.* at ¶131.  According to the SAC, dealership personnel told Plaintiff Warchut this time "that there was no software updates or fix that could be done for these issues with his" vehicle.  *Id.*  Plaintiff further pleads that on April 25, 2012, he again conveyed to the dealership the continuing issues with his vehicle's transmission, and was allegedly told "that there was no software updates or fix that could be done for these issues with his Class Vehicle."  *Id.* at ¶ 132.

These pleaded facts establish that Warchut discovered, or should have discovered, the alleged transmission problems that are the basis for his claims by December 16, 2011, or certainly no later than April 25, 2012.  As such, his claim is time barred.  *Felix v. Anderson*, 2016 WL 3540980 (N.D. Cal. June 29, 2016) ("A plaintiff has reason to discover a cause of action when he or

she 'has reason at least to suspect a factual basis for its elements.'")(Gilliam, J.); *Galvez v. Ford Motor Co.,* 2018 WL 4700001, at *5 (E.D. Cal. Sep. 30, 2018) ("The repeated appearance of a check engine light in a brand-new" vehicle "alerts its owner that something is amiss, even where the dealer repeatedly represents that it has resolved the issue"); *Yi v. BMW of N. Am., LLC,* 2018 WL 3359016, at *6 (C.D. Cal. May 24, 2018) (noting courts have determined that plaintiffs were on notice of their "claims for statute of limitations purposes after as few as two or four repairs visits for the same problem"). As this action was commenced more than four years later, Plaintiff's claim is time barred.  In addition, as discussed *infra,* Plaintiff has failed to plead the requisites for equitable tolling or for a fraudulent concealment toll.

Finally, Plaintiffs again purport to allege a breach of express warranty claim premised upon the same allegations of alleged marketing of the vehicles as "safe" and "reliable (SAC ¶ 159) that this Court has already dismissed as "nonactionable puffery." Dismissal Order, at 7; *Smith v. LG Elecs. U.S.A., Inc.,* 2014 WL 989742, *6 (N.D. Cal. Mar. 11, 2014) (words regarding "safety" and "fitness for use" are vague and thus nonactionable); *Tietsworth v. Sears, Roebuck and Co*., 720 F. Supp. 2d 1123, 1136 (N.D. Cal. 2010).  Furthermore, the SAC does not allege where these puffery slogans appeared, let alone that Plaintiffs saw or relied upon them.  *Lee v. Toyota Motor Sales, U.S.A., Inc.,* 992 F. Supp. 962, 979 (C.D. Cal. 2014) (dismissing express warranty claim premised on language in a marketing brochure "because plaintiffs do not allege that they read or relied on the 'marketing brochure' before making their purchases").

Accordingly, the express warranty claims of Plaintiffs Madani, Walley, DeVico and Warchut must be dismissed with prejudice.

## IV.    PLAINTIFFS' IMPLIED WARRANTY CLAIM MUST BE DISMISSED (COUNT II)

Plaintiffs Madani, Oushana, Chess and Warchut purchased their vehicles in California. SAC ¶¶ 96, 115, 121, 127.  Plaintiff Walley alleges he purchased his vehicle in Texas, and Plaintiff DeVico pleads that he purchased his vehicle in New York.  SAC ¶¶ 105, 110.  Under applicable choice of law rules, their respective implied warranty of merchantability claims are governed by the law of the state in which each Plaintiff purchased his vehicle, i.e., California (Madani, Oushana,

7

Chess, and Warchut), Texas (Walley) and New York (DeVico).

A federal court sitting in diversity "must look to the forum state's choice of law rules to determine the controlling substantive law." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012); *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-07 (1941). California has adopted the "governmental interest analysis" to resolve choice of law questions. *Kearney v. Solomon Smith Barney, Inc.,* 39 Cal. 4th 95, 107-08 (2006); *Vinci v. Hyundai Motor Am.,* 17-cv-0997, 2018 U.S. Dist. LEXIS 139979, *14 (C.D. Cal. Apr. 10, 2018). Under this approach, where true conflicts of law and identifiable state interests are present, the court must "carefully evaluate[] and compare[] the nature and strength of the interest of each jurisdiction in the application of its own law" and then ultimately apply "the law of the state whose interest would be more impaired if its law were not applied." *Kearney,* 39 Cal. 4th at 107-08; *McCann v. Foster Wheeler LLC,* 48 Cal. 4th 68, 96-97 (2010) (holding that California provides a three-step process to resolve choice of law questions, and only if the court determines that the relevant laws are materially different and that each state has an interest in having its own law apply must the court take the final step and determine whose interests would be "more impaired").

With respect to the first step of the analysis, any difference in state law must be honored so long as it is "not trivial or wholly immaterial." *Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 591 (9th Cir. 2012). Here, the difference between the implied warranty of merchantability law of California and those of New York and Texas, where Walley and DeVico purchased their vehicles, are not trivial because it "makes a difference in this litigation." *Id.* Under both Texas and New York law, where a manufacturer or seller expressly limited the duration of the implied warranty of merchantability, as in this case, plaintiffs must allege that they actually experienced the defect within the limited warranty period. *See Deburro v. Apple, Inc.,* 2013 WL 5917665, *7 (W.D. Tex. Oct. 31, 2013) (dismissing implied warranty claim under Texas law because plaintiffs did "not complain of any defect or problem" prior to the expiration of the limited implied warranty period); *Meserole v. Sony Corp. of Am., Inc.,* 2009 WL 1403933, *1, 9 (S.D.N.Y. May 19, 2009) (dismissing claims of New York and Texas plaintiffs).

In contrast, under California law, the implied warranty of merchantability is breached at the

1  time of sale, not at the time of a supposed manifestation of an alleged latent defect. *Daniel v. Ford*

2  *Motor Co.,* 806 F.3d 1217, 1223 (9th Cir. 2015); *Philips v. Ford Motor Co*., 2016 WL 1745948, *9

3  (N.D. Cal. May 3, 2016) (requirement that the defect manifest within the warranty period only

4  applies to express warranty claims).

5       Accordingly, this Court must weigh New York's and Texas' interests in regulating

6  consumer transactions that took place within their respective jurisdictions, against California's

7  interest, if any, in protecting (possible) out-of-state consumers who, after purchasing a product,

8  brought that product to California.[4]  In *Mazza,* the Ninth Circuit weighed the interests of various

9  states in enforcing their own consumer laws against California's interest in applying its laws to

10  vehicle purchases outside of California. *Mazza,* 666 F.3d at 590-94.   The Ninth Circuit concluded

11  that "each foreign state has an interest in applying its law to transactions within its borders and…if

12  California law were applied…foreign states would be impaired in their ability to calibrate liability

13  to foster commerce." *Id.* at 592-93.  In addition, the California Supreme Court made clear that

14  "each state has an interest in setting the appropriate level of liability for companies conducting

15  business within its territory." *McCann,* 48 Cal. 4th at 91; *Vinci,* 2018 U.S. Dist. LEXIS 139979, at

16  *23.

17       California has no interest in applying its laws to Walley and DeVico's respective purchases

18  outside of California.  Any arguable interest would be further attenuated by the fact that Walley and

19  DeVico have not pled that they were California residents at the time of their purchases, or that

20  VWGoA is a resident of California. *See Mazza,* 666 F.3d at 594; *Czuchaj v. Conair Corp.,* 2016

21  WL 1240391, *4 (S.D. Cal. Mar. 30, 2016).  Indeed, California recognizes that "with respect to

22  regulating or affecting conduct within its borders, the place of the wrong [*i.e.,* the place of sale] has

23  the predominant interest." *Mazza,* 666 F.3d at 593-94; *see Ford v. Ford Motor Co.,* 2014 WL

24  12570925, at *6 (C.D. Cal. Jan. 17, 2014) (plaintiffs' state of purchase, not current state of

25  residence, has predominant interest for "claims based on the allegation that Plaintiffs' minivan was

26  defective when they purchased it"); *see also* N.Y. UCC § 2-314 ("a warranty that the goods shall be

27  ─────────────────────
[4]  Plaintiffs do not allege that they were residents of California at the time they purchased their
28  subject vehicles in Texas and New York.

merchantable is implied *in a contract for their sale*") (emphasis added); Tex. Bus. & Com. Code §
2.314 (same).

Moreover, Plaintiffs themselves plead that **"[a]t the time each class vehicle was sold** or
leased, Audi breached its…implied warranties." SAC ¶ 3 (emphasis added). For these reasons,
courts have held that "the appropriate course of action" is to apply each state's implied warranty
law to a consumer who purchased a product in that state. *Czuchaj,* 2016 WL 1240391, at *4
(holding that for implied warranty claims, "where the class members purchased" the product, "not
where they reside matters"); *see Hamilton v. TBC Corp.,* 2018 WL 4521127, *16 (C.D. Cal. Aug.
24, 2018) (holding that under California choice of law rules, implied warranty claims regarding
defective tires are governed by the jurisdictions where the tires were purchased); *Horvath v. LG
Elecs. MobileComm U.S.A., Inc.,* 2012 WL 2861160, *3 (S.D. Cal. Feb. 13, 2012). Accordingly,
DeVico's implied warranty claim is governed by New York law, and Walley's claim is governed by
Texas law.

   A.      Plaintiffs Madani, Oushana, Chess, and Warchut (California)

These Plaintiffs' breach of implied warranty claim fails for lack of privity. In dismissing the
claims of Plaintiffs Madani and Oushana in the FAC, this Court held that vertical privity is an
essential prerequisite for an implied warranty claim in California, and Plaintiffs did "not allege that
they and Defendants were 'adjoining links of the distribution chain." Dismissal Order, at 8-9; *see
Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1023 (9th Cir. 2008); *Gonzales v. Mazda Motor
Corp.,* 2017 WL 345878, *3 (N.D. Cal. Jan. 5, 2017). The claims of Plaintiffs Madani, Oushana,
Chess, and Warchut in the SAC must be dismissed for the same reason. The SAC does not, and
cannot, allege that Plaintiffs purchased their vehicles from Defendant VWGoA. Rather, all of the
Plaintiffs purchased their vehicles from third-parties. SAC ¶¶ 96, 115, 121, 127. The absence of
privity requires dismissal of all Plaintiffs' breach of implied warranty claims, this time with
prejudice. Dismissal Order, at 8-9; *Clemens,* 535 F.3d at 1023 ("an end consumer...who buys from
a retailer is not in privity with a manufacturer"); *In re Seagate Tech. LLC Litig.,* 233 F. Supp. 3d
776, 786 (N.D. Cal. 2017).

Plaintiffs cannot save their implied warranty claims by conclusorily alleging that they are

HERZFELD &
RUBIN PC
ATTORNEYS AT LAW

intended third-party beneficiaries of contracts between the Audi dealerships from which they purchased their vehicles and "Audi corporate." The argument ignores this Court's clear holding that "there is no third-party beneficiary exception to California's privity requirement." Dismissal Order, at 9; SAC ¶ 122; *In re Seagate Tech. LLC Litig.,* 233 F. Supp. 3d 786-88 (N.D. Cal. 2017).

In addition, the claims of Plaintiffs Madani, Warchut and Chess are untimely. Actions for breach of warranty under the Commercial Code are governed by a four-year statute of limitations that begins to run when tender of delivery is made "regardless of the aggrieved party's lack of knowledge of the breach." Cal. Comm. Code § 2725. Madani purchased his vehicle on April 10, 2013. SAC ¶ 96. Warchut purchased his vehicle on July 14, 2011, and Chess purchased his vehicle on May 26, 2010. *Id.* ¶¶ 121, 127. Since this action was commenced more than four years after each Plaintiff's purchase, their implied warranty claims must be dismissed. *See Gerstle v. Am. Honda Motor Co.*, 2017 WL 2797810, *12 (N.D. Cal. June 28, 2017) (holding that the delayed discovery rule is not applicable to implied warranty claims); *Durkee v. Ford Motor Co.,* 2014 WL 7336672, *5 (N.D. Cal. Dec. 24, 2014) (implied warranty claim time barred, sine implied warranties are not subject to delayed accrual until discovery).

The SAC's conclusory allegations of "active concealment" and "estoppel" do not toll the expired statute of limitations. In order to plead equitable estoppel, "a plaintiff must show either: (1) an affirmative statement that the statutory period to bring the action was longer than it actually was; (2) promises to make a better settlement of the claim if plaintiff did not bring the threatened suit; or (3) similar representations or conduct" by defendant. *Gerstle v. Am. Honda Motor Co.*, 2017 WL 2797810, at *9 (N.D. Cal. June 28, 2017), quoting *Atkins v. Union Pac. R. Co.,* 753 F.2d 776, 777 (9th Cir. 1985). The SAC fails to plead such facts. There are no allegations that Defendant VWGoA misled Plaintiff Madani, Warchut or Chess regarding the limitations period or otherwise made any promise inducing them not to file a timely action. *Id.* (holding that the statute of limitation cannot be tolled based on equitable estoppel because there is no allegation "that Defendant made any affirmative statement or promise to induce Plaintiffs not to sue"); *Wakefield v. Wells Fargo & Co.*, 2014 WL 5077134, *13 (N.D. Cal. Oct. 9, 2014) (estoppel requires a "misrepresentation bearing on the *necessity* of bringing a timely suit; the defendant's mere denial of

1  *legal liability* does not set up an estoppel") (emphasis in original).

2        The SAC likewise fails to support an active or fraudulent concealment toll.  Only affirmative

3  and active concealment—not mere omission or nondisclosure—can toll the statute of limitations based

4  on active or fraudulent concealment.  *Bekins v. Astrazeneca Pharms. LP,* 239 F. Supp. 3d 1220, 1227

5  (S.D. Cal. 2017); *Yumul v. Smart Balance, Inc.,* 733 F. Supp. 2d 1117, 1131 (C.D. Cal. May 24,

6  2010); *Long v. Walt Disney Co.,* 116 Cal. App. 4th 868, 874 (2004).  The SAC fails to plead facts

7  establishing affirmative and active concealment, let alone the "who, what, when, where, and how"

8  of the alleged active concealment required by Rule 9(b) to establish a toll.  *Kay v. Wells Fargo &*

9  *Co. N.A.*, 2007 WL 2141292, *5 (N.D. Cal. July 24, 2007) (fraudulent concealment toll must be

10  pled with Rule 9(b) particularity).  The conclusory allegations that "Audi failed to disclose,

11  concealed, and/or omitted" information and that Audi kept Plaintiffs "ignorant of vital information"

12  (SAC ¶¶ 92, 150), at best, amount to mere nondisclosure.  This is insufficient, as a matter of law, to

13  plead the requisites for a tolling of the statute of limitations.

14        Finally, only active conduct "above and beyond the wrongdoing upon which the plaintiff's

15  claim is filed" can toll the statute of limitations.  *Gibbs v. Wood,* 2017 WL 1407727, *6 (N.D. Cal.

16  Apr. 20, 2017); *see Jager v. Howmedica Osteonics Corp.,* 2016 WL 520985, *11, 15 (N.D. Cal.

17  Feb. 10, 2016); *Bekins v. Astrazeneca Pharms. LP,* 239 F. Supp. 3d 1220, 1226-27 (S.D. Cal. 2017);

18  *Kay,* 2007 WL 2141292, at *5.  Otherwise, the substantive wrong is merged with the tolling

19  doctrine, and the statute of limitations is eliminated "for claims arising out of the overlapping

20  substantive wrong."  *Bekins,* 239 F. Supp. at 1227.  Plaintiffs' conclusory allegations of active or

21  fraudulent concealment—themselves deficient under Rule 9(b)—are essentially the same

22  allegations underlying Plaintiffs' statutory fraud claims, and therefore fail to plead an entitlement to

23  a tolling of the statute of limitations.[5]

24  _____
[5]  Nor are Plaintiffs' claims subject to tolling under the equitable tolling doctrine.  Under California
25  law, equitable tolling applies where an injured party has several legal avenues of relief and pursues
one of them in a reasonable and timely fashion.  *McDonald v. Antelope Valley Cmty. Coll. Dist.,* 45
26  Cal. 4th 88, 100 (2008).  To benefit from equitable tolling, plaintiff must demonstrate the following
three elements "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to
27  the defendant in gathering evidence to defend against the second claim; and (3) good faith and
reasonable conduct by the plaintiff in filing a second claim."  *Id.*; *McMillan v. Bank of Am., N.A.,*
28  2015 WL 1942743, *8 (S.D. Cal. Apr. 15, 2015).  Here, as Plaintiff Madani, Warchut and Chess

B.      Plaintiffs Walley (Texas) and DeVico (New York)

Plaintiffs' Walley and DeVico's implied warranty claims must be dismissed for the same reason that their claims in the FAC were dismissed.  As this Court held, "[b]oth New York and Texas law permit the limitation of implied warranties to the duration of their express warranties, if done clearly and conspicuously."  Dismissal Order, at 10, citing N.Y. UCC § 2-316; Tex. Bus. & Com. Code § 2.316.  Here, the written New Vehicle Limited Warranties ("NVLW") applicable to Plaintiffs' vehicles expressly and conspicuously limit the duration of any implied warranty, including merchantability, to the 4-year/50,000 mile duration of the NVLW.  *See* Blake Decl. Exh. A at 14; Exh. B at 9, 15.  Despite having been afforded leave to amend, the SAC does not change the admissions that Plaintiffs Walley and DeVico did not experience any transmission failure or problem until after the expiration of the applicable 4-year/50,000 mile warranty period, and that DeVico did not even purchase his vehicle until after that warranty period had expired. SAC ¶¶ 105, 110, 155.  Accordingly, these Plaintiffs' implied warranty claims under Texas and New York law must be dismissed, this time with prejudice.  Dismissal Order, at 10; *Deburro v. Apple, Inc.,* 2013 WL 5917665, *7 (W.D. Tex. Oct. 31, 2013); *Meserole v. Sony Corp. of Am., Inc.,* 2009 WL 1403933, *1, 9 (S.D.N.Y. May 19, 2009).

While the Court did not see a reason to reach this issue in Dismissal Order, we note that in addition, under New York law, vertical privity is required to maintain a claim for breach of implied warranty of merchantability.  *Dixon v. Ford Motor Co.,* 2015 WL 6437612, *4 (E.D.N.Y. Sep. 30, 2015).  DeVico purchased his vehicle from an entity named Habberstad BMW, not from Defendant VWGoA.  SAC ¶ 110.  The absence of privity necessitates dismissal of DeVico's claim.  *See Dixon*, 2015 WL 6437612 *1 (dismissing claim even where vehicle was purchased from authorized dealership); *Cali v. Chrysler Group LLC*, 2011 WL 383952, *3 (S.D.N.Y. Jan. 18, 2011).[6]

brought their first claims after the expiration of the statute of limitations, they cannot avail themselves of equitable tolling.  *McMillan,* 2015 WL 1942743, at *9 (holding that allegation that defendant was notified of claim during limitations period is insufficient to invoke the equitable tolling doctrine "because plaintiffs did not [within the statutory period] file a claim in court").

[6]   In any event, as this Court held, even if California law applies to the claims of Walley and DeVico, their claims must still fail for lack of privity.  Dismissal Order, at 8-9.

1

## V.    PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT CLAIM MUST BE

2

### DISMISSED (COUNT III)

3        Plaintiffs' Magnuson-Moss Warranty Act (MMWA) claim is premised upon theories of

4  breach of express warranty and breach of implied warranty of merchantability.  A Magnuson-Moss

5  Warranty Act claim is derived entirely from state warranty law.  *In re Sony PS3 Other OS Litig.,*

6  551 F. Appx. 916, 920 (9th Cir. 2014); *Sloan v. GM LLC*, 2017 WL 3283998, *8 (N.D. Cal. Aug. 1,

7  2017).  Here, none of the Plaintiffs has stated a breach of implied warranty claim under applicable

8  state law.  Their derivative MMWA claim must be dismissed accordingly, with prejudice.  *Troup v.*

9  *Toyota Motor Corp*., 545 Fed. Appx. 668, 669 (9th Cir. 2013).

10        Plaintiffs Madani, Walley, DeVico and Warchut have failed to state a claim for breach of

11  express warranty under state law.  As such, their derivative MMWA claim, premised upon express

12  warranty, must also be dismissed with prejudice.

13

14

## VI.    PLAINTIFFS' SONG-BEVERLY CONSUMER WARRANTY ACT CLAIM MUST

15

### BE DISMISSED (COUNT IV)

16        In its Dismissal Order, the Court stated, "Plaintiffs concede that they have not adequately

17  pleaded claims under the Song-Beverly Act, but request leave to amend."  Dismissal Order, at 10.

18  However, despite having been afforded leave to amend, Plaintiffs, in the SAC, assert the very same

19  allegations that they previously conceded to be inadequate.[7]  Accordingly, their Song-Beverly Act

20  claims must be dismissed with prejudice.

21        Aside from Plaintiffs' concession, the Song-Beverly Act claims fail for the following

22  reasons:  As in the FAC, Plaintiffs' Song-Beverly claim is premised solely upon a breach of the

23  implied warranty of merchantability.  SAC ¶ 189-192.  The Song-Beverly Act is a California statute

24  that only applies to consumer products purchased in California.  Cal. Civ. Code § 1792; *Tuscany*

25  *Invs. LLC v. Daimler Trucks N. Am., LLC,* 2015 WL 4941699, *3 (N.D. Cal. Aug. 18, 2015); *Elias*

26  *v. Hewlett-Packard Co.,* 903 F. Supp. 2d 843, 851 (N.D. Cal. 2012) ("By its terms, the Song-

27  Beverly Act applies only to goods sold in California.").  Since Plaintiffs Walley and DeVico

28  ─────────────────
[7]  The same deficient allegations apply to the two added Plaintiffs, Warchut and Chess.

*Herzfeld & Rubin, P.C. Attorneys at Law*

purchased their vehicles in Texas and New York, respectively, they cannot assert claims under Song-Beverly.  SAC ¶¶ 105, 110.

Furthermore, Song-Beverly requires manufacturers to provide implied warranties only in connection with the sale of *new* consumer goods.   Cal. Civ. Code § 1792; § 1791(a) (defining "consumer goods" as "any new product…"); *Johnson v. Nissan N.A.,* 272 F. Supp. 3d 1168, 1178 (N.D. Cal. Aug. 29, 2017) ("Consumer goods" covered by the Act are defined by the Act "to govern 'new' products").  As Plaintiffs Walley, DeVico and Oushana purchased their vehicles *used* (SAC ¶¶ 105, 110, 115), their Song-Beverly claims must be dismissed.  *See, Fierro v. Volkswagen Grp. of Am.,* 2016 WL 7165729, *2 (C.D. Cal. Sep. 23, 2016) (holding that because Song-Beverly "defines 'consumer goods' to mean 'any new product'" and since plaintiff bought a used vehicle, "it is unclear how Song-Beverly would apply").

Section 1795.5 of Song-Beverly, which provides a limited implied warranty to *used* goods, does not apply here.  That section only creates an implied warranty on the part of a "*distributor or retail seller of used consumer goods*."  (emphasis added).  It does not apply to distributors of new products, such as VWGoA, nor did VWGoA sell a *used* vehicle to any Plaintiff.  *See* Cal. Civ. Code § 1795.5 (titled "Obligations of *distributors or sellers* of used goods") (emphasis added); *Johnson*, 272 F. Supp. 3d at 1179 (dismissing Song-Beverly implied warranty claim because § 1795.5 does not create any obligations on behalf of Nissan, the original manufacturer or distributor); *In re MyFord Touch Consumer Litig.,* 2018 WL 887534, *8-9 (N.D. Cal. Feb. 14, 2018).  Therefore, Plaintiffs Walley, DeVico and Oushana fail to state an implied warranty claim under Song-Beverly.

Finally, the claims of Plaintiffs Madani, Warchut and Chess are time-barred.  *Sandhu v. Volvo Cars of N. Am., LLC*, 2017 WL 403495, *3 (N.D. Cal. Jan. 31, 2017) ("[T]he statute of limitations for an action for breach of warranty under the Song-Beverly Act is four years pursuant to section 2725 of the Uniform Commercial Code.").  As Plaintiffs purchased their vehicles in April 2013 (Madani), May 2010 (Chess) and July 2011 (Warchut), their claims, commenced more than four years later, must be dismissed with prejudice.

/ / /

/ / /

HERZFELD & RUBIN PC
ATTORNEYS AT LAW

1   **VII.   PLAINTIFFS' CLRA AND UCL CLAIMS MUST BE DISMISSED**

2         **(COUNTS V AND VI)**

3         A.      Plaintiffs Walley, DeVico and Oushana's Claims Have Already Been Dismissed

4              with Prejudice

5         The SAC ignores this Court's Dismissal Order by reasserting the same CLRA and UCL

6   claims that were dismissed with prejudice.  In its Dismissal Order, the Court dismissed the CLRA

7   and UCL claims of Plaintiffs Walley and DeVico because they conceded that they "cannot assert

8   clams under the CLRA or UCL since they did not purchase their Class Vehicles in the State of

9   California."  Dismissal Order, at 11.  Furthermore, since their purchase locations were undisputed,

10  the court found that "amendment would be futile," and thus dismissed their claims without leave to

11  amend.  *Id.*  Similarly, Plaintiff Oushana's CLRA and UCL claims were dismissed "without leave

12  to amend" because he had an adequate remedy at law in his claim for breach of express warranty.

13  Dismissal Order, at 12.   Since these claims have already been dismissed with prejudice, their

14  reassertion in the SAC is improper.  These claims again must be dismissed with prejudice.  *See*

15  *Haines v. Brand,* 2012 WL 2237366 (N.D. Cal. June 14, 2012) ("Plaintiff's claim for intentional

16  infliction of emotional distress, which already was dismissed with prejudice, is DISMISSED WITH

17  PREJUDICE, again.").

18        The CLRA and UCL claims of the remaining named Plaintiffs, Madani, Warchut and Chess,

19  must be dismissed for the reasons discussed below:

20        B.      The CLRA and UCL Claims, Which Seek Only Equitable Relief, Must be Dismissed

21              Because All of the Plaintiffs Have An Adequate Remedy at Law

22        Plaintiffs' CLRA claim seeks only equitable relief, and the UCL provides only equitable

23  remedies.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003); *Madrid v.*

24  *Perot Sys. Corp.*, 130 Cal. App. 4th 440, 452 (2005).  Equitable claims brought under the CLRA

25  and UCL are routinely dismissed on the pleadings where, as in this case, Plaintiffs have failed to

26  establish that there is no adequate remedy at law available.  Order, at 11-12; *Mullins v. Premier*

27  *Nutrition Corp.*, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018) (collecting cases); *Duttweiler v.*

28  *Triumph Motorcycles (Am.) Ltd.*, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 19, 2015) (Gilliam, J.)

1    ("there is no right to equitable relief or an equitable remedy when there is an adequate remedy at

2    law").

3         "In the Ninth Circuit, the relevant test is whether an adequate damages remedy is available,

4    not whether the plaintiff elects to pursue it, or whether she will be successful in that pursuit."

5    *Mullins*, 2018 WL 510139, at *2 (collecting cases); *Moss v. Infinity Ins. Co.,* 197 F. Supp. 3d 1191,

6    1203 (N.D. Cal. July 14, 2016) (dismissing UCL claim due to the existence of legal remedies, and

7    holding "[s]uch is the case even if all of plaintiff's non-UCL claims ultimately fail"); *Rhynes v.*

8    *Stryker Corp.,* 2011 WL 2149095 (N.D. Cal. May 31, 2011) (dismissing UCL claim, despite also

9    dismissing plaintiff's legal claims, because "where the claims pleaded by a plaintiff <u>may</u> entitle her

10   to an adequate remedy at law, equitable relief is unavailable") (emphasis in original).

11        Here, Plaintiffs have not only failed to allege the absence of any adequate remedy at law, as

12   was required, but have asserted various legal claims for damages.  Accordingly, all of the Plaintiffs'

13   UCL and CLRA claims must be dismissed with prejudice.

14        C.    Plaintiff Warchut's CLRA and UCL Claims are Time Barred

15        Claims under the CLRA and UCL are governed, respectively, by three-year and four-year

16   statutes of limitations running, at the latest, from the date in which each Plaintiff purchased his

17   vehicle. *Beasley v. Conagra Brands, Inc*., 2019 WL 1245144 (N.D. Cal. Mar. 18, 2019); *Keilholtz*

18   *v. Lennox Hearth Prods.,* 2009 WL 2905960, at *3 (N.D. Cal. Sep. 8, 2009). As this action was

19   commenced more than four years after Plaintiff purchased his vehicle in 2011, Warchut's CLRA

20   and UCL claims are untimely.

21        Warchut's reliance on the delayed discovery rule to toll the statute of limitations is not

22   supported by any facts alleged in the SAC.  In order to invoke the delayed discovery rule, a plaintiff

23   must plead specific facts showing (1) the time and manner of discovery, and (2) the inability to have

24   discovered the alleged defect earlier despite reasonable diligence.  *Ferris v. Ford Motor Co*., 2019

25   WL 1100376 (N.D. Cal. Mar. 8, 2019).  None of these facts have been pled in the SAC.  Moreover,

26   as discussed *supra,* Plaintiff discovered, or had reason to discover, his alleged claim in December

27   2011, or certainly no later than April 2012.  Thus, Warchut's claims, brought more than four years

28   later, are barred by the applicable statutes of limitation. *Jolly v. Eli Lilly & Co*., 44 Cal. 3d 1103,

1110-1111 (1988) (holding that the limitations period begins once the plaintiff has notice or

information of circumstances "to put a reasonable person on inquiry"); *Felix v. Anderson,* 2016 WL

3540980 (N.D. Cal. June 29, 2016) (Gilliam, J.) (discovery rule delays accrual of limitations period

only until plaintiffs have "reason to discover the cause of action," *i.e.,* until "plaintiffs have reason

to at least suspect that a type of wrongdoing has injured them"); *see Beasley,* 2019 WL 1245144

(dismissing UCL and CLRA as time barred and holding that plaintiff could not rely on delayed

discovery rule because the complaint failed to allege *facts* showing his "inability to have made

earlier discovery despite reasonable diligence").

 In addition, as discussed *supra,* Plaintiff has failed to plead the requisites for an active

concealment or estopped toll.  *See supra* II. A.

 D. <u>Plaintiffs Fail to Identify Any Actionable Misrepresentation That Could Form the</u>
<u>Basis of a CLRA or UCL Claim.  In Addition, Both the Misrepresentation and</u>
<u>Omissions-Based Claims Must Be Dismissed For Failure to Establish "Reliance" on</u>
<u>the Part of Plaintiffs</u>

 The SAC fails to identify any affirmative misrepresentation other than conclusory generic

statements that "Audi advertised the Class vehicles as 'safe' and 'reliable'" and "represent[ed] that

its vehicles and transmissions are of a particular standard, quality or grade."  *See* SAC ¶¶ 198, 207.

Based on well-settled authority, this Court has already held that such generic statements constitute,

at most, non-actionable puffery which cannot support any claim, Dismissal Order at 7 much less a

claim of misrepresentation under the CLRA or the UCL.  *Newcal Indus., Inc. v. IKON Office

Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008); *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776,

793 (N.D. Cal. 2017) (collecting cases); *Azoulai v. BMW of N. Am. LLC*, 2017 WL 1354781, at *8

(N.D. Cal. Apr. 13, 2017) (same).

 Further, without identifying an actionable statement by VWGoA, it is impossible for the

SAC to sufficiently plead under any standard, much less the required heightened Rule 9(b)

particularity standard, that any Plaintiff actually relied upon any such affirmative misstatement and

suffered injury as a result.  *See*, *e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir.

2009) (affirming dismissal of CLRA and UCL claims because plaintiff failed to allege "when he

was exposed to" the alleged misrepresentations and "which [ones] he relied upon in making his decision to buy a CPO vehicle"); *Resnick v. Hyundai Motor Am., Inc.*, 2016 WL 9455016, at *16 (C.D. Cal. Nov. 14, 2016) ("[The California named plaintiff] has failed to establish she relied on any alleged misrepresentations.  Accordingly, her UCL, FAL, and CLRA claims fail.").  Thus, Plaintiffs' CLRA and UCL claims, based on affirmative misrepresentation, must be dismissed with prejudice.

The failure to plead facts establishing "reliance" on the part of any of the Plaintiffs likewise requires dismissal of the fraud by omission claims.  As to the UCL claim, this deficiency applies with equal force regardless of whether the UCL claims are predicated upon "unfairness," or "fraud. *See Myers v. BMW of N. Am., LLC*, 2016 WL 5897740, at *6-7 (N.D. Cal. Oct. 11, 2016) (CLRA and UCL claims require "actual reliance"); *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 919 (C.D. Cal. Aug. 11, 2010).

Under the CLRA and UCL, in order to establish reliance on an omission, Plaintiffs must plead and prove that "had the omitted information been disclosed, one would have been aware of it and behaved differently."  *Myers*, 2016 WL 5897740, at *17; *Hall v. Sea World Entm't, Inc.,* 2015 WL 9659911, at *5 (S.D. Cal. Dec. 23, 2015).  Plaintiffs Madani, Chess and Warchut do not allege that they heard, read or saw any advertisements or other representations from Defendant prior to purchasing their vehicles.  As such, they failed to plead facts plausibly establishing that they "would have been aware of" the alleged defect if disclosed.  *See Myers,* 2016 WL 5897740, at *6-7 (dismissing CLRA and UCL claims, including "unfair" prong claim, for failure to plead reliance); *Hall,* 2015 WL 9659911, at *6; *Ehrlich*, 801 F. Supp. 2d at 919-20; *see Parenteau v. GM, LLC,* 2015 WL 1020499, at *7 (C.D. Cal. Mar. 5, 2015) (dismissing nondisclosure claim because plaintiff did not allege any contact with Defendant, "as distinct from the dealer," prior to purchase and failed to "allege with any degree of specificity which advertisements…she relied on that failed to include the omitted information").[8]

---

[8]   Plaintiffs' claim under the UCL's "unlawful" prong fails because, as demonstrated herein, Plaintiffs Madani and Warchut have failed to sufficiently plead a violation of any statute including the CLRA, Song-Beverly, and breach of warranty under the California Commercial Code.  SAC ¶ 214; *Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 557 (9th Cir. 2010).  In addition,

HERZFELD & RUBIN, P.C.
ATTORNEYS AT LAW

E.   The CLRA and UCL Claims Fail Because Plaintiffs Have Not Adequately Pled Facts Establishing that Defendant Knew of the Alleged Defect at the Time of Sale

To state a cognizable claim under the CLRA and UCL, a plaintiff must adequately plead that defendant had pre-sale knowledge of the alleged defect. *Tomek v. Apple Inc*., 636 Fed. App'x 712, 713-14 (9th Cir. 2015); *Wilson v. Hewlett-Packard Co*., 668 F.3d 1136, 1145 n.5 (9th Cir. 2012) ("The failure to disclose a defect that  a manufacturer does not have a duty to disclose, i.e., a defect of which it is not aware, does not constitute an unfair or fraudulent practice" under the UCL).

Plaintiffs' claim of pre-sale knowledge in the SAC continues to be premised, in part, on 49 hearsay entries anonymously posted on the NHTSA website (SAC ¶ 81), excerpts of 5 Technical Service Bulletins ("TSBs") purportedly related to the alleged transmission (SAC ¶¶ 36-57), and a conclusory allegation of  knowledge based on pre-market testing (SAC ¶ 8).  However, this Court has already held that these allegations cannot establish pre-sale knowledge regarding Plaintiff Madani, who purchased his vehicle in 2013.  Specifically, the Court held that of the 49 NHTSA complaints, only one pre-dates Madani's purchase, and "one complaint about a different vehicle is insufficient to suggest that Defendants knew about a widespread defect."  Dismissal Order, at 13 (also holding that "Plaintiffs' conclusory allegations of pre-purchase knowledge based on 'pre-sale design and testing' are insufficient").[9]

In addition, the Court held that the one TSB that pre-dated the sale of Madani's vehicle, but which does not pre-date the sale of Plaintiffs Chess and Warchut's vehicles, cannot establish the requisite pre-sale knowledge because it "only noted '[c]lacking or knocking noises directly after a load change," but "Plaintiff Madani has not alleged any such noise defect in his vehicle."  Dismissal Order, at 13.

For the same reasons, these allegations do not establish pre-sale knowledge with respect to

---

although Defendant does not move to dismiss the express warranty claim of Plaintiff Chess, his claim under the UCL, including the "unlawful" prong, must still fail because he has an adequate remedy at law.  *See* Dismissal Order, at 11-12 (dismissing the UCL claim of Plaintiff Oushana with *prejudice* because he has an "adequate remedy at law" in his claim for breach of express warranty).

[9]   This NHTSA complaint dated October 23, 2012 post-dates the sale of Plaintiffs Chess and Warchut's vehicles.  SAC ¶ 81; Dismissal Order, at 13.

HERZFELD &
RUBIN PC
ATTORNEYS AT LAW

the claims of Warchut and Chess, both of whom purchased their vehicles in 2010 and 2011, respectively, prior to Madani's purchase.

The additional allegations in the SAC premised upon complaints on third-party websites, and a recall and NHTSA investigation into models/model year Audi and Volkswagen vehicles other than the Plaintiffs' and putative class vehicles, also fail to establish the required pre-sale knowledge of the specific defect alleged by Plaintiffs. First, consumer complaints posted on third-party websites--which the SAC fails to even allege were reviewed by VWGoA--do not demonstrate knowledge by VWGoA. *Coleman-Anacleto v. Samsung Elecs. Am., Inc.,* 2017 WL 86033, at *9 (N.D. Cal. Jan. 10, 2017) (holding that even consumer complaints posted on defendant's own website were insufficient by themselves to impute knowledge, let alone complaints posted on a third-party website, Amazon.com); *Resnick v. Hyundai Motor Am., Inc*., 2016 WL 9455016, at *1 (C.D. Cal. Nov. 14, 2016) (rejecting allegations of knowledge based on complaints posted on "Hyundai-Forums.com," and "carcomplaints.com" because plaintiffs had not pleaded facts indicating Hyundai monitored these websites and "complaints on websites do not, by themselves, commute knowledge to a manufacturer").

In addition, the Ninth Circuit made clear recently that pleading knowledge by consumer complaints requires an "unusually high level[]" of complaints along with other plausible facts to show that the company "itself saw this number as significant and beyond the norm." *Williams v. Yamaha Motor Co.,* 851 F.3d 1015, 1027 & n.8 (9th Cir. 2017).  Plaintiffs allege there are "tens of thousands" of vehicles in the putative class.  SAC ¶ 141.  Nineteen consumer complaints posted on third-party websites, which Plaintiffs fail to allege VWGoA ever saw, out of  "tens of thousands" of vehicles, does not come close to meeting the "unusually high level" of complaints required to adequately plead pre-sale knowledge.  *See* Dismissal Order, at 13; *Sloan v. Gen. Motors LLC,* 2017 WL 3283998, at *7 (N.D. Cal. Aug. 1, 2017) ("Plaintiffs do not allege that the 81 complaints posted [to the NHTSA and one other third-party website] over the course of seven years was an unusually high number of complaints. Thus, the complaints do not show GM's knowledge of the alleged defect").

Likewise, pre-sale knowledge is not established by the alleged 2009 recall and NHTSA

21

investigation into specific transmission-related issues that related to certain other model and model year Audi and Volkswagen vehicles that are not the model/model year vehicles owned/leased by the Plaintiffs in this case.  SAC ¶¶ 21, 27.  The alleged recall and investigation applied only to certain 2007-2010 model year Audi A3 and Audi TT vehicles, and certain models and model year Volkswagen vehicles, equipped with a specific DSG transmission.  SAC ¶ 21.  Plaintiffs Madani (2013 Audi S7), Warchut (2012 Audi S4) and Chess (2010 Audi S4) all own different models and model year Audi vehicles.  SAC ¶¶ 96, 121, 127.  Other than a generalized, conclusory and insufficient allegation that the recall involved "the same type of DSG transmission,"  Plaintiffs do not allege any facts establishing that the DSG transmissions in the other model/model year vehicles subject to the recall recalls are the same are the same as the transmissions in Plaintiffs' vehicles. *See Victorino v. FCA US LLC*, 2018 WL 1083395, at *8 (S.D. Cal. Feb. 27, 2018) ("When addressing a defendant's pre-sale knowledge, courts have held that the defendant must have knowledge of the specific defect alleged, not a general defect") (collecting cases).

　　　　Accordingly, the CLRA and UCL claims of the remaining Plaintiffs, Madani, Warchut and Chess, must be dismissed with prejudice.

## VIII.　PLAINTIFFS' UNJUST ENRICHMENT CLAIM MUST BE DISMISSED (COUNT VIII)

　　　　Plaintiffs' claim for unjust enrichment must be dismissed.  In the Dismissal Order, the Court dismissed the claims of Plaintiffs Walley and DeVico "without leave to amend" since they "conferred no benefit upon Defendants because they purchased their cars from third parties." Dismissal Order, at 15.  The unjust enrichment claims of these Plaintiffs are improperly re-asserted in the SAC.  They must, therefore, once again, be dismissed with prejudice.

　　　　The Court also dismissed the unjust enrichment claims of Plaintiffs Oushana and Madani because a claim for unjust enrichment "cannot lie when an express contract between the parties governs the subject matter in question." Dismissal Order, at 15; *see also Gerstle v. Am. Honda Motor Co.,* 2017 WL 2797810, *14 (N.D. Cal. June 28, 2017) (rejecting claim that unjust enrichment can be pled in the alternative because "the case law Defendant cites is clear: 'a quasi-

Herzfeld &
Rubin, P.C.
Attorneys at Law

1   contract action for unjust enrichment does not lie where express binding agreement exist and define

2   the parties' rights'"); *Tsai v. Wang,* 2017 WL 2587929, *at 8 (N.D. Cal. June 14, 2017).  Because

3   the FAC alleged that Plaintiffs' vehicles were sold with an express warranty, their claim for unjust

4   enrichment could not survive the pleading stage.  Dismissal Order, at 15.

5           The unjust enrichment allegations in the SAC are the same as those in the FAC that were

6   found not to state a claim for unjust enrichment.  The SAC contains the same admissions that all of

7   the Plaintiffs' vehicles were sold with an express contract—the written NVLW applicable to

8   Plaintiffs' vehicles.  SAC ¶ 155.  Accordingly, the unjust enrichment claims of Plaintiffs Madani,

9   Oushana, Chess and Warchut must be dismissed with prejudice.[10]  *Id.*

10          Finally, since Plaintiff Warchut purchased his vehicle in July 2011, his unjust enrichment

11  claim, which is subject to a two-year statute of limitations, must be dismissed as time barred.

12  *Gerstle v. Am. Honda Motor Co., Inc*, 2017 WL 1477141, *17 (N.D. Cal. Apr. 25, 2017).

13

14  **IX.    DISMISSAL OF THE CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF**

15          **PLEADED AS SEPARATE COUNTS (COUNTS VII & IX)**

16          The Court had previously declined to dismiss the claims for declaratory relief stating that

17  "no prejudice would result from these clams proceeding" and dismissal would be "premature."

18  Dismissal Order, at 14.  However, we wish to advise that declaratory and injunctive relief are

19  among the relief requested in Plaintiffs' other individual Counts and in their Prayer for Relief. SAC

20  ¶¶ 165, 170, 182, 218.  Since requests for declaratory and injunctive relief are mere remedies and

21  not separate causes of action, *Thompson v. Nationstar Mortg. LLC,* 2017 WL 3232549, *7 (N.D.

22  Cal. July 31, 2017) (dismissing claims because "declaratory and injunctive relief are not causes of

23  action"); *O'Connor v. Wells Fargo, N.A.,* 2014 WL 4802994, *8 (N.D. Cal. Sep. 26, 2014);

24  *Rosenfeld v. JP Morgan Chase Bank, N.A.,* 732 F. Supp. 2d 952, 975 (N.D. Cal. Aug. 9, 2010), and

25  ───────────────
    [10]   In addition, as discussed *supra*, where, as here, an adequate remedy at law exists, equitable

26  remedies such as restitution for unjust enrichment are not permitted.  *See Fonseca v. Goya Foods,*
    *Inc.,* 2016 WL 4698942, *7 (N.D. Cal. Sep. 8, 2016); *Dickey v. Advanced Micro Devices, Inc.,* 2016

27  WL 1375571, at *8 (N.D. Cal. Apr. 7, 2016).  Since Plaintiffs do not, and cannot, plead that they

28  have no adequate remedy at law, their claim for unjust enrichment must be dismissed.

Plaintiffs have requested that relief in other Counts, these improper stand-alone Counts are superfluous.  It is respectfully requested that they be dismissed as separate Counts.

## X.    CONCLUSION

For the foregoing reasons, Defendant VWGoA respectfully requests that all of the claims in the SAC, with the exception of the express warranty claims of Plaintiffs Oushana and Chess, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), together with such other and further relief as the Court deems just and proper.

Furthermore, this is Plaintiffs' third attempt at pleading.  The SAC fails to adhere to the Court's very detailed Dismissal Order.  Plaintiffs have improperly re-asserted claims that this Court already dismissed with prejudice, and have failed to cure the fatal deficiencies outlined by this Court with respect to the other claims that were dismissed without prejudice.  The two new additional Plaintiffs are asserting those same deficient claims, and there are other bases for dismissal of their claims, including statutes of limitations, that are discussed above.  Accordingly, it is respectfully requested that the dismissal of Plaintiffs' claims be with prejudice.


Dated:  March 29, 2019                         Respectfully submitted,

                                               HERZFELD & RUBIN, P.C.


                              By:     /s/ Michael B. Gallub
                                      Michael B. Gallub *(Pro Hac Vice)*
                                      Attorneys for Defendant,
                                      VOLKSWAGEN GROUP OF AMERICA, INC.