UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MANDANI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>    Defendant. | Case No. 17-cv-07287-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 91 |

On December 22, 2017, Plaintiffs Mike Madani and Romsin Oushana[1] brought this putative class action against Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen AG, and Audi AG for, among other things, purported breaches of express and implied warranties, and violations of various consumer protection laws based on allegedly defective direct-shift gearbox ("DSG") transmissions in 2010–2014 Audi S4, S5, S6, S7, and RS5 vehicles. *See* Dkt. No. 1. On April 23, 2018, Plaintiffs filed a first amended complaint. *See* Dkt. No. 50 ("FAC"). Defendants filed a motion to dismiss the first amended complaint, which the Court granted in part and denied in part. *See* Dkt. Nos. 56, 69. Plaintiffs thereafter filed a second amended complaint, which (1) added John Chess as Plaintiff, (2) only named VWGoA as a Defendant, and (3) included 2015 vehicle models. *See* Dkt. No. 71 ("SAC"). Defendants filed a motion to dismiss the second amended complaint, which the Court granted in part and denied in part. *See* Dkt. Nos. 72, 84 ("Order"). The Court granted Plaintiffs Madani and Oushana leave to amend two claims for the

---

[1] The original complaint included other parties who have since been voluntarily dismissed, *see* Dkt. No. 12 (dismissing Brian Gillard); Dkt. No. 49 (dismissing Shant Bakalian), as well as parties whose claims this Court dismissed with prejudice. *See* Doc. 84 (Order dismissing Eric Walley, Richard DeVico, and Michael Warchut).

limited purpose of pleading reliance on Defendant's omissions. Dkt. No. 84 at 19. Plaintiffs have filed a third amended complaint. *See* Dkt. No. 86 ("TAC").

Pending before the Court is Defendant's motion to partially dismiss the operative complaint, briefing for which is complete. *See* Dkt. Nos. 91 ("Mot."), 94 ("Opp."), 96 ("Reply"). After carefully considering the parties' arguments, the Court **GRANTS** Defendant's motion.[2]

## I.  DISCUSSION

Plaintiffs' third amended complaint realleges seven causes of action: (1) Breach of Express Warranty; (2) Violation of the Magnuson-Moss Warranty Act; (3) Breach of Implied Warranty Pursuant to Song-Beverly Consumer Warranty Act, 15 U.S.C. § 2301, *et seq.*; (4) Violation of the California Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*; (5) Violation of the California Unfair Competition Law Cal. Bus. & Prof. Code § 17200, *et seq.*; (6) Violation of the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* and Fed. R. Civ. P. 57; (7) Equitable Injunctive and Declaratory Relief. TAC ¶¶ 132-204. A complete review of the allegations underlying these claims can be found in the Court's previous Order granting in part and denying in part Defendant's motion to dismiss the second amended complaint. *See* Dkt. No. 84.

Here, Defendant moves to dismiss claims 1 and 2 to the extent that they are premised upon VWGoA's marketing statements, and claim 3 as time-barred. Mot. at 3, 6.

### A.  Breach of Express Warranty (Claim 1) and Magnuson-Moss Warranty Act (Claim 2)

Defendant contends that Plaintiffs Oushana and Chess' claim alleging a breach of express warranty must be dismissed to the extent that it relies on VWGoA's alleged marketing statements,. Mot. at 6. Plaintiffs Oushana and Chess concede that any reference to VWGoA's marketing statements was inadvertently included in the TAC, and that they do not intend to pursue any claims based on them. *See* Opp. at 5. Given this concession, the Court dismisses claims 1 and 2 to the extent that they reference express warranties created by VWGOA's marketing statements.

---

[2] The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

### B. Song-Beverly Act (Claim 3)

Defendant contends that the claim for breach of implied warranty under the Song-Beverly Consumer Warranty Act, brought only on behalf of Plaintiff Madani, is time barred and must be dismissed. Mot. at 3. The Court previously denied Defendant's attempt to dismiss on this ground. *See* Dkt. No. 84 at 11. Accordingly, the Court construes Defendant's argument as a motion for reconsideration of the Court's previous order. Under Civil Local Rule 7-9, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)." Civil L.R. 7-9(a). The Local Rule further directs that:

> [t]he moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

In the Court's previous order, it rejected Defendant's argument that Plaintiff Madani's claim was time-barred, finding that the delayed discovery rule applied. *See* Dkt. No. 84 at 11 ("The Court first finds that Madani's claim is not time-barred. Under the Song-Beverly Act, a claim accrues 'when the breach is or should have been discovered.' Cal. Com. Code § 2725(2)."). Madani contends that because he only first experienced issues associated with the alleged defect in October 2017 and filed this action in December 2017, the four-year statute of limitations for implied warranty claims had not elapsed. TAC ¶ 96.

Defendant argues that the Court misapplied the California Commercial Code's delayed discovery rule. Mot. at 3. Defendant asserts that the rule is "only available for warranties that explicitly extend to future performance," and that an implied warranty does not, as a matter of law,

3

"explicitly extend to future performance." *Id*. (internal quotations and citations omitted).  In support, Defendant cites the California Court of Appeal decision in *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 130, 134 (Cal. Ct. App. 2008), as well as numerous federal cases interpreting *Cardinal Health*.  *See* Mot. at 4.  Defendant also claims that no "tolling" of the statute of limitations may apply here, whether on a theory of equitable estoppel or active and fraudulent concealment.  *Id.*

Upon reconsideration, the Court agrees with Defendant that Madani's claim under the Song-Beverly Act is time-barred.  Although Defendant notably failed to sufficiently brief this issue in its motion to dismiss Plaintiffs' SAC, *see* Dkt. No. 72 at 15, the California Court of Appeal has emphasized that the future performance exception "must be narrowly construed," as it "applies only when the seller has *expressly* agreed to warrant its product for a specific and defined period of time."  *Cardinal Health*, 169 Cal. App. 4th at 130, 134 (emphasis added); *see also J.B. Painting & Waterproofing, Inc. v. RGB Holdings, LLC*, 650 Fed. Appx 450, 453 (9th Cir. 2016) ("A future-performance exception, under which 'the cause of action accrues when the breach is or should have been discovered,' Cal. Com. Code § 2725(2), applies only if: (1) the warranty explicitly extends to future performance of the goods; and (2) the breach could not have been discovered before performance.").  Plaintiffs' claim is a breach of implied warranty claim, not one for breach of express warranty, and thus does not explicitly extend to future performance, as this Court has recognized since its ruling on the motion to dismiss the SAC.  *See Mangiapane v. Ford Motor Co.*, No. 19-cv-02014-HSG, 2019 WL 5199534, at *3 (N.D. Cal. Oct. 16, 2019) ("Because an implied warranty is one that arises by operation of law rather than by an express agreement of the parties, courts have consistently held it is not a warranty that explicitly extends to future performance of the goods.") (quoting *Cardinal Health*, 169 Cal. App. 4th at 134).  Accordingly, because more than four years elapsed between Madani's April 2013 purchase of the car and the December 2017 initiation of the present action, the claim for breach of implied warranty under the Song-Beverly Act is time-barred.

Plaintiffs dispute this theory, relying primarily on a single case: *Garcia v. Ford Motor Co.*, No. 19-cv-00385-JAM-AC, 2019 WL 3297354, at *2–3 (E.D. Cal. July 23, 2019).  Significantly,

4

*Garcia* involved a fraudulent joinder argument in connection with a motion to remand and did not involve a merits determination. 2019 WL 3297354, at *1–2. The *Garcia* court noted this difference, finding that although "the Northern District of California has repeatedly found the 'delayed discovery rule' inapplicable to implied warranty claims," the dismissal standard (at issue in the Northern District cases) differed from the remand standard. *Id.* at *3. Given the differing standards at issue, the Court does not find *Garcia* persuasive.

Plaintiffs further argue that the "repair doctrine" under California Civil Code Section 1795.6 tolled the implied warranty claim. California Civil Code Section 1795.6 states that:

> Notwithstanding the date or conditions set for the expiration of the warranty period, such warranty period shall not be deemed expired if . . . the warranty repairs or service performed upon the nonconforming goods did not remedy the nonconformity for which such repairs or service was performed and the buyer notified the manufacturer or seller of this failure within 60 days after the repairs or service was completed. When the warranty repairs or service has been performed so as to remedy the nonconformity, the warranty period shall expire in accordance with its terms, including any extension to the warranty period for warranty repairs or service.

Cal. Civ. Code § 1795.6(b). The plain language of the provision makes clear that Section 1795.6 addresses extending the "warranty period," not tolling the statute of limitations, during the time of repair. *Id.*; *cf.* Judicial Council of California Civil Jury Instructions Nos. 3212, 3231. Importantly, even assuming extending the duration of the implied warranty under the repair doctrine would extend the statute of limitations, Madani took his vehicle for repairs in October 2017. TAC ¶¶ 97-98, 100. At that point, the four-year statute of limitations had already elapsed. Thus, the repair doctrine does not provide any basis for tolling the statute of limitations.

Finally, Plaintiffs fail to respond to Defendant's argument that equitable estoppel and fraudulent concealment do not apply in this case. *See generally* Opp. The third amended complaint also fails to include allegations that either doctrine applies beyond conclusory statements. *See* TAC ¶¶ 89, 129. Accordingly, the Court agrees that Plaintiffs' breach of implied warranty claim under the Song-Beverly Act is time-barred.

//

//

## II. CONCLUSION

For the reasons noted above, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendant's motion to dismiss.  Leave to further amend the complaint would be futile because the dismissed claims fail as a matter of law.

**IT IS SO ORDERED.**

Dated:  7/13/2020

　　　　　　　　　　　　　　　　　　／s／ Haywood S. Gilliam, Jr.
　　　　　　　　　　　　　　　　　　HAYWOOD S.  GILLIAM, JR.
　　　　　　　　　　　　　　　　　　United States District Judge