## SETTLEMENT AGREEMENT

Plaintiff John Chess ("Plaintiff") and Defendant Volkswagen Group of America, Inc. ("VWGoA" or "Defendant") (collectively, the "Parties"), by and through their counsel, enter into this Settlement Agreement ("Settlement Agreement" or "Agreement"), providing for settlement ("Settlement") of all claims that were asserted or that could have been asserted in the Action described below, pursuant to the terms and conditions set forth below, and subject to Court approval pursuant to Rule 23 of the Federal Rules of Civil Procedure. Unless otherwise defined, all capitalized words and terms used herein shall have the meanings ascribed to them in Section I of this Agreement, entitled "Definitions and Defined Terms."

## RECITALS

WHEREAS, several Plaintiffs filed a putative class action against Defendant on December 22, 2017 entitled *Brian Gillard et al., on behalf of themselves and all others similarly situated v. Volkswagen Group of America, Inc., Volkswagen AG and Audi AG,* Case No. 4:17-cv-07287, in the United States District Court for the Northern District of California (hereinafter, the "Action"), asserting claims alleging a transmission defect in the Settlement Class Vehicles;

WHEREAS, the Action was originally filed, on behalf of the several Plaintiffs, by the law firms of Greg Coleman Law PC, Whitfield Bryson LLP and Simmons Hanly Conroy, LLC;

WHEREAS, several Amended Complaints were filed in the Action as a result of Motions to Dismiss by VWGoA, which the Court granted in part and denied in part;

WHEREAS, following said motion practice and the Court's decisions, a Third Amended Class Action Complaint was filed on August 19, 2019, to which Defendant, following additional motion practice, filed an Answer on August 3, 2020;

1

WHEREAS, on or about January 5, 2021, Greg Coleman Law PC and Whitfield Bryson LLP, along with two other firms, merged to form Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg");

WHEREAS, said merger fully and completely subsumed Greg Coleman Law PC and Whitfield Bryson LLP into Milberg for any and all purposes, including, but not limited to, all purposes related to the Action and this Agreement, the designation and role of Class Counsel pursuant to this Agreement, and any attorney fees and expenses that are or may come due or owing pursuant to the terms of this Agreement;

WHEREAS, a Fourth Amended Complaint was filed in this action on July 6, 2021;

WHEREAS, Defendant denies Plaintiff's allegations and claims, and maintains, *inter alia*, that the transmissions of the Settlement Class Vehicles were properly designed and manufactured, were not defective, were safe and functioned properly in all respects, that no warranties, express or implied, were breached, no applicable statutes, laws, rules or regulations were violated, and no wrongdoing occurred with respect to the design, manufacture, testing, inspection, distribution, marketing, advertising, warranting, sale, and servicing of the Settlement Class Vehicles' transmissions;

WHEREAS, the Parties, following certain pretrial proceedings, discovery, investigation, and careful analysis of their respective claims and defenses, and with full understanding of the risks, expense, and uncertainty of continued litigation, desire to compromise and settle all issues and claims that were or could have been brought in the Action by or on behalf of Plaintiff and members of the Settlement Class based upon the terms set forth in this Settlement Agreement;

WHEREAS, the Parties agree that neither this Settlement Agreement, the underlying Settlement, nor anything else, shall constitute or, in any way, be construed as, any admission or

2

evidence of liability or wrongdoing on the part of Defendant or any Released Party, which is expressly denied, or as to any of Plaintiff's claims and allegations, or that the Plaintiff's claims would be suitable for class treatment if the Action proceeded through litigation and trial;

WHEREAS, this Settlement Agreement is the result of vigorous arm's length negotiations of highly disputed claims between the Parties, and the Parties maintain that the Settlement is fair, reasonable, and adequate and satisfies the requirements for a class settlement under Fed. R. Civ. P. 23;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below, the Parties hereby agree as follows:

## I.      DEFINITIONS AND DEFINED TERMS

A.      "Action" or "Lawsuit" means the action entitled *John Chess, on behalf of himself and all others similarly situated v. Volkswagen Group of America, Inc.*, (appearing on the Court Docket as *Brian Gillard, et al. v. Volkswagen Group of America, Inc.*) Case No. 4:17-cv-07287, pending in the United States District Court for the Northern District of California.

B.      "Administration Expenses" means any and all fees, costs, and charges incurred, charged, or invoiced by the Claim Administrator in relation to this Settlement and to provide the notice, distribution and other administrative tasks of this Settlement.

C.      "Agreement," "Settlement," or "Settlement Agreement" means this Settlement Agreement and the settlement embodied in this Settlement Agreement, including all attached Exhibits (which are an integral part of the Settlement Agreement and are incorporated herein in their entirety by reference).

D.      "Claim Administrator" means Angeion Group, subject to the Court's approval.

E.      "Claim" or "Claim for Reimbursement" means the timely and proper submission of the required fully completed and signed Claim Form, together with the required Proof of Repair Expense documents (as defined in Section I.U. of this Agreement) and Proof of Adherence to the Vehicle's Maintenance Schedule (as defined in Section I.T. of this Agreement), in which a Settlement Class Member seeks to claim reimbursement, pursuant to the terms of this Settlement Agreement, for paid and unreimbursed out-of-pocket expenses for a Covered Repair performed on the Settlement Class Vehicle prior to the Notice Date and within nine (9) years or ninety-thousand (90,000) miles (whichever occurred first) from the vehicle's In-Service Date.

F.      "Claim Form" means the form that must be fully completed, signed, dated, and timely submitted to the Claim Administrator in order to make a Claim for Reimbursement under the terms of this Settlement Agreement, which Claim Form will be substantially in the form attached hereto as Exhibit A.

G.      "Claim Period" means one hundred and forty (140) days after the Notice Date. Claims (including fully executed Claim Forms and any required documentation) must be submitted by mail post-marked within the Claim Period.

H.      "Class Counsel" or "Plaintiff's Counsel" means the law firms of Milberg Coleman Bryson Phillips Grossman, PLLC and Simmons Hanley Conroy, LLC, collectively.

I.      "Class Notice" means the Class Notice which will be substantially in the form attached hereto as Exhibit B.

J.      "Class Notice Plan" means the plan for disseminating Class Notice to the Settlement Class as set forth in Section IV.B. of this Settlement Agreement and includes any further notice provisions agreed upon by the Parties.

K.     "Covered Repair" means one (1) repair (parts and labor) of a diagnosed condition of shuddering, juddering, rough shifting or improperly entering "limp mode" of a Settlement Class Vehicle's transmission, performed prior to the Notice Date and within nine (9) years or ninety-thousand (90,000) miles (whichever occurred first) from said vehicle's In-Service Date, consisting of replacement of either the transmission or mechatronics unit.

L.     "Court" means the United States District Court for the Northern District of California.

M.     "Defense Counsel" means Michael B. Gallub, Esq. and Brian T. Carr, Esq. of Herzfeld & Rubin, P.C.

N.     "Effective Date" means the third business day after (1) the Court enters a Final Order and Judgment approving the Settlement Agreement, substantially in the form agreed upon by counsel for the Parties, and (2) all appellate rights with respect to said Final Order and Judgment, other than those related solely to any award of attorneys' fees, costs/expenses or class representative service awards/payments, have either expired with no appeals filed, or all appeals have been exhausted and fully resolved in such a manner as to affirm the Final Order and Judgment.

O.     "Fee and Expense Application" means Class Counsel's application for a combined award of reasonable attorneys' fees, costs, and expenses ("Class Counsel Fees and Expenses"), and for Class Representative Service Awards.

P.     "Final Fairness Hearing" means the hearing at or after which the Court will determine whether to grant final approval of the Settlement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e).

Q.     "Final Order and Judgment" means the Final Order and Judgment approving the Settlement Agreement and dismissing the Action with prejudice as to Defendant, the proposed form of which will be agreed by the Parties and submitted to the Court prior to the Final Fairness Hearing.

R.     "In-Service Date" means the date on which a Settlement Class Vehicle was first delivered to either the original purchaser or original lessee; or if the vehicle was first placed in service as a "demonstrator" or "company" car, on the date such vehicle was first placed in service.

S.     "Notice Date" means the date by which Notice of this Settlement is to be mailed to the Settlement Class.  The Notice Date shall be within one hundred (100) days after the Court enters a Preliminary Approval Order, substantially in the form attached hereto as Exhibit C.

T.     "Proof of Adherence to the Vehicle's Maintenance Schedule" means submission of documents evidencing the Settlement Class Member's adherence to the relevant aspects of the Settlement Class Vehicle's maintenance schedule, set forth in the Warranty and Maintenance Booklet for the vehicle, during the time he/she owned and/or leased the vehicle, in particular, scheduled transmission oil maintenance, up to the date/mileage of the Covered Repair, within a variance of ten percent (10%) of the scheduled time/mileage requirements.  In the event maintenance records cannot be obtained despite a good faith effort to obtain them, the Settlement Class Member may submit a sworn Declaration detailing what efforts were made to obtain the records, including why the records are not available, and attesting to adherence to the relevant aspects of the Settlement Class Vehicle's maintenance schedule as set forth above.  In the event the Claims Administrator makes a preliminary determination that the proof submitted is insufficient, the Claims Administrator will send the Class Member a letter advising of the deficiencies.  The Class Member will have thirty (30) days from the date of that letter to cure the

6

deficiencies or the claim will be rejected, unless the Class Member requests attorney review within fifteen (15) days after the date of the Claims Administrator's mailing of the rejection letter. Upon such request, Class Counsel and Defense Counsel will meet and confer in an effort to resolve the disputed claims.

U.     "Proof of Repair Expense" means the documents required to be submitted, together with a fully completed, signed, and dated Claim Form, in support of a Settlement Class Member's Claim for Reimbursement of past paid out-of-pocket expenses incurred for a Covered Repair (parts and labor) of a Settlement Class Vehicle. Such Proof of Repair Expense shall take the form of an original or legible copy of a repair invoice, receipt, or similar records containing the following information: the Settlement Class Member's name and address; the make, model and vehicle identification number (VIN) of the Settlement Class Vehicle; information reflecting the fact that this was a Covered Repair – i.e., that the transmission was diagnosed with shuddering, juddering, rough shifting, or improperly entering "limp mode" and that was the reason for the repair; the name and address of the authorized Audi dealer or other repair entity/facility that performed the Covered Repair; a description of the repair work (parts and labor) performed that establishes that it was a Covered Repair; the cost of the Covered Repair (parts, labor and taxes); the vehicle's mileage at the time of the Covered Repair; and proof of the Settlement Class Member's payment for the Covered Repair and the amount of that payment.

V.     "Released Claims" means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description, whether known or unknown, asserted or unasserted, foreseen or unforeseen, regardless of any legal or equitable theory, existing now or arising in the future, by Plaintiff and any and all Settlement Class Members (including their successors, heirs, assigns, and

representatives) which in any way relate to the transmissions of Settlement Class Vehicles, including but not limited to all matters that were or could have been asserted in the Action, and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description, arising under any state, federal or local statute, law, rule and/or regulation, under any federal, state or local consumer protection, consumer fraud, unfair business practices or deceptive trade practices statutes or laws, under common law, and/or under any legal or equitable theories whatsoever including tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi-contract, unjust enrichment, express and/or implied warranty, implied covenants, the Magnuson-Moss Warranty Act, California Consumer Legal Remedies Act, California Business and Professions Code, California Song-Berly Consumer Warranty Act and any federal, state or local derivations thereof or similar laws, any state Lemon Laws, secret warranty and/or any other theory of liability and/or recovery, whether in law or in equity, and for any and all injuries, losses, damages, remedies, recoveries, or entitlements of any kind, nature and description, in law or in equity, under statutory and/or common law, including, but not limited to, compensatory damages, actual damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, statutory penalties or rights, restitution, unjust enrichment, and any other legal or equitable relief.  This Settlement Agreement expressly exempts claims for personal injuries and property damage (other than damage to the Settlement Class Vehicle itself).

W.     "Released Parties" means Volkswagen Group of America, Inc., Audi AG, Audi of America, Inc., Volkswagen AG, Volkswagen Credit, Inc., Audi of America, LLC, Volkswagen de México S.A. de C.V., Volkswagen Group of America Chattanooga Operations LLC, all designers, manufacturers, assemblers, operating units, distributors, importers, retailers, marketers,

advertisers, testers, inspectors, sellers, suppliers, component suppliers, lessors, warrantors, dealers, repairers, and servicers of the Settlement Class Vehicles and each of their component parts and systems, all of their past and present directors, officers, shareholders, principals, partners, employees, agents, servants, assigns and representatives, and all of the aforementioned persons' and entities' attorneys, insurers, trustees, vendors, contractors, heirs, executors, administrators, successor companies, parent companies, subsidiary companies, affiliated companies, divisions, trustees and representatives.

X.      "Settlement Class Vehicle" means any model year 2010, 2011, or 2012 Audi S4 or Audi S5 vehicle that was imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States or Puerto Rico.

Y.      "Settlement Class" or "Settlement Class Members" means all persons and entities who purchased or leased a Settlement Class Vehicle, as defined in Section I.X. of this Agreement, in the United States of America or Puerto Rico.

Excluded from the Settlement Class are (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents, and representatives of Defendant, and their family members; (c) any affiliate, parent, or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any

Released Parties from any Released Claims, and (j) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

## II.    SETTLEMENT CONSIDERATION

In consideration for the full and complete Release of all Released Claims against all Released Parties, and the dismissal of the Action with prejudice, Defendant agrees to provide the following consideration to the Settlement Class:

A.    **Reimbursement for Past Unreimbursed Out-of-Pocket Expenses Paid for One (1) Covered Repair Prior to the Notice Date and Within 9 years or 90,000 Miles (Whichever Occurred First) from the Vehicle's In-Service Date**

Subject to the limitations set forth in Section II.(B) below, if, prior to the Notice Date and within nine (9) years or ninety thousand (90,000) miles (whichever comes first) of the Settlement Class Vehicle's In-Service Date, a Settlement Class Member incurred and paid out-of-pocket expenses for a Covered Repair of a Settlement Class Vehicle that was not otherwise reimbursed, and timely submits a valid, complete, signed, and dated Claim Form, together with the required Proof of Repair Expense and Proof of Adherence to the Vehicle's Maintenance Schedule pursuant to the terms of this Agreement, the Settlement Class Member will be entitled to a percentage of reimbursement of said past paid and unreimbursed out-of-pocket expenses (parts, labor and taxes) for one (1) such Covered Repair, subject to the time/mileage parameters and percentage limits of coverage set forth in Table 1, below.

However, if the Covered Repair was performed at an independent service center and not an authorized Audi dealer, then the invoice amount, from which the sliding scale time/mileage percentage limits of reimbursement coverage in Table 1 (below) will then be applied, shall be limited to $5,000 if the Covered Repair was a replacement of the mechatronics unit, and $12,000 if the Covered Repair was a total transmission replacement.

10

**Table 1: Time/Mileage Parameters and Percentage Limits of Coverage**

| Time from In-Service Date | Up to 50,000 miles | 50,001 to 60,000 miles | 60,001 to 70,000 miles | 70,001 to 80,000 miles | 80,001 to 90,000 miles |
|---|---|---|---|---|---|
| Up to 4 years | 100% (under original warranty) | 85% | 75% | 65% | 50% |
| 4-5 years | 85% | 80% | 70% | 60% | 45% |
| 5-6 years | 75% | 70% | 60% | 50% | 40% |
| 6-7 years | 70% | 65% | 55% | 45% | 35% |
| 7-8 years | 65% | 55% | 45% | 40% | 30% |
| 8-9 years | 55% | 45% | 35% | 30% | 20% |

B.    **Requirements for and Limitations on Entitlement to Reimbursements Set Forth in Section II.A.**

(1)    To qualify for reimbursement of past paid and unreimbursed out-of-pocket expenses under Section II.A. above, the Settlement Class Member must mail to the Claim Administrator, by first-class mail post-marked no later than one hundred forty (140) days after the Notice Date, a fully completed Claim Form, signed and dated under penalty of perjury, together with all required Proof of Repair Expense defined in Section I.U. and Proof of Adherence to the Vehicle's Maintenance Schedule defined in Section I.T. of this Agreement, demonstrating that the Claim for Reimbursement is valid and complies in all respects with the terms of this Settlement Agreement.

(2)    Any transmission shuddering, juddering, rough shifting, or improperly entering "limp mode" caused by modification of/to the transmission or transmission components, misuse,

abuse, alteration or modification, a collision or crash, lack of or improper maintenance, and/or damage from an environmental or other outside source, does not qualify for reimbursement.

(3)     If the claimant is not a person to whom the Claim Form was addressed, and/or the vehicle with respect to which a Claim is made is not the vehicle identified by VIN number on the mailed Claim Form, the Claim shall contain proof that the claimant is a Settlement Class Member, that the vehicle is a Settlement Class Vehicle, and that the Settlement Class Member paid and was not reimbursed for a Covered Repair;

(4)     Any Claim for Reimbursement shall be reduced by the amount of any payment, concession or goodwill accommodation, or discount(s) already received, from any other source (including Defendant, an Audi dealer, an insurer, service contract provider, or extended warranty provider, or any other person or entity), for all or part of the amount of the Covered Repair that is the subject of the Claim for Reimbursement.  The Claim Form shall contain a statement in which the Settlement Class Member must verify either that no such payment, concession or goodwill accommodation, or discount(s) was received from another source, or if it was, the amount received and from whom/what source it was received.

(5)     The Claim Administrator's denial of all or part of any Claim shall be binding and non-appealable, except that a Settlement Class Member may seek attorney review of said denial by so requesting it from the Claim Administrator within fifteen (15) days of the date of mailing of the denial. If attorney review is timely requested, Class Counsel and Defense Counsel will confer and attempt to resolve any disputed denial by the Claim Administrator in good faith.  This provision does not apply to claims that, based on the proof submitted, do not qualify for reimbursement benefits under the terms of the Settlement.

C. **Warranty Extension for Current Owners or Lessees of Certain Settlement Class Vehicles that Are Eligible**

Effective on the Notice Date, Volkswagen Group of America, Inc. will extend its New Vehicle Limited Warranties applicable to the Settlement Class Vehicles to cover a percentage of the cost of one (1) repair, by an authorized Audi dealer, of a diagnosed condition of transmission shuddering, juddering, rough shifting, or improperly entering "limp mode," during a period of nine (9) years or ninety thousand (90,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, with the amount of the extended warranty coverage to be subject to the same time/mileage parameters and percentage limits of coverage set forth in Table 1 above, and provided that the Settlement Class Member submits, to the dealer, Proof of Adherence to the Vehicle's Maintenance Schedule (hereinafter, the "Extended Warranty" or "Warranty Extension"). The Extended Warranty repair will consist of replacement of either the transmission or mechatronics unit of the subject vehicle.

The Extended Warranty is subject to the same terms and conditions set forth in the Settlement Class Vehicle's original New Vehicle Limited Warranty and Warranty Information Booklet.

Transmission shuddering, juddering, rough shifting, or improperly entering "limp mode" resulting from misuse, abuse, alteration or modification, a collision or crash, vandalism, lack of or improper maintenance, and/or damage from an environmental or outside source, shall be excluded and not covered by the Extended Warranty.

This warranty, as extended, is fully transferable to subsequent owners or lessees to the extent that the extended warranty period (time and/or mileage) has not expired.

### III.    CLAIMS ADMINISTRATION

#### A.    **Claims for Reimbursement under the Settlement Shall Be Administered by the Claim Administrator.**

Defendant shall be responsible for the costs of Class Notice, CAFA Notice, and Claim Administration under this Settlement Agreement.  The Parties retain the right to audit and review the claim handling by the Claim Administrator, and the Claim Administrator shall report to both Parties jointly.

#### B.    **Administration**

(1)    For each approved Claim for Reimbursement, the Claim Administrator, on behalf of Defendant, shall mail to the Settlement Class Member, at the address listed on the Claim Form, a reimbursement check to be sent within one hundred fifty (150) days of the date of receipt of the completed Claim (i.e., a fully completed, signed, and dated Claim Form with all required supporting documentation), or within one hundred fifty (150) days of the Effective Date, whichever is later.

(2)    Disputes as to the sufficiency of the Claim and/or Proof of Repair Expense submitted in support of a Claim for Reimbursement shall be submitted to and resolved by the Claim Administrator.  In the event the Claim Administrator makes a preliminary determination that the Claim and/or Proof of Repair Expense submitted is insufficient, the Claim Administrator will send the Settlement Class Member a letter advising of the deficiencies.  The Settlement Class Member will have thirty (30) days from the date of that letter to cure the deficiencies or the claim will be denied.

14

## IV. NOTICE

### A. To Attorneys General:

In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), the Claim Administrator shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state in which a known Settlement Class Member resides.

### B. To the Settlement Class:

The Claim Administrator shall be responsible for the following Settlement Class Notice Plan:

(1)     On an agreed-upon date with the Claim Administrator, and no later than one hundred (100) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause individual Class Notice, substantially in the form attached hereto as Exhibit B, together with the Claim Form, substantially in the form attached hereto as Exhibit A, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members. Defendant may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Settlement Class Members can reasonably read it and Class Counsel approves all changes and formatting, and so long as such the Class Notice is substantially the same as that approved by the Court. The Claim Administrator shall be responsible for dissemination of the Class Notice.

(2)     For purposes of identifying Settlement Class Members, the Claim Administrator shall obtain from Defendant the VINs of the Settlement Class Vehicles, and shall obtain from

Polk/IHS Markit, the names and current or last known addresses of Settlement Class Vehicle owners and lessees that can reasonably be obtained.

(3)     Prior to mailing the Class Notice, an address search through the United States Postal Service's National Change of Address database shall be conducted to update the address information for Settlement Class Vehicle owners and lessees. For each individual Class Notice that is returned as undeliverable, the Claim Administrator shall re-mail all Class Notices where a forwarding address has been provided. For the remaining undeliverable notice packets where no forwarding address is provided, the Claim Administrator shall perform an advanced address search (e.g. a skip trace) and re-mail any undeliverable to the extent any new and current addresses are located.

(4)     The Claim Administrator shall diligently, and/or as reasonably requested by Class Counsel or Defense Counsel, report to Class Counsel and Defense Counsel the number of individual Class Notices originally mailed to Settlement Class Members, the number of individual Class Notices initially returned as undeliverable, the number of additional individual Class Notices re-mailed after receipt of a forwarding address, and the number of those additional individual Class Notices returned as undeliverable.

(5)     The Claim Administrator shall, upon request, provide Class Counsel and Defense Counsel with the names and addresses of all Settlement Class Members to whom the Claim Administrator sent a Class Notice pursuant to this Section.

(6)     On or before the Notice Date, the Claim Administrator shall implement a Settlement website containing:

(a)     instructions on how to submit a Claim for Reimbursement;

(b)     instructions on how to contact the Claim Administrator, Class Counsel and/or Defense Counsel for assistance;

16

(c)     in pdf downloadable format, copies of the Claim Form, Class Notice, this Settlement Agreement, and the Preliminary Approval Order. Additional documents will be added to the website as they become available including the Final Approval Order, the motion(s) for Final Approval, Class Counsel Fees/Expenses and Class Representative Service Awards, and other pertinent orders and documents to be agreed upon by counsel for the Parties; and

(d)     relevant deadlines including the deadlines for objecting or opting out of the settlement and the deadline for submissions of Claims for Reimbursement, the date/time of the final fairness hearing and any other relevant information agreed upon by counsel for the Parties.

(7)     The Settlement website shall appear at a URL address to be agreed upon by the Parties.

(8)     On or before the Notice Date, the Claim Administrator shall establish a toll-free number, which will be staffed by the Claim Administrator, to assist in answering questions about the Settlement.

(9)     No later than ten (10) days after the Notice Date, the Claim Administrator shall provide an affidavit or declaration to Class Counsel and Defense Counsel, attesting that the Class Notice was disseminated in a manner consistent with the terms of this Agreement or those required by the Court.

## V.     RESPONSE TO NOTICE

### A.     **Objection to Settlement**

(1)     Any Settlement Class Member who intends to object to the fairness of this Settlement Agreement or the requested amount of Class Counsel Fees/Expenses and/or Settlement Class Representative service awards, must, by the date specified in the Preliminary Approval Order, which date shall be approximately thirty (30) days after the Notice Date, file any such objection with the Court (a) either in-person with the Clerk of the Court or via the Court's electronic filing system, or, if not filed in either manner, (b) by mailing the objection to the Court

and to the following persons by first-class mail postmarked no later than thirty (30) days after the Notice Date: Alex R. Straus, Milberg Coleman Bryson Phillips Grossman, PLLC, 280 S. Beverly Drive, Beverly Hills, CA 90212  on behalf of Class Counsel; and Michael B. Gallub, Herzfeld & Rubin, P.C., 125 Broad Street, New York, New York 10004 on behalf of Defendant; and the Claim Administrator, Angeion Group, Settlement Class Members may personally object or object through an attorney retained at their own expense; however, each individual Settlement Class Member objecting to the Settlement, in whole or in part, shall personally sign the objection.

    (2)    Any objecting Settlement Class Member must include with his, her or its objection:

        (a)    the objector's full name, address, and telephone number;

        (b)    the model, model year, and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

        (c)    a written statement of all grounds for the objection accompanied by any legal support for such objection;

        (d)    copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection;

        (e)    the name, address, and telephone number of any counsel representing said objector; and

        (f)    a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name with jurisdiction in which it was filed and the docket number.  If the Settlement Class Member or his, her, or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she/it shall affirmatively so state in the objection.

    (3)    Moreover, subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or Class Representative service awards.  In order to

appear, the objecting Settlement Class Member must, by the objection deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Fairness Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence and identity of witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing. Any Settlement Class Member who does not provide a timely and proper Notice of Intention to Appear in accordance with the deadline and requirements set forth herein, will be deemed to have waived the right to appear at the Final Fairness Hearing in person or by counsel.

(4)     Any Settlement Class Member who has not filed a timely and proper objection in accordance with the deadline and requirements set forth herein, will be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement, by appeal or otherwise.

B.     **Request for Exclusion from the Settlement**

(1)     Any Settlement Class Member who wishes to be excluded from the Settlement Class must, by the date set forth in the Preliminary Approval Order, which date shall be approximately thirty (30) days after the Notice Date, submit a request for exclusion ("Request for Exclusion") to the Claim Administrator at the address specified in the Class Notice. To be effective, the Request for Exclusion must:

(a)     include the Settlement Class Member's full name, address, and telephone number;

(b)     identify the model, model year and VIN of the Settlement Class Vehicle;

(c)     state that he/she/it is or was a present or former owner or lessee of a Settlement Class Vehicle; and

> > (d)    specifically and unambiguously state his/her/its desire to be excluded from the Settlement Class.

(2)    Any Request for Exclusion must be postmarked on or before the deadline set by the Court in the Preliminary Approval Order, which date shall be approximately thirty (30) days after the Notice Date. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper addresses, shall not be excluded from this Settlement and shall be subject to and bound by this Settlement Agreement, the Release of Claims, and every order or judgment entered relating to this Settlement Agreement.

(3)    Any Settlement Class Member who submits a timely and proper Request for Exclusion cannot also submit an objection to the Settlement.

(4)    The Claim Administrator will receive purported Requests for Exclusion and will consult with Class Counsel and Defense Counsel in determining whether they meet the requirements of a Request for Exclusion. Any communications from Settlement Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Settlement Class Member intended to be excluded from the Settlement Class will be evaluated jointly by counsel for the Parties, who shall make a good faith evaluation, if possible. Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class shall be submitted to the Court so that the Court may resolve the uncertainty. The Claim Administrator shall maintain a database of all Requests for Exclusion, and shall send copies of the original written communications memorializing those Requests for Exclusion to Class Counsel and Defense Counsel. The Claim Administrator shall report the names and addresses of all such persons and entities that submitted timely and proper Requests for Exclusion, to the Court, Class Counsel, and Defense Counsel at least thirty-five (35) days prior to the Final Fairness Hearing, and the list of persons and entities deemed by the Court to have

excluded themselves from the Settlement Class will be attached as an exhibit to the Final Approval Order and Judgment.

## VI.    WITHDRAWAL FROM SETTLEMENT

A.    Plaintiff or Defendant shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:

(1)    Any objection to the proposed Settlement is sustained and such objection results in changes to this Agreement that the withdrawing party deems in good faith to be material (e.g., because it substantially increases the costs of the Settlement, or deprives the withdrawing party of a material benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material);

(2)    The preliminary or final approval of this Settlement Agreement is not obtained without modification, and any modification required by the Court for approval is not agreed to by both Parties, and the withdrawing party deems any required modification in good faith to be material (e.g., because it increases the cost of the Settlement, or deprives the withdrawing party of a benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material);

(3)    Entry of the Final Order and Judgment described in this Agreement is vacated by the Court or reversed or substantially modified by an appellate court, except that a reversal or modification of an order awarding reasonable attorneys' fees and costs and expenses, if any, shall not be a basis for withdrawal from the Settlement; or

(4)     The Defendant shall, in addition, have the option to withdraw from this Settlement Agreement, and to render it null and void, if more than five percent (5%) of the persons and entities identified as being members of the Settlement Class exclude themselves from the Settlement Class in accordance with the provisions of part V.B. of this Settlement Agreement.

B.     To withdraw from this Settlement Agreement under this paragraph, the withdrawing party must provide written notice to the other party's counsel and to the Court within (i) ten (10) business days of receipt of any order or notice of the Court modifying, adding, or altering any of the material terms or conditions of this Agreement, or (ii) if Defendant so chooses, within a reasonable time after it is determined that more than five percent (5%) of Settlement Class Members have excluded themselves from the Settlement.  In the event either party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party in the Action, and shall not be offered in evidence or used in the Action or any other litigation for any purpose, including the existence, certification, or maintenance of any purported class.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, and documents prepared and statements made in connection herewith shall be inadmissible as evidence and without prejudice to the Defendant and Plaintiff, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all Parties to the Action shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.  Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

C.     A change in law, or change of interpretation of present law, that affects this Settlement shall not be grounds for withdrawal from the Settlement.

## VII.   ADMINISTRATIVE OBLIGATIONS

In connection with the administration of the Settlement, the Claim Administrator shall maintain a record of all contacts from Settlement Class Members regarding the Settlement, any Claims submitted pursuant to this Settlement Agreement and any responses thereto.  The Claim Administrator, on a weekly basis, shall provide to Class Counsel and Defense Counsel summary information concerning the number of claims made, number of claims validated, number of returned claims for incompleteness, and total dollar amount of payouts on approved claims made, the number of claims rejected and the total dollar amount of claims rejected, such that Class Counsel and Defense Counsel may inspect and monitor the claims process.

## VIII.   SETTLEMENT APPROVAL PROCESS

### A.   Preliminary Approval of Settlement

Promptly after the execution of this Settlement Agreement, Class Counsel shall present this Settlement Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached as Exhibit C.

### B.   Final Approval of Settlement

(1)   If this Settlement Agreement is preliminarily approved by the Court, Class Counsel shall present a motion for final approval of the Settlement at least twenty-one (21) days prior to the Final Fairness Hearing, requesting that the Court issue a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) substantially in the form that will be agreed to and submitted by the Parties.

(2)   The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties shall use their best efforts, including all efforts contemplated by this

Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. Such best efforts shall include taking all reasonable steps to secure entry of a Final Order and Judgment of the Settlement terms contained herein, as well as supporting the Settlement and the terms of this Settlement Agreement through any appeal.

C.   **Plaintiff's Application for Class Counsel Attorney Fees and Costs, and Class Representative Service Awards**

(1)   The Parties agree that Class Counsel may apply to the Court ("Fee and Expense Application") for a combined award of reasonable attorneys' fees, costs, and expenses (hereinafter, collectively, "Class Counsel Fees and Expenses"), to be paid by Defendant separate and apart from any benefits to the Settlement Class pursuant to this Agreement, in an amount up to, but not exceeding, the total combined sum of One Million and Fifty Thousand Dollars and No Cents ($1,050,000.00). Class Counsel may apply for such an award on or before twenty-one (21) days prior to the deadline for Settlement Class Member objections or requests for exclusion. Defendant will not oppose or object to the Fee and Expense Application requesting Class Counsel Fees and Expenses that do not exceed the total combined sum of One Million Fifty Thousand Dollars and No Cents ($1,050,000.00). Class Counsel shall not seek or be awarded, and shall not accept, any amount of Class Counsel Fees and Expenses exceeding said total combined amount.

(2)   The Parties also agree that Class Counsel may apply to the Court for a reasonable service award not to exceed the amount of Five Thousand Dollars and No Cents ($5,000.00) for the named Plaintiff, John Chess, who has served as putative class representative in the Action ("Settlement Class Representatives"), to be paid by Defendant. Defendant will not oppose Plaintiff's request, made as part of the Fee and Expense Application, that Defendant pay a service award of Five Thousand Dollars and No Cents ($5,000.00) to Plaintiff John Chess.

(3)     The Class Counsel Fees and Expenses and Settlement Class Representative service award, as awarded by the Court, shall be paid by Defendant by wire transfer, check, or other mutually agreeable fashion as designated and instructed by all Class Counsel, within the later of (a) thirty (30) days after the Effective Date of the Settlement, or (b) assuming the Effective Date of the Settlement has occurred, thirty (30) days after entry of the Final Order and Judgment for attorney fees, expenses, and service awards, including final termination or disposition of any appeals relating thereto.   Said payments shall fully, finally and forever satisfy, release and discharge any and all obligations of Defendant and the Released Parties, and with respect to any and all claims or potential claims by any firm or counsel, with respect to payment of the (a) Class Counsel Fees and Expenses, (b) any attorney fees and expenses whatsoever in connection with the Action or this Settlement thereof, and (c) the Settlement Class Representative service award.

(4)     The procedure for and the grant or denial or allowance or disallowance by the Court of the Fee and Expense Application are not part of this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement.   Any order or proceedings relating solely to the Fee and Expense Application, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the Effective Date of this Agreement.   Payment of Class Counsel Fees and Expenses and the Settlement Class Representative service award will not reduce the benefit being made available to the Settlement Class Members, and the Settlement Class Members will not be required to pay any portion of Class Counsel Fees and Expenses or the Settlement Class Representative service award.

(5)     The Parties negotiated the above described amounts of Class Counsel Fees and Expenses and Settlement Class Representative service awards only after reaching an

25

agreement upon the relief provided to the Settlement Class, with the assistance of a professional third-party neutral Mediator at JAMS.

### D. Release of Plaintiff's and Settlement Class Members' Claims

(1)     Upon the Effective Date, the Plaintiff and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, completely and forever released, acquitted, and discharged the Released Parties from all Released Claims.

(2)     Upon the Effective Date, with respect to the Released Claims, the Plaintiff and Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

(3)     Upon the Effective Date, the Action will be deemed dismissed with prejudice.

## IX. MISCELLANEOUS PROVISIONS

### A. Effect of Exhibits

The exhibits to this Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Agreement.

### B. No Admission of Liability

Neither the fact and existence of, nor any term or provision contained in, this Agreement, nor any action taken hereunder, shall constitute, be construed as, or be admitted as evidence as, any admission of the validity or merits of any claim or fact alleged in the Action, or of any

wrongdoing, fault, breach, or violation of law or liability of any kind on the part of Defendant and/or the Released Parties, or any admission by Defendant and/or the Released Parties of any claim or allegation made in any action or proceeding against them. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be offered or be admissible in evidence against Defendant, the Released Parties, the Plaintiff, or the Settlement Class Members, or cited or referred to in the Action or any action or proceeding, except in an action or proceeding brought to enforce the terms of this Agreement and/or the Final Order and Judgment.

C.     **Entire Agreement**

This Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Settlement Agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement. No modification or waiver of any provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Settlement Agreement is sought.

D.     **Arm's-Length Negotiations and Good Faith**

The Parties have negotiated all of the terms and conditions of this Settlement Agreement at arm's length. All terms, conditions, and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the parties in entering into this Settlement Agreement.

### E.   **Continuing Jurisdiction**

The Parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Agreement.

### F.   **Binding Effect of Settlement Agreement**

This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, attorneys, heirs, successors, and assigns.

### G.   **Extensions of Time**

The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice (subject to Court approval as to Court dates).

### H.   **Service of Notice**

Whenever, under the terms of this Settlement Agreement, a person is required to provide service or written notice to Defense Counsel or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other Parties in writing, of a successor individual or address:

As to Plaintiff:

> MILBERG COLEMAN BRYSON
> PHILLIPS GROSSMAN, PLLC
> Alex R. Straus, Esq.
> 280 S. Beverly Drive, Suite PH
> Beverly Hills, CA 90212

As to Defendant:

> HERZFELD & RUBIN, P.C.
> Michael B. Gallub, Esq.
> Brian T. Carr, Esq.
> 125 Broad Street
> New York, NY 10004

I.    **Authority to Execute Settlement Agreement**

Each counsel or other person executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

J.    **Discovery**

Defendant will cooperate and participate in reasonable confirmatory discovery, to the extent reasonably deemed necessary by Plaintiff and agreed-to by the Parties.

K.    **Return of Confidential Materials**

All documents and information designated as "confidential" and produced or exchanged in the Action, shall be returned or destroyed with no copies, either electronic or paper, maintained, within sixty (60) days of the Effective Date of the Settlement.

L.    **No Assignment**

The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the litigation or any related action.

M.    **No Third-Party Beneficiaries**

This Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation, or undertaking established herein to any third party (other than Settlement Class Members themselves) as a beneficiary of this Agreement.

N.    **Construction**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement and, therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

O.    **Captions**

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

IN WITNESS HEREOF, the Parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

*ON BEHALF OF PLAINTIFF*:

Dated:                      July 9, 2021

_____   *John Chess*

John Chess

Dated:                      July 9, 2021
                            7/9/2021

_____

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
100 Garden City Plaza
Garden City, NY 11530

Dated:                      July 8, 2021

_____

SIMMONS HANLY CONROY LLC
One Court Street
Alton, IL 62002

*ON BEHALF OF DEFENDANT:*

Dated:                      July 9, 2021

*Michael B. Gallub*

Michael B. Gallub, Esq.
Herzfeld & Rubin, P.C.
125 Broad Street
New York, New York 10004
Attorneys for Volkswagen Group
of America, Inc.

30

EXHIBIT A

# CLAIM FORM

You Must Complete, Sign and Timely Submit This Form and the Specified Documents/Records to Receive Reimbursement of Certain Past Out-of-Pocket Expenses for One Covered Repair of the DSG Transmission of a Settlement Class Vehicle Under the Settlement in *Gillard v. Volkswagen Group of America, Inc.*, No. 4:17-cv-07287 (N.D.Ca.).

## FIVE STEPS FOR SUBMITTING A CLAIM FOR REIMBURSEMENT:

**(1)      Verify Your Contact Information:**

If your contact information is incorrect, please correct it in the boxes provided below:

```
<<FIRSTMILASTNAME1>>
<<ADDRESS1>>
<<ADDRESS2>>
<<ADDRESS3>>
<<CITY>> <<ST>> <<ZIPCODE>>
<<TELEPHONE NUMBER>>
<<VIN>>
```

*First Name:*                              *MI:*      *Last Name:*

*Address:*

*City:*                                                                    *State:*        *ZIP Code:*

*Telephone Number:*

*Vehicle ID Number (VIN):*

*Vehicle Make:*

*Vehicle Model:*

**(2)      Provide Repair Invoices and/or Other Records (original or legible copies) Confirming that you Paid for a Past Covered Repair of the DSG Transmission of your Settlement Class Vehicle within the Time and Mileage Period Specified Under the Settlement.  The Records you Submit Must Include the Following Information:**

(a)      Your name and address;

(b)      The make, model and Vehicle Identification Number (VIN) of your Settlement Class Vehicle that had the Covered Repair of the DSG transmission;

(c)      The date that the Covered Repair was performed on your Settlement Class Vehicle;

(d)      The name and address of the authorized Audi dealership or non-dealer service facility that performed the Covered Repair;

(e)      A description of the repair work performed (demonstrating that this was a Covered Repair) including the parts repaired/replaced on the DSG transmission and a breakdown of the parts and labor costs;

(f)      The vehicle's mileage at the time that the Covered Repair was performed;

1

(g) Records evidencing your adherence to the transmission oil maintenance requirements of the Settlement Class Vehicle's maintenance schedule, set forth in the Warranty and Maintenance Booklet for the vehicle, during the time you owned and/or leased the vehicle up to the date/mileage of the Covered Repair, within a variance of ten percent (10%) of the scheduled time/mileage maintenance requirements.  In the event such maintenance records cannot be obtained despite a good faith effort to obtain them, you may submit a signed and sworn Declaration detailing what efforts you made to obtain the records, the reason why the records are not available, and attesting to your adherence to the transmission oil maintenance requirements of the Settlement Class Vehicle's maintenance schedule as set forth above; and

(h) Proof of your payment, including the amount paid, for the Covered Repair.

**(3)** Provide the Total Dollar Amount you are Claiming for Reimbursement of the Covered Repair:

$ ☐☐☐☐☐☐

**(4)** **Answer the Following Question:**

For the amount of the Covered Repair cost for which you are seeking to be reimbursed, did you receive any payment, credit, coverage, concession, or reimbursement for all or any part of that amount from any other source, including from Audi, any warranty or maintenance program, goodwill, coupon or reduction, or other full or partial reimbursement or refund (for example, by an Audi dealership, any insurance company or provider of any extended warranty or service contract, or by any other source)?

☐ Yes ☐ No

If you answered YES, identify from whom/what source(s) such payment, reimbursement, coverage, credit or concession was received:

_____

If you answered YES, list the total amount of the cost for which you already received a payment, reimbursement, coverage, credit, or concession:

$ ☐☐☐☐ • ☐☐

**(5)** **Sign & Date:**

All the information that I (we) supplied in this Claim Form is true and correct to the best of my (our) knowledge and belief, and this document is signed under penalty of perjury.

_____     Date: ☐☐ ☐☐ ☐☐☐☐
Signature                                    MM    DD    YYYY

Name:-_____

**(6)** **You Must Mail the completed and signed Claim Form, and all required Documents/Paperwork, postmarked no later than _____, 2021, to:**

> Angeion Group
> 1650 Arch Street, Suite 2210
> Philadelphia , PA 19103

**For more information, please review the Class Notice, call the Claims Administrator at 1-___-___-____, or visitError! Hyperlink reference not valid.**

# EXHIBIT B

*Chess v. Volkswagen Group of America, Inc. d/b/a Audi of America, Inc.*,
**U.S. District Court, Northern District of California, (listed on the Court Docket as Gillard, et al. v. Volkswagen Group of America, Inc.) Civil Action No. 4:17-cv-07287-HSG**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

### THIS NOTICE OF A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.

- A Settlement has been proposed in a putative class action lawsuit against Volkswagen Group of America, Inc. ("VWGoA") in which Plaintiff has claimed that the DSG transmissions in certain Audi S4 and Audi S5 vehicles contain an alleged defect that could potentially result in shuddering, juddering, rough shifting or improperly entering "limp mode" conditions at certain times. VWGoA has denied the claims and maintains that the transmissions in these vehicles are properly designed and manufactured and are not defective. The class action, pending in the United States District Court for the Northern District of California, is entitled *Gillard v. Volkswagen Group of America, Inc. d/b/a Audi of America, Inc.*, Civil Action No. 4:17-cv-07287 (the "Action" or "Lawsuit"). The Action has not gone to trial and the Court has not decided in favor of the Plaintiff or VWGoA. Instead, the Plaintiff and VWGoA have agreed to settle the Action.

- You are a "Settlement Class Member" and are affected by this Settlement if you purchased or leased a model year 2010, 2011 or 2012 Audi S4 or Audi S5 vehicle in the United States or Puerto Rico that was imported and distributed by VWGoA for sale or lease in the United States or Puerto Rico (hereinafter, collectively, "Settlement Class Vehicles").

- This Notice explains the Action, the Settlement, your legal rights, your available benefits and who is eligible for them, how to obtain them if you are eligible, and applicable time deadlines and procedures. As a Settlement Class Member, you have various options that you may exercise before the Court decides whether to approve the Settlement. Additional information is available online at www._____.com.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

- The Court in charge of this case still has to decide whether to approve the Settlement. The Court has preliminarily approved the Settlement, and will hold a Final Fairness Hearing, at the time and place discussed below, to decide whether to grant final approval of the Settlement. Any Payments pursuant to the Settlement will be made only if the Court grants final approval of the Settlement and after appeals, if any, are resolved.

## BASIC INFORMATION

**1. Why did I receive this Notice, and what are the settlement benefits?**

A federal court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement.

According to records, you are a current or past owner or lessee of a model year 2010, 2011 or 2012 Audi S4 or Audi S5 vehicle that was imported and distributed by Volkswagen Group of America, Inc. ("VWGoA") for sale or lease in the United States or Puerto Rico (hereinafter, collectively, "Settlement Class Vehicles").

As a current or past owner or lessee of a Settlement Class Vehicle, you are considered a "Settlement Class Member." A class action lawsuit was filed alleging that there is a defect that might cause the DSG transmissions of the Settlement Class Vehicles to shudder, judder, rough shift or improperly enter "limp mode" at certain times. VWGoA has denied the claims and maintains that the transmissions are not defective, were properly designed and manufactured, that no applicable warranties were breached, that no statutes or laws were violated, and that no wrongdoing occurred with respect to the transmissions in the Settlement Class Vehicles. The Lawsuit has been resolved through a Settlement under which the following benefits will be provided:

### A.  <u>Reimbursement for Past Unreimbursed Out-of-Pocket Expenses for Covered Repairs</u>

If, prior to the Notice Date and within nine years or ninety thousand (90,000) miles (whichever occurred first) of the Settlement Class Vehicle's In-Service Date, a Settlement Class Member incurred and paid out-of-pocket expenses for a Covered Repair (a repair or replacement of the mechatronics unit or the transmission itself, as a result of a diagnosed condition of shuddering, juddering, rough shifting or improperly entering "limp mode" of a Settlement Class Vehicle's transmission) that was not otherwise reimbursed, and timely submits a valid, complete and signed Claim Form, together with the required documentary proof set forth below, the Settlement Class Member will be entitled to a percentage reimbursement of said past paid out-of-pocket expenses (parts, labor and taxes) for one (1) such Covered Repair, with the percentage of reimbursement determined by the age and mileage of the vehicle at the time of the repair as set forth in Table 1 below:

(a)     If the Covered Repair was performed by an authorized Audi dealer, the Settlement Class Member shall be entitled to receive a percentage of reimbursement of the paid invoice amount of one (1) Covered Repair (parts, labor and taxes), with the percentage of reimbursement determined by the age and mileage of the vehicle at the time of the repair as set forth in Table 1 below.

(b)     If the Covered Repair was performed by a service entity or facility that is not an authorized Audi dealer, then the invoice amount of the one (1) Covered Repair (parts, labor and taxes) from which the applicable percentage of reimbursement will be determined pursuant to Table 1 below, will be limited to a maximum of $5,000 if the Covered Repair was a replacement of the mechatronics unit, and $12,000 if the Covered Repair was a replacement of the entire transmission.

Questions? Call _____ or visit www._____.com

2

Table 1: Time/Mileage Parameters and Percentage Limits of Coverage

| Time from In-Service Date | Up to 50,000 miles | 50,001 to 60,000 miles | 60,001 to 70,000 miles | 70,001 to 80,000 miles | 80,001 to 90,000 miles |
|---|---|---|---|---|---|
| Up to 4 years | 100% (under original warranty) | 85% | 75% | 65% | 50% |
| 4-5 years | 85% | 80% | 70% | 60% | 45% |
| 5-6 years | 75% | 70% | 60% | 50% | 40% |
| 6-7 years | 70% | 65% | 55% | 45% | 35% |
| 7-8 years | 65% | 55% | 45% | 40% | 30% |
| 8-9 years | 55% | 45% | 35% | 30% | 20% |

**B.**    **Requirements for and Limitations on Entitlement to Reimbursements Set Forth in Sections A Above**

To qualify for reimbursement of past paid and unreimbursed out-of-pocket expenses provided under Section A above, Settlement Class Members must comply with the following requirements:

(a)    Mail to the Claim Administrator, by first-class mail **postmarked no later than _____ [one hundred forty (140) days after the Notice Date]**, a fully completed Claim Form, a copy of which is attached to this Notice and available at www._____.com, signed and dated under penalty of perjury, together with all required Proof of Repair Expense documentation listed in the Claim Form and Proof of Adherence to the Vehicle's Maintenance Schedule (documents, evidencing the Settlement Class Member's adherence to the Settlement Class Vehicle's maintenance schedule for transmission oil maintenance during the time he/she/it owned and/or leased the vehicle up to the time of the Covered Repair, within a variance of ten percent (10%) of the scheduled time/mileage maintenance requirement, or, in the event maintenance records cannot be obtained despite a good faith effort to obtain them, the Settlement Class Member may submit a sworn Declaration detailing what efforts were made to obtain the records, including why the records are not available, and attesting to adherence to the relevant aspects of the Settlement Class Vehicle's maintenance schedule as set forth above).

(b)    If the claimant is not a person to whom the Claim Form was addressed, and/or the vehicle with respect to which a Claim is made is not the vehicle identified by VIN number on the mailed Claim Form, the Claim shall contain proof that the claimant is a Settlement Class Member, that the vehicle is a Settlement Class Vehicle and that the Settlement Class Member paid and was not reimbursed for a Covered Repair.

(c)    Any reimbursement pursuant to this Settlement shall be reduced by any previous warranty, carefree maintenance, goodwill, reimbursement, refund, or other payment or concession for the transmission repair that was paid or provided by Defendant, an authorized Audi dealer, or any other entity (including insurers and providers of extended warranties or service contracts).

(d)    Each Claim for Reimbursement must include, in the Claim Form(s), a statement that the Settlement Class Member has not previously been reimbursed, from any other source, for all or part of the out-of-pocket expense for which reimbursement is being sought under this Settlement, or if any

Questions? Call _____ or visit www._____.com

3

full or partial reimbursement was previously received, delineate the amount of the reimbursement received and the source of the reimbursement.

(e)     Transmission shuddering, juddering, rough shifting or improperly entering "limp mode" resulting from misuse, abuse, alteration or modification, a collision or crash, vandalism, lack of or improper maintenance, and/or damage from an environmental or outside source, does not qualify for reimbursement.

## C.   Warranty Extension for Current Owners and Lessees of Certain Settlement Class Vehicles that are Eligible

Effective on _____, 2021 [the Notice Date], VWGoA will extend its New Vehicle Limited Warranties applicable to certain Settlement Class Vehicles' transmissions to cover a percentage of the cost of one (1) repair, by an authorized Audi dealer, of a diagnosed condition of transmission shuddering, juddering, rough shifting or improperly entering "limp mode" of said vehicles within a period of nine (9) years or ninety-thousand (90,000) miles (whichever occurs first) from the Settlement Class Vehicle's In-Service Date, by either repairing or replacing the transmission or the mechatronics unit, with the amount of said extended warranty coverage determined by the same time and mileage parameters (at time of the repair) and percentages set forth in Table 1 above, and provided that the Settlement Class Member submits, to the dealer, the same Proof of Adherence to the Vehicle's Maintenance Schedule detailed in Section 1.A above (hereinafter, the "Warranty Extension" or "Extended Warranty"):

General Terms and Conditions of the Extended Warranty:

(a) The Extended Warranty is subject to the same terms and conditions set forth in the Settlement Class Vehicle's New Vehicle Limited Warranty and Warranty and Maintenance Booklet, except for the time/mileage duration of the Extended Warranty and the percentage of its coverage as set forth above.

(b) Transmission shuddering, juddering, rough shifting or improperly entering "limp mode" resulting from misuse, abuse, alteration or modification, a collision or crash, vandalism, lack of or improper maintenance, and/or damage from an environmental or outside source, shall be excluded and not covered by the Extended Warranty.

(c) The Extended Warranty will be fully transferable to subsequent owners of Settlement Class Vehicles to the extent that its time and mileage duration has not expired.

(d) A vehicle is not eligible for an Extended Warranty if it was purchased with a salvaged title or if it was acquired by an insurance company as a result of a total loss.

(e) VWGoA shall not be responsible for, and shall not warrant, repair or replacement work performed on a Settlement Class Vehicle by an independent service center that is not an authorized Audi dealer.

## 2. Why is this a class action settlement?

In a class action, one or more persons, called the Class Representatives, sue on behalf of other people who have similar claims. Together all of these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

The Class Representative in this case is the Plaintiff John Chess, and the company he sued is called the Defendant.

The Court has not decided in favor of Plaintiff or Defendant. Instead, both sides agreed to a

Questions? Call _____ or visit www._____.com

4

Settlement with no decision or admission of who is right or wrong. That way, all parties avoid the risks and cost of further litigation and a trial, and the people affected (the Settlement Class Members) will get benefits quickly. The Settlement Class Representative and Class Counsel think the Settlement is best for the Settlement Class.

## WHO IS PART OF THE SETTLEMENT?

### 3. Am I in this Settlement Class?

The Court has conditionally approved the following definition of a Settlement Class Member: All persons or entities who purchased or leased a Settlement Class Vehicle in the United States or Puerto Rico that was imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States of America and Puerto Rico.

Excluded from the Settlement Class are (a) all Judges who have presided over the Action, and their spouses; (b) all current employees, officers, directors, agents, and representatives of Volkswagen Group Companies, and their family members; (c) any affiliate, parent, or subsidiary of Defendant and any entity in which Defendant have a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to _____ **[date settlement agreement is signed]** settled with and released Defendant or any Released Parties from any Released Claims; and (j) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

### 4. I'm still not sure if I am included.

If you are still not sure whether you are included, you can call the Claim Administrator at _____ or visit www._____.com for more information.

## SETTLEMENT BENEFITS – WHAT YOU GET

### 5. What does the Settlement provide?

The benefits afforded by the Settlement are described in Question 1. More details are provided in the next three sections.

### 6. Who can send in a Claim for Reimbursement?

Any person or entity who purchased or leased a Settlement Class Vehicle in the United States or Puerto Rico can send in a timely Claim for Reimbursement for money spent within the parameters and within the time period described in Question 1.

### 7. How do I send in a Claim for Reimbursement?

To submit a Claim for Reimbursement, you must do the following within the required deadline:

(a) Complete, sign under penalty of perjury, and date the Claim Form (a copy of which are enclosed with this Class Notice and available at www._____.com). It is recommended that you keep a copy of the completed Claim Form.

(b) Mail the completed, signed, and dated Claim Form, together with your supporting Proof of Repair Expense documentation (e.g., repair record[s], receipts, and proof of payment) and Proof of Adherence to the Vehicle's Maintenance Schedule by First-Class Mail, **postmarked no later than**

Questions? Call _____ or visit www._____.com

_____, **2021**, to the address provided on the Claim Form. The information that must be reflected in your records is described on the Claim Form. It is recommended that you keep a copy of your records and receipts.

If you are eligible for reimbursement benefits under the Settlement but fail to submit the completed Claim Form and supporting documentation by the required deadline, you will not receive a reimbursement.

### 8. When do I get my reimbursement or learn whether I will receive a payment?

If the Claim Administrator determines your Claim is valid, your reimbursement will be mailed to you after the Settlement becomes final, which is called the "Effective Date." The Court has preliminarily approved the Settlement. The Court will hold a Final Fairness Hearing on _____, to decide whether to grant final approval of the Settlement as fair, reasonable, and adequate. Information about the progress of the case will be available at www._____.com.

If the Claim Administrator determines your Claim should not be paid, you will be mailed a letter telling you this. If the reason for rejecting your Claim is due to a deficiency in your Claim Form and/or supporting documentation, the letter will notify you of the deficiency in your Claim and what you need to submit, and the deadline by which you may correct the deficiency. To check on the status of your Claim, you can call the Claim Administrator at _____.

### 9. What am I giving up to participate in the Settlement and stay in the Settlement Class?

Unless you exclude yourself by taking the steps described in Question 10 below, you are staying in the Settlement Class, which means that you will be bound by the Settlement Agreement including its release of claims, and cannot sue, continue to sue, or be part of any other lawsuit about the same matters, claims, and legal issues that were asserted or could have been asserted in this case and/or contained in the release of claims (except for claims of personal injury or property damage other than damage to the Settlement Class Vehicles, which are not excluded by the release of claims). It also means that all of the Court's orders and judgments will apply to you and legally bind you. The specific claims and parties you will be releasing are set forth in the Settlement Agreement, which is available for review on the settlement website, www._____.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

### 10. How do I get out of this Settlement?

To exclude yourself from the Settlement, you must send a written request for exclusion by U.S. Mail, **postmarked no later than** _____, clearly stating that you want to be excluded from the settlement. Your Request for Exclusion must also include your full name, address, telephone number, and signature, the model, model year and VIN of your vehicle, state whether you are a current or former owner or lessee of a Settlement Class Vehicle and specifically state your desire to be excluded from the Settlement Class. You must mail your Request for Exclusion, **postmarked no later than** _____, to each of the following:

| CLAIM ADMINISTRATOR | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Angeion Group<br>1650 Arch Street, Suite 2210<br>Philadelphia PA 19103<br>Attn: _____ | Alex Straus, Esq.<br>MILBERG COLEMAN BRYSON<br>PHILLIPS GROSSMAN, PLLC<br>280 S. Beverly Drive, Suite PH<br>Beverly Hills, CA 90212 | Michael B. Gallub, Esq.<br>HERZFELD & RUBIN, P.C.<br>125 Broad Street<br>New York, NY 10004 |

Questions? Call _____ or visit www._____.com

You cannot exclude yourself on the phone or by email. If you timely submit your request to be excluded by U.S. Mail or express mail, you will not get any benefits of the Settlement and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Lawsuit.

### 11. If I don't exclude myself, can I sue later?

No, not for the same matters and legal claims that were or could have been asserted in the Action, unless your claim is for personal injury or property damage (other than damage to the Settlement Class Vehicle). The Released Claims are described in the Settlement Agreement, available for review at www._____.

### 12. If I exclude myself, can I get the benefits of this Settlement?

No. If you exclude yourself from the Settlement Class, you won't get any money or benefits from this Settlement, and you should not submit a Claim Form. You cannot do both.

### 13. Do I have a lawyer in this case?

The Court has appointed the law firms of Milberg Coleman Bryson Phillips Grossman, PLLC and Simmons Hanly Conroy, LLC to represent Settlement Class Members. These law firms are called "Class Counsel."

### 14. Should I get my own lawyer?

You do not need to hire your own lawyer to participate in the Settlement because Class Counsel will be representing you and the Settlement Class. However, if you want your own lawyer, you may hire one at your own cost.

### 15. How will the lawyers be paid, and will the Settlement Class Representatives receive service awards?

Class Counsel have prosecuted this case on a contingency basis. They have not received any fees or reimbursement for costs and expenses associated with this case. Class Counsel will file an application with the Court requesting an award of reasonable attorney fees and reasonable costs and expenses ("Fees and Expenses") in an amount not exceeding a combined total sum of $1,050,000. VWGoA has agreed not to oppose Class Counsel's application for Fees and Expenses that do not exceed this combined total sum, and Class Counsel have agreed not to accept any Fees and Expenses in excess of that combined total sum.

Class Counsel will also apply to the Court for a service award to the named Plaintiff, John Chess, who has conditionally been approved as Settlement Class Representative, in the amount of $5,000, for his efforts in pursuing this litigation for the benefit of the Settlement Class.

Any award for Class Counsel Fees and Expenses and any service award will be paid separately by Defendant, and will not reduce any benefits available to you under the Settlement.

Class Counsel's application for Fees and Expenses and the Settlement Class Representative service award will be filed by _____, 2021 [21 days before the deadline for objections/opt-outs], and a copy will be made available for review at www._____.com.

### SUPPORTING OR OBJECTING TO THE SETTLEMENT

### 16. How do I tell the Court that I like or dislike the Settlement?

**If you are a member of the Settlement Class and do not request to be excluded, you can tell the Court you like the Settlement and think it should be approved, or you can ask the Court to deny approval by filing a written objection. You can object to the Settlement and/or to Class Counsel's requests for Fees**

Questions? Call _____ or visit www._____.com

7

**and Expenses and the Settlement Class Representative service award.** You cannot ask the Court to order a different settlement; the Court can only approve or reject this proposed Settlement. If the Court denies approval of the Settlement, no settlement payments will be sent out and the Lawsuit will continue. If that is what you want to happen, you must object. You are not required to submit anything to the Court unless you are objecting to the Settlement.

To object to or comment on the Settlement, you must do one of the following:

(a) Submit your written objection or comment, and any supporting papers or materials, to the Court. You may do so by mailing them by U.S. First-Class Mail, **postmarked no later than** _____, addressed to Clerk of the Court, United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland CA 94612; or

(b) File your written objection or comment, and any supporting papers or materials, with the Court in person at any location of the United States District Court for the Northern District of California, or on the Court's ECF online docket for this case, **no later than** _____.

If you choose to mail your written objection to the Court, you must also, no later than the above date, mail copies of the objection and supporting papers or materials to:

- Alex Straus, Esq., Milberg Coleman Bryson Phillips Grossman, PLLC, 280 S. Beverly Drive, Beverly Hills, CA 90212 (on behalf of Class Counsel);

- Michael B. Gallub, Esq., Herzfeld & Rubin, P.C., 125 Broad Street, New York, NY 10004 (on behalf of Defendant's counsel); and

- Angeion Group, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 (the Claim Administrator).

**Requirements for an Objection:** Regardless of which method you choose, your written objection must state clearly that you are objecting to the Settlement, Fees and Expenses and/or the Settlement Class representative service awards in *Gillard v. Volkswagen Group of America, Inc.*, Civil Action No. 4:17-cv-07287, and must include your full name, current address, and telephone number, the model, model year, and VIN of your vehicle, proof that you own(ed) or lease(d) the vehicle (e.g., a true copy of a vehicle title, registration, or license receipt), a written statement of all your factual and legal grounds for objecting, any documents and/or briefs supporting your objection, a statement of whether you intend to appear at the Final Fairness Hearing, the name, address and telephone number of any counsel representing the objector, and your signature. In addition, any Settlement Class Member objecting to the Settlement must also provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements in any court in the previous five (5) years, or affirmatively state that the Settlement Class Member, or his or her counsel, has not objected to any other class action Settlement in the previous five (5) years, in the written materials provided with the objection. If you intend to appear at the Final Fairness Hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the Final Fairness Hearing.

If you do not submit a written objection in accordance with the deadline and procedure/requirements set forth above, you will waive your right to object and be heard at the Final Fairness Hearing, and to appeal from any order or judgment of the Court concerning the matter.

## 17. What is the difference between objecting and excluding myself?

Objecting is simply telling the Court that you do not like something about the Settlement. You can only object if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the Settlement. If you exclude yourself, you have no basis to object because the case

Questions? Call _____ or visit www._____.com

8

no longer affects you and you are not entitled to any benefits that the Settlement affords.

## FINAL FAIRNESS HEARING

### 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing at _____ on _____, before the Honorable Haywood S. Gilliam, United States District Judge, at the United States District Court for the Northern District of California, Courtroom 2- 4th Floor, 1301 Clay Street, Oakland CA 94612, to determine whether the Settlement is fair, reasonable, and adequate and should receive final approval. At the Final Fairness Hearing, the Court will also consider Class Counsel's application for Fees and Expenses and a service award to the Settlement Class Representative.

### 19. Do I have to Attend the Final Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. You may also pay your own lawyer to attend, but it is not necessary for your objection to be considered by the Court.

### 20. May I speak at the Final Fairness Hearing?

If you do not exclude yourself, you may ask the Court's permission to speak at the Final Fairness Hearing concerning the proposed Settlement or the application of Class Counsel for Fees and Expenses and the Settlement Class Representative service award. To do so, you must send in a letter saying that it is your intention to appear at the Final Fairness Hearing in *Gillard v. Volkswagen Group of America, Inc.*, Civil Action No. 4:17-cv-07287. The letter must state the position you intend to present at the Final Fairness Hearing, state the identities of all attorneys who will represent you (if any), and must include your full name, current address, and telephone number, the model year and VIN of your vehicle(s), and your signature. **You must either send your letter by U.S. First-Class Mail to the Clerk of the Court, Class Counsel, and defense counsel at the three addresses listed under Question 16 above, postmarked no later than _____, 2021, or file your letter with the Court either in person or on the Court's on-line ECF docket (as specified under Question 16 above) no later than _____, 2021.** You may combine this letter and your comment or objection (described under Question 16) in a single document. You cannot speak at the Final Fairness Hearing if you excluded yourself from the Settlement.

## IF YOU DO NOTHING

### 21. What happens if I do nothing at all?

If you do nothing, you will be bound by the Settlement if the Court approves it.

## MORE INFORMATION

### 22. Where can I get more information?

For more information, please visit the Settlement website at www._____.com, where you can find extra Claim Forms, a copy of the Settlement Agreement, the Preliminary Approval Order, certain applicable motions and/or court filings, other pertinent documents, and more information on this litigation and Settlement. Updates regarding the case, including important dates and deadlines, will also be available on the

Questions? Call _____ or visit www._____.com

website. You may also contact the Claim Administrator by phone at _____ or by email at info@_____.com.

Questions? Call _____ or visit www._____.com

10

# EXHIBIT C

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JOHN CHESS, individually and on behalf of all others similarly situated.

Plaintiff,

vs.

VOLKSWAGEN GROUP OF AMERICA, INC.,

Defendant.

Case No. 4:17-cv-07287-HSG

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

**WHEREAS**, the Plaintiff in the above-described putative class action (the "Action") has filed an Unopposed Motion, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for Preliminary Approval of the proposed Settlement, conditionally certifying the Settlement Class for settlement purposes only, approving the Parties' proposed Class Notice and Class Notice Plan, conditionally approving Plaintiff John Chess as Class Representative for the Settlement Class, conditionally appointing the law firms of Milberg Coleman Bryson Phillips Grossman, PLLC and Simmons Hanly Conroy, LLC as Settlement Class Counsel, conditionally appointing Angeion Group as the Settlement Claim Administrator, setting deadlines and procedures for objections to and/or requests from exclusion from the proposed Settlement and setting a schedule for submissions and further proceedings including the Final Fairness Hearing, in accordance with a Settlement Agreement (the "Settlement" or Settlement Agreement") entered into by the Parties as of July 9, 2021 (which, together with its exhibits, is incorporated herein by reference);

**WHEREAS**, proposed Settlement Class Counsel have conducted an extensive investigation into the facts and law relating to the matters alleged in the Action;

**WHEREAS**, the Parties reached a proposed class Settlement as a result of extensive arms' length negotiations of disputed claims occurring over a substantial period of time, including participation in mediation before an experienced professional third-party neutral Mediator at JAMS;

**WHEREAS**, the Court having reviewed and considered the Unopposed Motion for Preliminary Approval and supporting materials filed by Settlement Class Counsel including the Settlement Agreement with annexed Exhibits; and

**WHEREAS**, this Court, after due deliberation, having fully considered the record, the Settlement Agreement and exhibits and the requirements of law, and good cause appearing;

**IT IS HEREBY ORDERED** as follows:

1.     The Court has subject matter jurisdiction over the Action under 28 U.S.C. § 1332(d), and venue is proper in this district.

2.     The Court has personal jurisdiction over Plaintiff, the Settlement Class Members

1    and Defendant.

2        3.    To the extent not otherwise defined herein, all defined terms in this Order shall

3    have the meaning assigned in the Settlement Agreement.

4        4.    The Settlement Agreement was entered into by experienced class action counsel

5    after extensive arms' length negotiations of disputed claims, which included the participation of

6    an experienced and neutral third-party mediator.  The Settlement Agreement is entered into in

7    good faith and is not the result of collusion.

8        5.    The proceedings that occurred before the Parties entered into the Settlement

9    Agreement gave counsel the opportunity to adequately assess this case's strengths, weaknesses

10   and the risks and benefits to each Party, and thus, to negotiate a Settlement Agreement that

11   reflects those considerations.

12       6.    After careful review of the Settlement Agreement, the Court hereby preliminarily

13   finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class

14   under Rule 23(e)(2) of the Federal Rules of Civil Procedure, and has no obvious deficiencies

15   that would preclude preliminary approval.  Accordingly, the Court hereby grants preliminary

16   approval of the Settlement and its terms as proposed by the Parties.

17       7.    The Court preliminarily finds, for settlement purposes only, that all requirements

18   of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied.  As such, the Court hereby preliminarily

19   certifies the following Settlement Class for settlement purposes only:

20   All persons and entities who purchased or leased any model year 2010, 2011 or
21   2012 Audi S4 or Audi S5 vehicle in the United States or Puerto Rico that was
     imported and distributed by Volkswagen Group of America, Inc. for sale or lease
22   in the United States or Puerto Rico.

23   Excluded from the Settlement Class are (a) all Judges who have presided over
     the Action and their spouses; (b) all current employees, officers, directors, agents
24   and representatives of Defendant, and their family members; (c) any affiliate,
     parent or subsidiary of Defendant and any entity in which Defendant has a
25   controlling interest; (d) anyone acting as a used car dealer; (e) anyone who
     purchased a Settlement Class Vehicle for the purpose of commercial resale; (f)
26   anyone who purchased a Settlement Class Vehicle with salvaged title and/or any
     insurance company who acquired a Settlement Class Vehicle as a result of a total
27   loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle
     warranties and service contracts; (i) any Settlement Class Member who, prior to
28

2        Case No. 4:17-cv-07287-HSG

the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (j) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

8.      The Court preliminarily finds that the requirements of Rule 23 are satisfied, for settlement purposes only, as follows: (a) pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable, (b) pursuant to Fed. R. Civ. P. 23(a)(2) there are common issues of law and fact for the Settlement Class, (c) pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Plaintiff are typical of the claims of the Settlement Class he seeks to represent, and (d) pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiff and his counsel will fairly and adequately protect and represent the interests of all members of the Settlement Class as the Settlement Class Representative, and Settlement Class Counsel, respectively, and that Plaintiff's interests are not antagonistic to those of the Settlement Class.

9.      The Court further preliminarily finds that the requirements of Rule 23(b)(3) are satisfied, for settlement purposes only, in that (a) common questions of law and fact pertaining to the Settlement Class Members predominate over questions that may affect only individual members; and (b) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

10.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of effectuating the Settlement, the Court preliminarily appoints Plaintiff John Chess ("Plaintiff") to serve as Class Representative of the Settlement Class.

11.      The Court also, for settlement purposes only, preliminarily appoints the law firms of Milberg Coleman Bryson Phillips Grossman, PLLC and Simmons Hanly Conroy, LLC, collectively, as Class Counsel. Solely for the purposes of effectuating the Settlement, Class Counsel are authorized to act on behalf of the Plaintiff and all other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement. These designations shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur.

12.      The Court preliminarily appoints Angeion Group as the Settlement Claim

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

Administrator (hereinafter the "Settlement Claim Administrator" or "Claim Administrator") to supervise and administer the Class Notice Plan as well as the processing and review of claims that are timely and properly submitted and comply with the terms of the Settlement

13.     This Preliminary Approval Order shall neither preclude nor in any way affect Defendant's rights to assert that this action may not be certified as a class action, other than for the purpose of this settlement only.  The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider the manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

14.     The Court finds that the content of the proposed form of Class Notice attached as Exhibit B to the Settlement Agreement, satisfies the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1) and Due Process, and accordingly, the Court hereby approves the proposed Class Notice.

15.     The Court also approves the Claim Form attached as Exhibit A to the Settlement Agreement.

16.     The Court further approves the proposed method for providing notice of the Settlement to the Settlement Class Members, as reflected in the Class Notice Plan set forth in the Settlement Agreement.  The Court has reviewed the Class Notice Plan and finds that the Settlement Class Members will receive the best notice practicable under the circumstances.  The Court specifically approves the Parties' proposal that on an agreed upon date with the Claims Administrator, but in no event later than _____, 2021 [one hundred (100) days after entry of this order], the Claims Administrator shall cause individual Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit B, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members (the "Notice Date").  The Court specifically approves the procedures set forth in the Settlement Agreement for identifying Settlement Class Members, and for re-mailing notice packets and performing advanced address searches for Settlement Class Members' addresses if returned as undeliverable.  The Court further approves the payment of notice costs by Defendant as provided in the Settlement Agreement.

17.     The Court finds that these procedures will constitute the best notice practicable under the circumstances and satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process.  Accordingly, the Court hereby approves the Class Notice Plan and authorizes the Class Notice Plan to be implemented in the form and manner set forth in the Settlement Agreement.

18.     The Departments of Motor Vehicles within the United States and Puerto Rico are ordered to provide approval to Polk/IHS Markit, or any other company so retained by the parties and/or the Claims Administrator, to release the names and addresses of Settlement Class Members in this action associated with the titles of the Vehicle Identification Numbers at issue in this action for the purposes of disseminating the Class Notice to the Settlement Class Members. Polk/IHS or any other company so retained is ordered to license, pursuant to agreement between Defendant and said company, and/or the Claims Administrator and said company, the Settlement Class Members' contact information to Defendant and/or the Claims Administrator solely for the use of providing Class Notice in this action and for no other purpose.

19.     The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Final Fairness Hearing will be held by this Court in the Courtroom of The Honorable Haywood S. Gilliam, Jr., U.S.D.J., United States District Court for the Northern District of California, United States Courthouse, 1301 Clay Street, Oakland, California  94612 at _____ .m. on _____, 2021 ("Final Fairness Hearing"), for, *inter alia*, the following purposes: (a) to determine whether the Settlement, pursuant to the terms and conditions set forth in the Settlement Agreement, is fair, reasonable, and adequate to the Settlement Class, and should be granted final approval by the Court; (b) to determine whether the Final Approval Order and Judgment, substantially in the form to be submitted by the Parties,  should be entered granting final approval of the Settlement and dismissing the Action with prejudice accordingly; (c) to appoint Plaintiff John Chess as Settlement Class Representative and the law firms of  Milberg Coleman Bryson Phillips Grossman, PLLC and Simmons Hanly Conroy, LLC, collectively, as Settlement Class Counsel; (d) to appoint Angeion Group as Settlement Claim Administrator; (e) to determine Settlement Class Counsel's application for an award of reasonable attorneys' fees, costs and expenses and for a Service Award to the Plaintiff-Settlement Class

Representative; and (f) to consider any other matters that properly may be brought before the Court in connection with the Settlement.  Notice of the Final Fairness Hearing shall be provided in the Class Notice, as proposed by the Parties.  The Court may adjourn or reschedule the Final Fairness Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

20.    The Court directs that no later than _____, 2021 [twenty-one (21) days prior to the Fairness Hearing], Settlement Class Counsel shall file their Motion for Final Approval of the Settlement.

21.    The Court directs that Settlement Class Counsel shall file their Motion for reasonable attorney fees and expenses, and the Settlement Class Representative service award, no later than _____, 2021 [fourteen (14) days before the Objection Deadline].

22.    The Court further directs that no later than _____, 2021 [ten (10) days prior to the Final Fairness Hearing], Settlement Class Counsel and Defendant may file any supplemental memoranda or other submissions addressing any Settlement Class Member objections, requests for exclusion, and any other matters in further support of final approval of the Settlement.

23.    Any Settlement Class Members wishing to object to the proposed Settlement or the requests for Settlement Class Counsel fees and expenses and/or the Settlement Class Representative service award, must adhere to the following deadline and procedures in order for the objection to be considered by the Court:

24.        To object, a Settlement Class Member, individually or through counsel, must, no later than _____, 2021 [thirty (30) days after the Notice Date] (hereinafter, the "Objection Deadline"), file a written objection, with all supporting documents and/or memoranda, with the Court in person at the United States District Court for the Northern District of California, United States Courthouse, 1301 Clay Street, Oakland, California  94612, or via the Court's electronic filing system, or, if not filed with the Court by either method, mail the objection and all supporting documents and/or memoranda to the Court, and to the following persons, by first-class mail postmarked no later than the _____, 2021 ["Objection Deadline"]:

**Settlement Class Counsel**
_____

Milberg Coleman Bryson Phillips Grossman, PLLC
280 S. Beverly Drive, Suite PH
Beverly Hills, CA 90212

**Defendant's Counsel**
Michael B. Gallub, Esq.
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004

**Claims Administrator**
Angeion Group
P.O. Box 58220
Philadelphia, PA 19102

25. Any objecting Settlement Class Member must include with his/her/its objection:

   a)   the objector's full name, address, and telephone number;

   b)   the model, model year and Vehicle Identification Number ("VIN") of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

   c)   a written statement of all grounds for the objection accompanied by any legal support for such objection;

   d)   copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection;

   e)   the name, address and telephone number of any counsel representing said objector; and

   f)   a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name with jurisdiction in which it was filed and the docket number.  If the Settlement Class Member or his/her/its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she/they/it shall affirmatively so state in the objection.

26.        Subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable and adequate, or to object to any motion for attorneys' fees, expenses or service award.  Any Settlement Class Member that wishes to appear in person or by counsel must, by the Objection Deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Fairness Hearing.  The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence, and the identity of witnesses that the objecting Settlement Class Member or their counsel intends to present to the Court.  Any Settlement Class Member who does not provide a Notice of Intention to Appear in accordance with the Objection Deadline and requirements set forth in the Settlement Agreement and Class Notice shall not be entitled to appear and present any arguments at the Final Fairness Hearing.

27.        Any Settlement Class member who has not filed an objection in accordance with the Objection Deadline and the requirements set forth in this Order shall be deemed to have waived his/her/its right to object to, and shall forever be barred from objection to, any aspect of the proposed Settlement and to Settlement Class Counsel's motion for reasonable attorney fees and expenses and Settlement Class Representative service awards, and, if the Settlement is granted final approval, he/she/it will be bound in all respects by the Settlement Agreement including the release of claims and by any orders and judgements of this Court relating to the Settlement.

28.        Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a request for exclusion ("Request for Exclusion"), by first-class mail postmarked no later than _____, 2021 [thirty (30) days after the Notice Date], to the Settlement Claim Administrator at the following address:

> Angeion Group
> P.O. Box 58220
> Philadelphia, PA 19102

29.        To be effective, the Request for Exclusion must:

    a)        include the Settlement Class Member's full name, address and telephone number;

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

b)     identify the model, model year and VIN of the Settlement Class Vehicle;

c)     state that he/she/they/it is a present or former owner or lessee of a Settlement Class Vehicle; and

d)     specifically and unambiguously state his/her/its desire to be excluded from the Settlement Class.

30.    Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner required in this Order: (a) shall be deemed to have waived his/her/its right to be excluded from the Settlement Class and shall be barred from requesting exclusion from the Settlement Class; and (c) if the Settlement is granted final approval, shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including without limitation, the Final Approval Order and Judgment and Release of Claims provided for therein, and shall be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Released Parties, as more fully described in the Settlement Agreement.

31.    The Settlement Claim Administrator shall report the names and addresses of all such persons and entities that submitted timely and valid Requests for Exclusion, to the Court, Class Counsel and Defense Counsel at least thirty-five (35) days prior to the Final Fairness Hearing, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Approval Order and Judgment.

32.    The Settlement Claim Administrator shall consult with Class Counsel and Defendant's Counsel in determining whether purported requests for exclusion meet the requirements herein of a valid Request for Exclusion. Any communications from Settlement Class Members (whether specifically styled as an exclusion request, an objection or a comment) as to which it is not readily apparent whether the Settlement Class Member intended to be excluded from the Settlement Class shall be evaluated jointly by Class Counsel and Defendant's Counsel, who shall make a good faith evaluation. Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class shall be submitted to the Court

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

1    for resolution.

2        33.    Pending the Court's determination of whether to grant final approval of this

3    Settlement, all proceedings in the Action, other than proceedings in connection with the process

4    of obtaining final approval and/or to carry out any applicable terms and conditions of the

5    Settlement Agreement, are hereby stayed, and all Settlement Class Members and/or their

6    representatives are hereby preliminarily enjoined from commencing, prosecuting, continuing to

7    prosecute, or participating in any action or proceeding against any of the Released Parties (as defined

8    in the Settlement Agreement), in any court, tribunal or other forum, that asserts or alleges any of the

9    matters, claims or causes of action that are to be released in the Settlement Agreement.  Pursuant to 28

10   U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary

11   and appropriate in aid of the Court's continuing jurisdiction and authority over the Action pending its

12   determination as to final approval of this Settlement.

13       34.    In the event the Settlement is not approved by the Court, or for any reason the Parties

14   fail to obtain a Final Approval Order and Judgment as contemplated in the Settlement, or the

15   Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

16

17       (a)    All orders and findings entered in connection with the Settlement shall
                become null and void and have no further force and effect, shall not be
18              used or referred to for any purposes whatsoever, and shall not be
                admissible as evidence or discoverable in this or any other proceeding,
19              judicial or otherwise;

20       (b)    All of the Parties' respective pre-Settlement claims, defenses and
                procedural rights will be preserved, and the parties will be restored to their
21              positions *status quo ante*;

22       (c)    Nothing contained in this order is, or may be construed as, any admission
23              or concession by or against Defendant, any Released Party or any Plaintiff
                on any claim, defense, or point of fact or law;
24

25       (d)    Neither the Settlement terms nor any publicly disseminated information
                regarding the Settlement, including, without limitation, the Class Notice,
26              court filings, orders and public statements, may be used as evidence in this
                or any other proceeding, judicial or otherwise;

27

28

(e)     Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence; and,

(f)     The preliminary certification of the Settlement Class and any other preliminary findings pursuant to this order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified.

35.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.


**IT IS SO ORDERED:**


Date: _____, 2021          _____

Hon. Haywood S. Gilliam, Jr
United States District Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT