| | |
|---|---|
| Daniel K. Bryson* <br> **MILBERG COLEMAN BRYSON** <br> **PHILLIPS GROSSMAN, PLLC** <br> 900 W. Morgan St. <br> Raleigh, NC 27603 <br> Tel: 919-600-5000; <br> Fax: 919-600-5035 <br> Dbryson@Milberg.com <br><br> *Attorneys for Plaintiff* | Brian T. Carr* <br> **HERZFELD & RUBIN, P.C.** <br> 125 Broad Street <br> New York, NY 10004 <br> Tel.: 212-471-8500 <br> E-mail: bcarr@herzfeld-rubin.com <br><br> *Attorneys for Defendant* <br> VOLKSWAGEN GROUP OF AMERICA, INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN CHESS, on behalf of himself and all others similarly situated <br><br> Plaintiff, <br><br> vs. <br><br> VOLKSWAGEN GROUP OF AMERICA, INC., <br><br> Defendant. | Case No. 4:17-cv-07287-HSG <br><br> **FINAL JUDGMENT** <br><br> Judge: Hon. Haywood S. Gilliam, Jr. |

On October 6, 2021, the Parties entered into an Amended Settlement Agreement ("Settlement Agreement") for a nationwide Class Settlement of this action ("Class Settlement"). This Court granted preliminary approval of the Class Settlement and the Parties' Notice Plan by Order dated November 24, 2021 (Dkt. No. 135). Thereafter, following the successful implementation of the Notice Plan, this Court, after reading and carefully considering all submissions filed by the Parties and the Settlement Administrator in connection with the Class Settlement, the two objections, the Parties' responses thereto, and having conducted an in-person final fairness hearing on August 18, 2022, issued its Order dated September 12, 2022 (Dkt. No. 150) (the "Final Approval Order").  The Final Approval Order overruled the objections, granted Final Approval of the Class Settlement pursuant to the terms and provisions of the Settlement Agreement, as fair, reasonable and adequate and comporting, in all respects, with Fed. R. Civ. P. 23, granted final certification of the Settlement Class for purposes of settlement only, granted an award of reasonable attorneys' fees and expenses to Class Counsel, and a service award to the Plaintiff John Chess, in respective amounts set forth in the Final Approval Order, and directed submission of a stipulated Judgment consistent therewith.

NOW, it is hereby ADJUDGED that:

1. The Class Settlement is hereby granted final approval in accordance with the terms and provisions of the Settlement Agreement, all of which are incorporated herein, for the reasons set forth in the Final Approval Order;

2. The Settlement Class is hereby certified for settlement purposes only;

3. All Released Claims set forth in the Settlement Agreement are hereby fully and finally released, remised, acquitted and discharged against Defendant and all Released Parties set forth in the Settlement Agreement, other than for the seven persons whose names are annexed hereto as Exhibit A as having submitted valid and timely requests for exclusion from the Class Settlement;

4. Reasonable counsel fees and expenses to Class Counsel, and the service award to Plaintiff John Chess, are hereby approved in accordance with, and in the amounts set forth in, the Final Approval Order;

5. Plaintiff and every Settlement Class Member (other than those seven specifically listed in Exhibit A hereto), and any person or entity acting or purporting to act on behalf of any said Settlement Class Member(s), is/are hereby permanently barred and enjoined from commencing, instituting, filing, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claim against Defendant and/or any of the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, the Final Approval Order, this Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments;

6. Without affecting the finality of this Judgment, this Court shall retain continuing jurisdiction over the Parties and the Settlement Class with respect to all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Class Settlement, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, and/or any other applicable law, to enforce the above-described bar to and injunction against commencing, instituting, filing, continuing, pursuing, maintaining, prosecuting, or enforcing any and all Released Claims against Defendant and/or any released Parties;

7. This action, and all claims asserted therein, are hereby dismissed with prejudice; and

8. The Court finds that no just reason exists for delay in entering this Judgment. Accordingly, the Clerk is hereby directed to enter this Judgment.

Dated: September 20, 2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge